THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| KAMIL KUKLINESKI, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES d/b/a BINANCE.US *and* JUMIO CORPORATION,<br><br>Defendants. | Civil Action No. 3:21-cv-1425 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453, Defendant BAM Trading Services Inc. ("BAM"), by and through counsel, hereby removes the above-captioned action, which is currently pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. As grounds for removal, BAM states as follows:

## BACKGROUND

1. On October 4, 2021, Plaintiff Kamil Kuklineski ("Plaintiff") filed a putative class action complaint (the "Complaint") against Binance Capital Management Co., Ltd. ("Binance"), BAM, and Jumio Corporation ("Jumio") (collectively, "Defendants") in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, captioned Kamil Kuklineski v. Binance Capital Management Co., Ltd., et al., Case No. 21L0962 (the "State Court Action").

2. On October 12, 2021, Plaintiff served BAM via its registered agent with the State Court Action summons and Complaint. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served upon BAM in the State Court Action.

3. The Complaint alleges two causes of action. First, the Complaint alleges that Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"). (Compl. ¶¶ 48-59.) Second, the Complaint alleges that Binance and BAM were unjustly enriched. (Id. ¶¶ 60-64.) Plaintiff seeks to bring both causes of action on behalf of a putative class of "[a]ll Illinois [BAM] users and account holders whose facial and biometric data were collected prior to May 25, 2021." (Id. ¶ 42.)

4. The Complaint seeks various forms of relief for Plaintiff and the putative class, including "damages to Plaintiff and the [putative class] in the maximum amount allowable under applicable law, including . . . statutory damages" and "restitution of monies [Binance and BAM] received from the sales and transfer of digital assets to Plaintiff and [the putative class]," and "attorney's fees and costs." (Compl. at 15.)

## REMOVAL IS PROPER UNDER
## 28 U.S.C. §§ 1332(d) AND 1453 (CAFA JURISDICTION)

5. This Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 under CAFA because (1) the citizenship of at least one putative class member is different from that of at least one Defendant, (2) the putative class consists of more than 100 proposed class members, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." See 28 U.SC. §§ 1332(d)(2)(A), (d)(5)(B).[1]

6. <u>Citizenship of the Parties (28 U.S.C. § 1332(d)(2)(A))</u>. Plaintiff alleges that the

---

[1] See also Dart Cherokee Basic Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (holding that removal requirements need be only plausibly alleged).

citizenship of at least one putative class member is different from that of at least one Defendant. Plaintiff alleges that he and all of the putative class members reside in Illinois. (Compl. ¶¶ 15, 42.) Plaintiff further alleges that Binance is "a foreign corporation" and a "nonresident[] of . . . Illinois" (id. ¶¶ 16, 21), BAM is "a foreign corporation headquartered in San Francisco, California [that] operates under the laws of the State of Delaware" and a "nonresident[] of . . . Illinois" (id. ¶¶ 17, 21), and Jumio is "a foreign corporation headquartered in Palo Alto, California [that] operates under the laws of the State of Delaware" and a "nonresident[] of . . . Illinois" (id. ¶¶ 18, 21).

7. Accordingly, CAFA's diversity jurisdiction requirement is satisfied because Plaintiff and the members of the putative class are citizens of Illinois and at least one Defendant is not a citizen of Illinois (and, based on Plaintiff's allegations, all Defendants are not citizens of Illinois). See 28 U.S.C. § 1332(d)(2)(A); see also, e.g., Roche v. Country Mut. Ins. Co., 2007 WL 9817985, at *2 n.1 (S.D. Ill. June 12, 2007).

8. Putative Class Size (28 U.S.C. § 1332(d)(5)(B)). The number of members of the proposed class exceeds 100.

9. The Complaint alleges that "the [putative class] is so numerous that joinder of all members is impracticable." (Compl. ¶ 43.)

10. The Complaint defines the putative class as "[a]ll Illinois [BAM] users and account holders whose facial and biometric data were collected prior to May 25, 2021." (Compl. ¶ 42.)

11. In excess of 5,000 Illinois BAM users opened BAM accounts prior to May 25, 2021.

12.     Accordingly, CAFA's numerosity requirement is satisfied because the number of putative class members exceeds 100.  See 28 U.S.C. § 1332(d)(5)(B).

13.     <u>Amount in Controversy (28 U.S.C. § 1332(d)(2))</u>.  While BAM denies that Plaintiff or the putative class is entitled to recover any amount or that certification of any class is proper, the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.  See 28 U.S.C. § 1332(d)(2).

14.     Under 28 U.S.C. §1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.  See 28 U.S.C. §1332(d).  "[A] removing party . . . only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." Roppo v. Travelers Com. Ins. Co., 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.").

15.     The Complaint seeks various forms of relief for Plaintiff and the putative class, including "damages to Plaintiff and the [putative class] in the maximum amount allowable under applicable law, including . . . statutory damages" and "restitution of monies [Binance and BAM] received from the sales and transfer of digital assets to Plaintiff and [the putative class]," and "attorney's fees and costs."  (Compl. at 15.)

16.     The affidavit of Joel Beckwith filed in the State Court Action on October 4, 2021, "certifies that the money damages sought by plaintiffs herein exceeds the sum of $50,000.00."  (Ex. A at 18.)  The Complaint does not otherwise allege specific damages amounts as to Plaintiff or putative class members.  The Complaint's allegations—taken as true solely for purposes of removal—demonstrate, however, that more than $5,000,000 is in controversy.

17. <u>First</u>, the Complaint alleges a cause of action under BIPA (Compl. ¶¶ 47-59), which provides for statutory damages of $1,000 for each negligent violation and $5,000 for each intentional or reckless violation (740 ILCS 14/20(1)–(2)).  The Complaint alleges that Defendants' supposed BIPA violations were "negligent and reckless."  (Compl. ¶ 58.)  Therefore, if Plaintiff sought only BIPA statutory damages for negligent violations, then a putative class size of 5,001 members would be large enough to satisfy the jurisdictional amount in controversy: 5,001 members x $1,000 per violation = $5,001,000.  Similarly, if Plaintiff sought only BIPA statutory damages for reckless violations, a putative class size of 1,001 members would be large enough to satisfy the jurisdictional amount in controversy: 1,001 members x $5,000 per violation = $5,005,000.  In excess of 5,000 Illinois BAM users opened BAM accounts prior to May 25, 2021.  (See <u>supra</u> ¶ 11.)  As a result, the jurisdictional amount in controversy is satisfied.  See, e.g., <u>Sabrina Roppo v. Travelers Com. Ins. Co.</u>, 869 F.3d 568, 581–82 (7th Cir. 2017) (finding the jurisdictional amount in controversy under CAFA satisfied by multiplying the putative class size by the damages sought per class member).

18. <u>Second</u>, while the jurisdictional amount in controversy is satisfied by claimed statutory damages, the Complaint also alleges an unjust enrichment claim seeking "restitution of monies [Binance and BAM] received from the sales and transfer of digital assets to Plaintiff and [the putative class]" and further seeks "attorney's fees and costs."  (Compl. at 15.)  Those allegations increase the amount in controversy.  See, e.g., <u>Webb v. FINRA</u>, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them based on contract, statute, or other legal authority." (internal quotation marks omitted)); <u>see also</u> 740 ILCS 14/20(3) (providing for the recovery of "reasonable attorneys' fees" by the prevailing party).

19. Accordingly, CAFA's jurisdictional amount in controversy is satisfied because the alleged amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

20. <u>No Exceptions to CAFA Jurisdiction Exist</u>.  Although BAM does not bear the burden of showing that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and (9) are inapplicable (see <u>Hart v. FedEx Ground Package Sys. Inc.</u>, 457 F.3d 675, 679 (7th Cir. 2006)), none applies.

21. <u>First</u>, the exceptions in 28 U.S.C. § 1332(d)(4) do not apply because no Defendant is a citizen of Illinois, the state in which the State Court Action was originally filed.  (See <u>supra</u> ¶ 6.)

22. <u>Second</u>, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply because BAM is not a State, State official, or other governmental body.

23. <u>Third</u>, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the number of putative class members is greater than 100.  (See <u>supra</u> ¶¶ 8-12.)

24. <u>Fourth</u>, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not "relate[] to the internal affairs or governance of a corporation or other form of business enterprise" or "arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized."  28 U.S.C. § 1332(d)(9).

25. <u>Jurisdiction is Mandatory</u>.  Jurisdiction is not discretionary under 28 U.S.C. §§ 1332(d)(3) because no Defendant is a citizen of Illinois, the state in which the State Court Action was originally filed.  (See <u>supra</u> ¶ 6.)

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

26. <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the

Southern District of Illinois, which is the "district court" embracing the place where the State Court Action was filed. Therefore, the State Court Action was removed to the proper court.

27. Removal is Timely. This removal is timely under 28 U.S.C. § 1446(b)(1) because BAM removed the State Court Action within 30 days of service of the Complaint on BAM on October 12, 2021. See 28 U.S.C. § 1446(b)(1).

28. Signature. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. See 28 U.S.C. § 1446(a).

29. Consent. Pursuant to 28 U.S.C. § 1453(b), the State Court Action may be removed under CAFA without the consent of all Defendants. First Bank v. DJL Props., LLC, 598 F.3d 915, 917 (7th Cir. 2010) (pursuant to § 1453(b), "a single defendant's preference for a federal forum prevails").

30. Pleadings and Process. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served on BAM in the State Court Action. See 28 U.S.C. § 1446(a).

31. Notice to Adverse Parties and State Court. BAM will give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, promptly after the filing of this Notice of Removal. See 28 U.S.C. § 1446(d).

32. Filing Fee. BAM has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice of Removal.

## CONCLUSION

33. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

34. In the event that Plaintiff seeks to remand this case, or this Court considers remand sua sponte, BAM respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

35. BAM does not waive any claims or defenses. BAM also does not concede, in any way, that the allegations in the Complaint are accurate, that BAM committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

**WHEREFORE, this action should proceed in the United States District Court for the Southern District of Illinois as an action properly removed thereto.**

Dated: November 12, 2021

Respectfully submitted,

GOODWIN PROCTER LLP

/s/ *Daniel Roeser*
Daniel Roeser
(*pro hac vice application forthcoming*)
*droeser@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813-8800
Fax: +1 212 355-3333

Ezekiel L. Hill
(*pro hac vice application forthcoming*)
*ehill@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Tel.: + 1 202 346-4000
Fax: + 1 202 346-4444

*Attorneys for Defendant BAM Trading Services Inc.*

## CERTIFICATE OF SERVICE

I, Daniel Roeser, an attorney, hereby certify that, on November 12, 2021, I caused a true and complete copy of the foregoing to be electronically filed via the Court's ECF system and served on the following counsel of record via Electronic Mail:

Joel D. Beckwith
jbeckwith@freeark.com
FREEARK, DENNIS, MURPHY & MOSKOP, P.C.
115 W. Washington Street
P.O. Box 546
Belleville, Illinois 62222-0546
Tel.: 618-233-2686
Fax:  618-233-5677

*Attorneys for Plaintiff*

                                          /s/ *Daniel Roeser*
                                          DANIEL ROESER