# EXHIBIT A

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number __19L0962__

Amount Claimed __Excess of $50,000__

KAMIL KUKLINESKI,

individually and on behalf of all others

similarly situated,

Plaintiff(s)

VS

BINANCE CAPITAL MANAGEMEN
CO., LTD. d/b/a BINANCE, BAM
TRADING SERVICES d/b/a
BINANCE.US and JUMIO
CORPORATION,

Defendant(s)

Classification Prefix __L__ Code __01__

Nature of Action __Tort & Money Damages__ Code __2__

Plf. Atty. __Joel D. Beckwith__ Code ___
Address __115 W. Washington Street P.O. Box 546__
City __Belleville__ Phone __233-2686__
Add. Plf. Atty. _____ Code ___

TO THE SHERIFF: SERVE THIS DEFENDANT AT
NAME __BAM TRADING SERVICES d/b/a__
__BINANCE.US__
ADDRESS __330 N Brand Blvd Ste 700__

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE __Glendale, CA 91203__

[ ] A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

[✓] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

10/5/2021

WITNESS, _____ 20___

_____
Clerk of Court
Elysia Agne

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

EXHIBIT A

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

### (b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

### (c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . $_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Ashley Doughty
21L0962
St. Clair County
10/4/2021 4:07 PM
15071390

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KAMIL KUKLINESKI, individually and )
on behalf of all others similarly situated, )
                                      )
      Plaintiff,                     )
                                      )
v.                                   )    Case No.: 21L0962
                                      )
BINANCE CAPITAL MANAGEMENT )
CO., LTD. d/b/a BINANCE, BAM )
TRADING SERVICES d/b/a )
BINANCE.US and JUMIO )
CORPORATION,             )    JURY TRIAL DEMANDED
                                      )
      Defendants.              )

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff KAMIL KUKLINESKI, individually and on behalf of all others similarly situated, by and through his attorneys, FREEARK, DENNIS, MURPHY & MOSKOP, P.C. and upon personal knowledge as to facts known to Plaintiff and otherwise upon information and belief following investigation of counsel, alleges as follows against Defendants BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES d/b/a BINANCE.US and JUMIO CORPORATION:

## INTRODUCTION

1. Binance is a digital asset marketplace or cryptocurrency exchange which allows account holders using the company's platform to purchase over 500 different types of cryptocurrency. Binance was founded in 2017 by Changpeng Zhao. Binance is currently considered to be the world's largest cryptocurrency exchange by volume.

2. On or about June 2019, and due to increasing U.S. regulatory requirements, Binance began ending trade for U.S. customers. On June 13, 2019,

EXHIBIT A

Binance announced a partnership with BAM Trading Services, Inc. to launch trading services for users within the United States.

3.     Together Binance and BAM Trading Services, Inc. launched "Binance.US" for U.S. citizens in September 2019. Leaked documents reported by news outlets have since suggested that the formulation of Binance.US was an attempt by Changpeng Zhao and Binance to avoid U.S. regulations.[1] It has also been reported that Changpeng Zhao owns nearly 90% of Binance.US.[2]

4.     BAM Trading Services (hereafter "Binance.US") is a digital asset marketplace or cryptocurrency exchange which allows Illinois account holders using the company's platform to purchase various cryptocurrencies including, but not limited to, Bitcoin, Ethereum, Dogecoin, Chainlink, Cardano and others.

5.     Binance.US collects fees and earns revenue for the purchase and sale of these aforementioned "digital assets" among its account holders.

6.     In order to commence trading on the Binance.US exchange a user will typically download the application or "app" via Apple's App Store for iOS/iPadOS devices or via Google Play for Android based devices. Users may also simply visit the Binance.US website to sign up with a desktop computer or PC.

---

[1] Michael del Castillo, *Leaked 'Tai Chi' Document Reveals Binance's Elaborate Scheme to Evade Bitcoin Regulators,* FORBES (October 29, 2020), https://www.forbes.com/sites/michaeldelcastillo/2020/10/29/leaked-tai-chi-document-reveals-binances-elaborate-scheme-to-evade-bitcoin-regulators/?sh=28e9aed22a92 (last visited October 1, 2021).

[2] Emily Flitter, *The World's Biggest Crypto Exchange Still Lacks U.S. Footing*, THE NEW YORK TIMES (August 19, 2021), https://www.nytimes.com/2021/08/19/business/binance-cryptocurrency-exchange-ipo.html (last visited October 1, 2021).

EXHIBIT A

7.    Once the Binance.US app is downloaded or the website is visited, users must then create an account. To create an account, a user must first input personal and private information about their identity.  Private information which is requested by Binance.US will typically include items such as the user's full name, address, social security number and birthdate. Only after the user's private information is submitted and the user's identity verified, will an account be created which allows the user to trade and purchase on the Binance.US exchange.

8.    As part of its personal identity verification process the Binance.US website and mobile applications utilized the Jumio Corporation's (hereafter "Jumio") identity automation process. This process required in part, the taking of images of a user's driver's license or other state and federal photo identification and a "selfie" of the user to capture, analyze and compare biometric data of the user's facial features.

9.    The purpose of the identity verification process is to avoid fraudulent activity or unauthorized users from accessing the Binance.US exchange.

10.    The collection and processing of a user's biometric data without proper notice and consent as required by the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 et seq. is unlawful.

11.    Except for surgery, there is no way to reassign someone's personal biometric data. A person can obtain a new social security number, but not new facial features for example, which makes the protection of, and control over, biometric data particularly important. This is especially true considering there is an increasing trend in the use of biometric information to obtain goods and services.

EXHIBIT A

12.     The State of Illinois takes the privacy of biometric data seriously. Illinois law requires companies such as Binance.US and Jumio to obtain written consent to collect and store biometric identifiers, such as the mapping of an individual's facial features, and the biometric information derived from it. Specifically, when these identifiers include a "scan of hand or face geometry." 740 ILCS 14/10.

13.     Illinois law requires Binance.US and Jumio to 1) inform users that a biometric identifier or biometric information is being collected or stored, 2) informs them of the specific purpose and length or term for which a biometric identifier or information is being collected, stored and used, and 3) receives a written release executed by the user or subject of the biometric identifier or information.

14.     Binance.US and Jumio obtained biometric identifiers and information from users of its exchange, including facial geometry data, without first notifying them, without disclosing the length for collection, storage and use of this information and without obtaining proper written consent.

EXHIBIT A

## PARTIES, JURISDICTION AND VENUE

15.   Plaintiff Kamil Kuklineski resides in Cook County, Illinois.

16.   Binance is a foreign corporation which was initially founded in China in 2017, but later the company headquarters were moved to Japan. Due to the increasing regulations in Japan, Binance again relocated the company to Malta. However, Binance CEO Changpeng Zhao has publicly denied that Binance has a headquarters in Malta or the Cayman Islands and that the Binance company operates in a "decentralized manner."[3] Despite these claims, and on information and belief, Binance conducts business operations under Binance Capital Management Co., Ltd. which is a registered entity in the British Virgin Islands.

17.   BAM Trading Services, Inc. d/b/a Binance.US is a foreign corporation headquartered in San Francisco, California and operates under the laws of the State of Delaware. The Binance.US online and/or mobile application is used to create an account for Illinois residents to trade digital assets on the Binance.US exchange. Binance.US claims that it is "powered by matching engine and wallet technologies licensed from the world's largest cryptocurrency exchange, Binance." The Binance.US application and website prompted users and potential users to input personal information into the application for purposes of identity verification.

18.   Jumio Corporation is a foreign corporation headquartered in Palo Alto, California and operates under the laws of the State of Delaware. The capture process for biometric identifiers and information integrated within the Binance.US application

---

[3] Samuel Haig, *Malta Regulator Clarifies Legal Status of Binance*, COIN TELEGRAPH (February 28, 2020), https://cointelegraph.com/news/malta-regulator-clarifies-legal-status-of-binance, (last visited September 23, 2021).

EXHIBIT A

utilized technology which was leased, owned, issued, created or otherwise implemented

by Jumio Corporation which is the subject of this lawsuit. The Binance.US application

and/or website displayed "Powered by Jumio" during the identity verification process.

19.    Each defendant acted as an aider, abettor and co-conspirator of the other

defendant, or is obligated by law to be financially responsible for such conduct. In

engaging in the conduct alleged herein, each defendant acted as the agent, employee,

representative, partner or joint venture of the other defendant in the commission of the

acts alleged herein, and acted within the course and scope of its duty as such agent,

employee, representative, partner or joint venturer. The acts of each defendant were

authorized or ratified by each other defendant, and together constitute a single and

continuing course of conduct.

20.    Defendants have transacted business related to the matters complained of

herein and have made or performed related contracts substantially connected with the

State of Illinois.

21.    Per 735 ILCS 5/2-101, all defendants are nonresidents of the State of

Illinois therefore an action may be commenced in any county.

## FACTUAL ALLEGATIONS

22.    Since at least 2018, Binance has worked in conjunction or partnered with

Jumio Corporation to verify the identities of users on its exchange using "Liveness

Detection for Web" and other methods.

23.    Jumio also partnered with Binance.US and integrated their technology

within the Binance.US mobile application. When creating a new account, users of the

application would be prompted to take a photograph of their state or federal

EXHIBIT A

identification card followed by an additional prompt to take a unique type of "selfie" using the camera of their mobile, cellular or desktop device. This "selfie" would then be used to collect certain biometric identifiers and geometry of the user's facial features.

24.     The plaintiff Kamil Kuklineski (hereafter Kamil) and other Illinois users and account holders with Binance.US had their biometric data collected, recorded and stored to confirm their identities in order to trade on the cryptocurrency exchange.

25.     On or about March 15, 2021, Kamil downloaded the Binance.US iPhone application and created an account.

26.     During the account creation process, Kamil entered his personal information including his name, birthdate and home address.

27.     During the account creation process, Kamil and other Class members were prompted to review and accept a "Self-Directed Custodial Account Agreement" for an entity known as Prime Trust, LLC which had no reference to the collection of any biometric data.

28.     Kamil and other Class members were next prompted to take photographs of their driver's licenses. The text on the camera screen within the Binance.US application read "Scan Document," "Powered by Jumio," "Scan identity Card Front," and "Scan identity Card Back." Kamil and other Class members then submitted photographs of their driver's licenses.

29.     After submitting photographs of their driver's licenses Kamil and other Class members were prompted to take photographs of their face. The text prompts on the camera screen within the Binance.US application stated "Capture your face" and "Center your face in the frame and follow the on-screen instructions." Once a user's

EXHIBIT A

face was close enough and positioned correctly within a provided oval shape, the screen would flash and the text would state "Scanning completed."

30. The following screen briefly stated "Analyzing biometric data," "Uploading your documents" and "This should only take a couple of seconds, depending on your network connectivity."

31. During the account creation process Kamil was not given advanced notice that the images being taken with his iPhone would be used to capture and store his personal biometric data including facial geometry.

32. Prior to providing his facial images, Kamil was not informed in writing that his biometric data would be collected, or the specific purpose and length of time for which his biometric data was being collected, stored and used.

33. Kamil did not sign a written release, implied or otherwise, regarding the collection of his biometric information.

34. On or about May 25, 2021, the Binance.US Android and iOS/iPadOS applications were updated to version 2.4.5. These versions of the application included the following notification prior to activating the desktop or mobile camera device:

**By clicking "Continue" you consent to Jumio
collecting and disclosing your biometric data
pursuant to its <u>Privacy Policy</u>**

35. Prior versions of the Binance.US software or applications did not contain the aforementioned warning to prospective users and account holders.

36. The singular reference made to Jumio during the account creation and identity verification process was a phrase on the camera screen, written in small transparent font, which ambiguously stated "Powered by Jumio."

37.    Kamil, and other Illinois Binance.US users and account holders were not only made oblivious to the fact that biometric data was being collected and stored, but that Jumio was, in fact, a company that collected biometric data.

38.    Binance.US maintains a Terms of Use document on their website with a last known update of April 26, 2021. This Terms of Use document makes no mention of the collection of biometric data by its application or website.

39.    Binance.US maintains a Privacy Policy on their website with a last known update of July 7, 2021. This Privacy Policy also makes no mention of the collection of biometric data by its application or website.

40.    Binance, with assistance and control from or as an alter ego of Binance.US, was the entity that directly collected Kamil's and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of this biometric data.

41.    Binance maintains a Privacy Policy on their website with a last known update of December 4, 2020. This Privacy Policy makes only a one sentence reference to biometric data and fails to disclose the purpose or length of term for which the data is being collected, stored, and used.

## CLASS ALLEGATIONS

42.    Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and the following Illinois class:

> All Illinois Binance.US users and account holders whose facial and biometric data were collected prior to May 25, 2021.

EXHIBIT A

To be expressly excluded from the Class, by request or notice, are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action.[4]

43. The Class is so numerous that joinder of all members is impracticable.

44. Questions of fact or law are common to the Class, predominate over any questions affecting only individual members, and frame issues for class-wide adjudication, including, by way of example, as follows:

   a) Did Defendants have a practice of collecting or capturing Class members' biometric identifiers or information?

   b) Did Defendants provide notice to users of its application and website that biometric identifiers or information was being collected?

   c) Did Defendants provide notice to users of its application and website regarding the specific purpose for which biometric identifiers or information was being collected?

   d) Did Defendants provide users of its application and website for what length of time their biometric identifier or information would be kept and stored?

   e) Did Defendants receive a valid written release from users of the Binance.US application and website prior to obtaining any biometric identifiers or information?

---

[4] Plaintiff reserves the right to amend the class definition or allege subclasses.

f)   Did Defendants share or distribute users' biometric data among themselves or other parties?

g)   Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(a)?

h)   Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)1?

i)   Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)2?

j)   Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)3?

k)   Have Defendants been unjustly enriched by their conduct?

45.   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to said Class members.

46.   A class action provides a manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration and many members of the Class cannot feasibly vindicate their rights by individual suit because the monetary value of their recoveries are outweighed by the burden and expense of litigating against corporate Defendants.

## CAUSES OF ACTION

47.   The facts and following causes are pleaded individually and on behalf of others similarly situated, and in the alternative to the extent permitted or required by applicable law.

EXHIBIT A

**COUNT I**

**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
**(Damages)**
**(All Defendants)**

48.     Plaintiff repeats and re-alleges the preceding paragraphs 1-47 as though fully set forth herein.

49.     The Illinois Biometric Information Privacy Act is a remedial statute designed to protect consumer privacy by requiring consent and disclosures associated with the handling of biometric identifiers and information, and particularly in the context of an individual's facial geometry. 740 ILCS § 14/5(g), 14/10.

50.     Codified in the statute is the Illinois Legislature's recognition of the importance of the public policy underpinning its enactment. E.g., 740 ILCS § 14/5(a), (c), (g).

51.     Defendants' acts and omissions, at relevant times, have occurred in the course of trade or commerce in the State of Illinois. Defendants are or have been a "private entity" in possession of Kamil's and other Class members' biometric identifiers and information, and they collected and captured the biometric identifiers and information within the meaning of the Act as set forth more fully above.

52.     As more fully set forth above, at relevant times Defendants recorded, collected, and stored Kamil's and other Class members' "biometric information", based on "biometric identifiers" used to identify them, through the use of facial scanning and mapping and as defined by the Illinois Biometric Information Privacy Act.

53.     Section 14/15(a) of the Illinois Biometric Information Privacy Act states:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public,

EXHIBIT A

establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

54.   In violation of Section 14/15(a), Defendants failed to create a sufficient biometric data privacy policy and/or failed to identify its location to provide notice to users of their software and website prior to the collecting of the biometric data, verifying the identification of the user, and prior to the creation of the users' accounts.

55.   Section 14/15(b) of the Illinois Biometric Information Privacy Act states:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

56.   In violation of Section 14/15(b), Defendants have collected, captured, stored or obtained Kamil's and other Class members' biometric identifiers and biometric information, without:

    i.   informing Plaintiff and the Class in writing that the biometric identifiers or biometric information were being collected or stored;

    ii.   informing Plaintiff and the Class in writing of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used;

EXHIBIT A

iii. receiving a written release executed by Plaintiff and the Class.

57. Defendants scanned the facial geometry and facial biometric identifiers of Kamil and other Class members, and knowingly caused their biometric identifiers and information to be collected and stored, without first obtaining the required written consent, without making the required written disclosures, and without revealing or identifying a required policy that explains, for example, a retention schedule and provides guidelines for permanently destroying biometric identifiers and information.

58. Defendants' conduct is negligent and reckless.

59. Defendants' conduct violated Plaintiff and the Class's rights under the Biometric Information Privacy Act, and they are entitled to the maximum applicable statutory damages provided under the Biometric Information Privacy Act.

**COUNT II**

**UNJUST ENRICHMENT**
**(Binance and Binance.US)**

60. Plaintiff repeats and re-alleges the preceding allegations made in paragraphs 1-59 as though fully set forth herein.

61. Defendants Binance and Binance.US received monetary gain via payment of fees from its users and account holders for the purchase and transfer of digital assets and cryptocurrency.

62. Plaintiffs and Class members, to their detriment, have conferred benefits on Defendants Binance and Binance.US by creating accounts and using their software and exchange platform for purchases relating to digital assets.

63. Defendants' retention of fees from sales and transfers to and for Plaintiff and the Class violates fundamental principles of justice, equity, and good conscience.

EXHIBIT A

64.   Accordingly, Plaintiff and the Class seek restitution of monies that Defendants Binance and Binance.US received from such purchases and transfers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a)  Certify the Class, and designate Plaintiff as Class Representative and his counsel as Class counsel;

b)  Find that Defendants have violated applicable law as set forth above;

c)  Award damages to Plaintiff and the Class in the maximum amount allowable under applicable law, including without limitation statutory damages;

d)  Award restitution of monies Defendants Binance and Binance.US received from the sales and transfer of digital assets to Plaintiff and Class.

e)  Award reasonable attorney's fees and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY**

FREEARK, DENNIS, MURPHY & MOSKOP, P.C.

BY:

JOEL D. BECKWITH   #6315207
115 W. Washington Street, P.O. Box 546
Belleville, IL 62222-0546
618-233-2686 – 618-233-5677 (fax)
jbeckwith@freeark.com
ATTORNEY FOR PLAINTIFF

Page **15 of 15**

EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Ashley Doughty
21L0962
St. Clair County
10/4/2021 4:07 PM
15071390

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KAMIL KUKLINESKI, individually and )
on behalf of all others similarly situated, )
) 
Plaintiffs, )
)
v. )          Case No. 21-L-0962
)
BINANCE CAPITAL MANAGEMENT )
CO., LTD. d/b/a BINANCE, BAM )
Trading Services d/b/a )
BINANCE.US and )
JUMIO CORPORATION, )
)
Defendants. )

## AFFIDAVIT

This Affidavit is made pursuant to Supreme Court Rule 222(b).  Under the

penalties of perjury as provided in Section 1-109 of the Code of Civil Procedure, the

undersigned certifies that the money damages sought by plaintiffs herein exceeds the

sum of $50,000.00.

FREEARK, DENNIS, MURPHY & MOSKOP, P.C.


BY:   /s/Joel D. Beckwith
        JOEL D. BECKWITH, #6315207
        115 West Washington Street
        P.O. Box 546
        Belleville, Illinois 62222
        618-233-2686
        618-233-5677 Fax
        jbeckwith@freeark.com
        ATTORNEY FOR PLAINTIFFS


EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Ashley Doughty
21L0962
St. Clair County
10/4/2021 4:07 PM
15071390

IN THE CIRCUIT COUR
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KAMIL KUKLINESKI, individually and )
on behalf of all others similarly situated, )
                            )
     Plaintiff,                  )
                            )
v.                               )     Case No. 21L0962
                            )
BINANCE CAPITAL MANAGEMENT )
CO., LTD. d/b/a BINANCE, BAM )
TRADING SERVICES d/b/a )
BINANCE.US and JUMIO )
CORPORATION,             )     JURY TRIAL DEMANDED
                            )
     Defendants.               )

## MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff KAMIL KUKLINESKI, individually and on behalf of all others similarly situated, by and through his attorneys, FREEARK, DENNIS, MURPHY & MOSKOP, P.C. and respectfully requests that the Court certify the following Class of persons pursuant to 735 ILCS 5/2-801 and 735 ILCS 5/2-802: All Illinois Binance.US users and account holders whose facial and biometric data were collected prior to May 25, 2021 by Defendants BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES d/b/a BINANCE.US and JUMIO CORPORATION. To be excluded from the Class, by request or notice, are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action. In support, Plaintiff states as follows:

## INTRODUCTION

1.     The Class is so numerous that joinder of all members is impracticable.

EXHIBIT A

2.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members of the Class, including, without limitation, as follows:

a)     Did defendants have a practice of collecting or capturing Class members' biometric identifiers or information?

b)     Did defendants provide notice to users of its application and website that biometric identifiers or information was being collected?

c)     Did defendants provide notice to users of its application and website regarding the specific purpose for which biometric identifiers or information was being collected?

d)     Did defendants provide users of its application and website for what length of time their biometric identifier or information would be kept and stored?

e)     Did defendants receive a valid written release from users of its application and website prior to obtaining any biometric identifiers or information?

f)     Did Defendants share or distribute users' biometric data among themselves or other parties?

g)     Did defendants conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(a)?

h)     Did defendants conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)1?

**Page 2 of 4**

EXHIBIT A

i)  Did defendants conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)2?

j)  Did defendants conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)3?

k)  Have Defendants been unjustly enriched by their conduct?

3.  Defendants' conduct is generally applicable to the Class, as their procedures for collecting biometric data are uniform.

4.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of the Class members.

5.  The class action is an appropriate method for the fair and efficient adjudication of the controversy. Joinder of all Class members is impracticable; prosecution of individual actions risks inconsistent adjudications of the same matter; and many Class members cannot feasibly vindicate their rights by individual suits because their damages are outweighed by the burden and expense of litigating individual actions against Defendants.

6.  Plaintiff's claim is typical of the claims of other members of the Class, as the claims revolve around Defendants' conduct, and Plaintiff has been damaged just as other members of the class are.

7.  Plaintiff intends to submit a memorandum in support of class certification. Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising Plaintiff's cause of action, Plaintiff reserves the right to submit his supporting memorandum following discovery, and said class definition is subject to change accordingly.

Page **3** of **4**

EXHIBIT A

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant his Motion for Class Certification, certify the proposed Class, and appoint Plaintiff's counsel as class counsel, but that the Court enter and continue the Motion generally, at this time, in light of the status of this case, and provide for such other and further relief it deems just.

FREEARK, DENNIS, MURPHY & MOSKOP, P.C.

BY:     /s/ Joel D. Beckwith
        JOEL D. BECKWITH    #6315207
        115 W. Washington Street, P.O. Box 546
        Belleville, IL 62222-0546
        618-233-2686 – 618-233-5677 (fax)
        jbeckwith@freeark.com
        ATTORNEY FOR PLAINTIFF

EXHIBIT A