### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAMIL KUKLINESKI,<br><br>        Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US, *and* JUMIO CORPORATION,<br><br>        Defendants. | Case No. 3:21-cv-01425-SPM<br><br>Hon. Stephen P. McGlynn |

### BINANCE CAPITAL MANAGEMENT CO., LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Alexander H. Southwell
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jkahn@rshc-law.com

*Counsel for Defendant Binance CapitalManagement Co., Ltd.*

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................... 1

BACKGROUND...................................................................................................................... 2

    I.     The Parties ...................................................................................................... 2

    II.    Plaintiff's Allegations ................................................................................... 3

ARGUMENT .......................................................................................................................... 5

    I.     The Complaint Must Be Dismissed Because This Court Lacks Personal
         Jurisdiction Over BCM. ................................................................................ 5

         A.     This Court Does Not Have General Personal Jurisdiction Over BCM. .......... 6

         B.     This Court Does Not Have Specific Personal Jurisdiction Over BCM........... 7

         C.     Plaintiff May Not Manufacture Jurisdiction With Unsupported
               Allegations of Conspiracy, Agency, or Alter Ego. ........................................ 8

    II.    Alternatively, the Court Should Dismiss the Complaint Because It Does Not
         Adequately Plead Any Claims Against BCM. ......................................... 12

CONCLUSION ....................................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................13

*Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*,
  90 N.E.3d 440 (Ill. 2017) ...............................................................................5, 6, 8

*Bank of Am., NA v. Knight*,
  725 F.3d 815 (7th Cir. 2013)............................................................................13, 14

*Bittman v. Fox*,
  2015 WL 5612061 (N.D. Ill. Sept. 23, 2015).......................................................10

*Cebulske v. Johnson & Johnson*,
  No. 14–cv–627–DRH–SCW, 2015 WL 1403148 (S.D. Ill. Mar. 25, 2015) ..............11

*Cleary v. Philip Morris Inc.*,
  656 F.3d 511 (7th Cir. 2011)................................................................................15

*Connick v. Suzuki Motor Co.*,
  675 N.E.2d 584 (Ill. 1996) ...................................................................................14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...............................................................................................6

*In re Dental Supplies Antitrust Litig.*,
  2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017).......................................................11

*Eilenfeldt v. United CUSD #304 Bd. of Educ.*,
  2013 WL 12248080 (C.D. Ill. Mar. 25, 2013) .......................................................13

*Heartland Barge Mgmt., LLC v. Precon Marine, Inc.*,
  No. 20-CV-573-SPM, 2020 WL 6544775 (S.D. Ill. Nov. 6, 2020) .......................5, 11

*In re Honey Transshipping Litig.*,
  87 F. Supp. 3d 855 (N.D. Ill. 2015) .......................................................................9

*Khan v. Gramercy Advisors, LLC*,
  61 N.E.3d 107 (Ill. Ct. App. 2016).......................................................................12

*Landau v. CNA Fin. Corp.*,
  886 N.E.2d 405 (Ill. Ct. App. 2008)......................................................................15

*Lexington Ins. Co. v. Hotai Ins. Co.*,
  938 F.3d 874 (7th Cir. 2019)..................................................................................7

*Madison Miracle Prods., LLC v. MGM Distrb. Co.*,
    978 N.E.2d 654 (Ill. Ct. App. 2012)........................................................10

*McGoveran v. Amazon Web Servs., Inc.*,
    488 F. Supp. 3d 714 (S.D. Ill. 2020) .......................................................7

*McGoveran v. Amazon Web Servs., Inc.*,
    2021 WL 4502089 (D. Del. Sept. 30, 2021) ............................................15

*Mohammed v. Uber Techs., Inc.*,
    237 F. Supp. 3d 719 (N.D. Ill. 2017) .......................................................8

*Old Orchard Urban Ltd. P'Ship v. Harry Rosen, Inc.*,
    904 N.E.2d 1050 (Ill. Ct. App. 2009).....................................................9, 10

*Page v. Democratic Nat'l Comm.*,
    2020 WL 8125551 (N.D. Ill. Aug. 17, 2020) ..........................................11

*Patel v. Fendler*,
    No. 15-cv-0366-MJR-SCW, 2016 WL 336017 (S.D. Ill. Jan. 28, 2016) ....................13

*Pena v. Gray Line Corp.*,
    2018 WL 2388411 (N.D. Ill. May 25, 2018) ..........................................10

*Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*,
    128 F. Supp. 2d 1143 (N.D. Ill. 2001) .......................................................9

*Ploense v. Electrolux Home Prods., Inc.*,
    882 N.E.2d 653 (Ill. Ct. App. 2007).....................................................10, 11

*Real Colors, Inc. v. Patel*,
    974 F. Supp. 645 (N.D. Ill. 1997) .......................................................9

*Rios v. Bayer Corp.*,
    --- N.E.3d ---, 2020 WL 2963318 (Ill. 2020) ..........................................5, 7

*Ritchie Capital Mgmt. LLC v. Costco Wholesale Corp.*,
    2018 WL 1565593 (N.D. Ill. Mar. 30, 2018) ..........................................11

*Rivera v. Google Inc.*,
    238 F. Supp. 3d 1088 (N.D. Ill. 2017) .......................................................14

*Shanahan v. Nat'l Auto Prot. Corp.*,
    2020 WL 3058088 (N.D. Ill. June 9, 2020) ..........................................10, 14

*Smith v. Jefferson Cnty. Bd. of Educ.*,
    378 F. App'x 582 (7th Cir. 2010) ..........................................11

*Stone v. Corrigan Bros., Inc.*,
  No. 20-cv-261-SPM, 2020 WL 6889249 (S.D. Ill. Nov. 24, 2020)................................5

*Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*,
  571 F. Supp. 2d 882 (N.D. Ill. 2008) ........................................................................14

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..................................................................................................11

*Wiggen v. Wiggen*,
  954 N.E.2d 432 (Ill. Ct. App. 2011)........................................................................5, 6

**STATUTES**

735 ILCS 5/2-209 ...........................................................................................................5

## INTRODUCTION

Plaintiff seeks to hale into this Court a foreign investment holding company, Binance Capital Management ("BCM"), with no connection to Illinois or the alleged privacy violations at issue, and to subject that foreign entity to a putative class action. He cannot do so. Plaintiff contends that when he downloaded the BAM Trading Services, Inc. ("Binance.US") application—which is entirely unrelated to BCM—he provided biometric data without giving written consent or being provided information purportedly required under Illinois' Biometric Information Privacy Act ("BIPA"). The Complaint does not allege, and Plaintiff cannot contend in good faith, that BCM—which also does not operate in or have any connections to Illinois—played any role in the alleged statutory violations. Instead, Plaintiff avers that BCM was supposedly involved with Binance.US as a "co-conspirator," "agent," or "alter ego." But Plaintiff does not, and cannot, plead facts to support any of those theories.

This Court does not need to reach the merits of the nearly nonexistent allegations against BCM, because there is no basis for asserting personal jurisdiction over it. As the Complaint acknowledges, BCM is incorporated in the British Virgin Islands. It lacks *any* contacts with Illinois, let alone sufficient minimum contacts, that would authorize the exercise of personal jurisdiction. It does no business in Illinois. It owns no property in Illinois. It maintains no agent for service of process in Illinois. It maintains no bank accounts, offices, post office boxes, telephone numbers, or other business facilities in Illinois. It seeks no revenue here. Forcing BCM to litigate in Illinois plainly would violate BCM's constitutional rights.

Given the complete absence of any nexus between BCM and Illinois, it comes as no surprise that Plaintiff does not allege any facts to support personal jurisdiction. Instead, Plaintiff tenuously alleges that BCM and Binance.US are co-conspirators and agents of one another, and that BCM is an alter ego of Binance.US. But Plaintiff's assertion of jurisdiction on these various bases is vague, conclusory, and unsupported by the facts. These theories therefore provide no alternative basis for

asserting jurisdiction here.  If this Court were to hold otherwise, it would be overruling decades of Supreme Court jurisprudence foreclosing personal jurisdiction in these circumstances.  If proclaiming in rote fashion that there is a conspiracy, that one defendant is an agent of another, or that one defendant is the alter ego of another were sufficient to establish jurisdiction, foreign defendants would lose all due-process protections guaranteed to them under the U.S. Constitution and could theoretically be haled into court in any state.

Moreover, although this Court need not reach the merits, given the Complaint's singular focus on the interactions between Plaintiff and the Binance.US platform, Plaintiff has also (unsurprisingly) failed to plead any legally cognizable claims against BCM.  Even if that were not the case, the Illinois BIPA does not apply extraterritorially, so the BIPA claim must be dismissed on that basis as well.  And Plaintiff's tacked-on "unjust enrichment" claim fails for the added reason that Plaintiff has not alleged that Binance.US's supposed lack of disclosures or failure to obtain written consent was detrimental to him or would have altered his behavior.

With respect to BCM, Plaintiff's allegations are insufficient to show personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the Complaint alternatively fails to state a claim under Rule 12(b)(6).  The Complaint therefore must be dismissed as to BCM, with prejudice.

## BACKGROUND

### I.  The Parties

**Binance Capital Management Co., Ltd.** was founded in 2019 and organized under the laws of the British Virgin Islands.  Declaration of Samantha Chan ("Chan Decl.") ¶ 2; Compl. ¶ 16.  BCM is an investment holding company.  Chan Decl. ¶ 3.

As the Complaint alleges, BCM is a "foreign corporation."  Compl. ¶ 16.  BCM does not engage in any business at all in Illinois.  Chan Decl. ¶ 5.  BCM is not registered to do business in Illinois, and its principal place of business is not in Illinois.  *Id.* ¶¶ 5–6.  BCM maintains (1) no office

or mailing address in Illinois, (2) no books or records in Illinois, and (3) no agent for service of process in Illinois.  *Id.* ¶¶ 6, 9, 10, 12.  And BCM is not the parent company of any subsidiary in Illinois.  *Id.* ¶ 8.

**Other Entity Defendants.**  In addition to BCM, the Complaint names Binance.US, alleging it is a Delaware corporation headquartered in California.  Compl. ¶ 17.  Binance.US is a cryptocurrency exchange available to users in the United States via website or mobile app.  *Id.* ¶ 4. Although the Complaint at times erroneously lumps BCM and Binance.US together, *see id.* ¶¶ 6, 10– 14, BCM and Binance.US are separate and distinct legal entities, Chan Decl. ¶ 19, that are represented by separate counsel in this action.  Binance.US is neither a parent nor a subsidiary of BCM.  *Id.* ¶¶ 17–18.

The Complaint also names Jumio Corporation, a Delaware corporation headquartered in California, as a defendant.  Compl. ¶ 18.  It alleges that Jumio created the "capture process for biometric identifiers" used by Binance.US.  *Id.*

## II.    Plaintiff's Allegations

Plaintiff filed this putative class action on October 4, 2021, alleging that (1) all three defendants violated the Illinois BIPA and (2) BCM and Binance.US were unjustly enriched.  Compl. ¶¶ 48–64.

The Complaint alleges that in order to use "the Binance.US app" users must create an account. Compl. ¶ 7.  In order to do so, "the Binance.US website and mobile applications" require potential users to undergo a "personal identity verification process," which asks users to take a "selfie" in order "to capture, analyze and compare biometric data of the user's facial features."  *Id.* ¶¶ 8, 23.  The purpose of this identity verification process is to avoid fraudulent or unauthorized users from accessing the Binance.US exchange.  *Id.* ¶ 9.  The Complaint alleges that "Binance.US and Jumio obtained biometric identifiers and information from users of its exchange, including facial geometry

data, without first notifying them, without disclosing the length for collection, storage and use of this information and without obtaining proper written consent." *Id.* ¶ 14.

On March 15, 2021, Plaintiff allegedly downloaded the Binance.US iPhone application. Compl. ¶ 25. When he created his account, Plaintiff reviewed and accepted a "Self-Directed Custodial Account Agreement," which the Complaint alleges did not reference the collection of biometric data. *Id.* ¶ 27. In addition, Plaintiff was allegedly prompted to take a photograph of his face using a camera screen "within the Binance.US application." *Id.* ¶ 29. The Complaint alleges that Plaintiff was not given advanced notice that the images would be used to capture his personal biometric data and that Plaintiff was not informed that his biometric data would be collected, for what purpose it would be used, or for how long it would be stored. *Id.* ¶¶ 31–33. The Complaint further alleges that on May 25, 2021, the Binance.US Android and iOS applications were updated to include a notification asking users to consent to the collection of biometric data. *Id.* ¶¶ 34–35; *see also id.* ¶ 38 (alleging that neither Binance.US's "Terms of Use" nor "Privacy Policy" speaks to the collection of biometric data).

The Complaint includes scarcely any allegations directed at BCM. It baldly alleges that BCM "with assistance and control from or as an alter ego of Binance.US, was the entity that directly collected [Plaintiff's] and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of this biometric data." Compl. ¶ 40. To circumvent the fact that BCM is not responsible for the operation of the Binance.US platform, the Complaint alleges that "[e]ach defendant acted as an aider, abettor and co-conspirator of the other defendant, or is obligated by law to be financially responsible for such conduct," because "each defendant acted as the agent, employee, representative, partner or joint venture of the other defendant in the commission of the acts alleged," and "authorized or ratified" the acts of the other defendants. *Id.* ¶ 19. But there are no factual allegations supporting this conclusory assertion.

4

## ARGUMENT

**I.    The Complaint Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over BCM.**

Plaintiff has not alleged, and cannot in good faith allege, that there is any basis for this Court to assert personal jurisdiction over BCM.

A federal court sitting in diversity has personal jurisdiction over a defendant only if a state court in that same state would have jurisdiction.  *Heartland Barge Mgmt., LLC v. Precon Marine, Inc.*, No. 20-CV-573-SPM, 2020 WL 6544775, at *2 (S.D. Ill. Nov. 6, 2020).  Illinois' long-arm statute contains a catch-all provision (735 ILCS 5/2-209(c)) that collapses the jurisdictional inquiry into the single issue of whether a defendant's in-state contacts are sufficient to satisfy federal and Illinois due process.  *Wiggen v. Wiggen*, 954 N.E.2d 432, 437 (Ill. Ct. App. 2011); *see also Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017) (federal due process requires that a defendant have certain minimum contacts with the state so maintenance of the suit does not offend traditional notions of fair play and substantial justice).  The Illinois Supreme Court has recognized two categories of personal jurisdiction that are subject to the due-process analysis: "general or all-purpose jurisdiction and specific or case-linked jurisdiction."  *Rios v. Bayer Corp.*, --- N.E.3d ---, 2020 WL 2963318, at *4 (Ill. 2020).  Neither provides a basis for jurisdiction over BCM.[1]

---

[1]    Even when—unlike here—a complaint's allegations satisfy a plaintiff's prima facie jurisdictional burden, the defendant may challenge those jurisdictional allegations by furnishing the court with an affidavit, and if it does so the "plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."  *Heartland Barge*, 2020 WL 6544775, at *2 (citation omitted); *Stone v. Corrigan Bros., Inc.*, No. 20-cv-261-SPM, 2020 WL 6889249, at *3 (S.D. Ill. Nov. 24, 2020) (while fact questions are usually resolved in a plaintiff's favor, once the defendant raises the issue of jurisdiction, it is "up to plaintiff to produce evidence supporting their position").  As explained herein, Plaintiff cannot provide the necessary evidence with respect to BCM.

**A.      This Court Does Not Have General Personal Jurisdiction Over BCM.**

The standard for establishing general jurisdiction in Illinois is "quite high," requiring that a "foreign defendant has in effect taken up residence" in the State.  *Wiggen*, 954 N.E.2d at 438.  The United States Supreme Court has held that where a defendant's "slim contacts with the State hardly render it at home there," the "exercise[] of all-purpose jurisdiction" would be "exorbitant" and is thus barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Daimler AG v. Bauman*, 571 U.S. 117, 121–22, 136–39 (2014).  In other words, jurisdiction may be found when the foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State," and its operations are carried on "with a fair measure of permanence and continuity."  *Id.*; *Wiggen*, 954 N.E.2d at 438.  The reverse is true—*i.e.*, general jurisdiction does not exist—when the nonresident defendant conducts business in Illinois only "occasionally or casually" or, as in this case, not at all.  *Id.* (citation omitted).

The Complaint has not alleged, and Plaintiff cannot credibly assert, that this Court has general personal jurisdiction over BCM.  As an initial matter, the "paradigm" forum where an entity is "essentially at home" is its place of incorporation or principal place of business.  *Aspen American*, 90 N.E.3d at 445.  But BCM is not incorporated in Illinois and does not have its principal place of business here.  Compl. ¶ 16 (alleging BCM is a foreign corporation registered in the British Virgin Islands); Chan Decl. ¶ 2.

In addition, this is not an "exceptional case" where BCM's business contacts are so continuous and systematic as to suggest it has in effect taken up residence in the state.  *Aspen American*, 90 N.E.3d at 445.  BCM does not engage in *any* business in Illinois.  It is not registered to do business here.  Chan Decl. ¶ 5.  It maintains no place of business here.  *Id.* ¶ 6.  It has no subsidiary in the state.  *Id.* ¶ 8.  It solicits no business here.  *Id.* ¶ 14.  It does not have property, bank accounts, telephone numbers, books and records, or agents for service of process in Illinois.  *Id.* ¶¶ 7, 9, 10, 12.

6

Plaintiff effectively concedes there is no basis to hold BCM essentially at home in Illinois. Compl. ¶¶ 16, 21.  This Court plainly does not have general, all-purpose jurisdiction over BCM.

**B.      This Court Does Not Have Specific Personal Jurisdiction Over BCM.**

Unlike general jurisdiction, "specific" personal jurisdiction is claim specific, requiring a showing that the defendant purposefully directed its activities at the forum state and that the cause of action arose out of or relates to the defendant's contacts with that state.  *Rios*, --- N.E.3d ---, 2020 WL 2963318, at *4.  For example, in *McGoveran v. Amazon Web Services, Inc.*, the court held in another BIPA action that there was no specific personal jurisdiction over a foreign voiceprint service provider when there was no indication that it purposefully directed activities at Illinois citizens or that the litigation arose from contacts it created with Illinois, although plaintiffs contended that the foreign defendant "collected, possessed, and used the voiceprints of Illinois citizens who placed calls from within Illinois."  488 F. Supp. 3d 714, 722 (S.D. Ill. 2020).  The court reasoned that the defendant applied its voice biometric technology to "every caller," "not just those calls initiated by Illinois residents" (*i.e.*, there was "no indication" defendants "specifically targeted Illinois citizens"). *Id.*; *see also Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878–79 (7th Cir. 2019) (no specific jurisdiction over Taiwanese company that did not purposefully direct its activities at Wisconsin, because "it is a defendant's contacts with the forum state, not with the plaintiff, that count" and "the financial benefit gained from broad geographic insurance coverage does not constitute 'doing business' with the entire covered territory").

For the reasons already discussed, Plaintiff cannot show that BCM purposefully directed any activities at Illinois or that his cause of action relates to BCM's contacts with the state.  Instead, Plaintiff merely alleges in the Complaint's "Party, Jurisdiction and Venue" section that "Defendants"—*not BCM specifically*—have "transacted business related to the matters complained of herein and have made or performed related contracts substantially connected with the State of

Illinois." Compl. ¶ 20. But that sort of conclusory, vague allegation is insufficient to establish a prima facie showing of personal jurisdiction over a nonresident defendant. *Aspen American*, 90 N.E.3d at 444; *Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 735 (N.D. Ill. 2017). Moreover, Plaintiff's own allegations dispel the notion that BCM, as opposed to Binance.US, is one of the "Defendants" that transacts business and enters contracts in Illinois. The Complaint alleges that Plaintiff downloaded the Binance.US application, created an account, and submitted personal identifying (including biometric) information to the Binance.US application. *Id.* ¶¶ 24–25, 28–30. BCM, however, does not operate Binance.US.

It is unsurprising Plaintiff has not specifically alleged that BCM purposely directed its activities at Illinois. As Plaintiff recognizes, BCM is neither incorporated nor registered to do business in Illinois. Compl. ¶ 16; Chan Decl. ¶ 5. BCM maintains no place of business or other facility in Illinois. *Id.* ¶ 6. BCM does not own, rent, or otherwise use property in Illinois. *Id.* ¶ 7. BCM has no subsidiary in Illinois. *Id.* ¶ 8. BCM maintains no bank accounts, telephone numbers, or books or records in Illinois. *Id.* ¶ 9. BCM has no agent for service of process in Illinois. *Id.* ¶ 12. None of the executives or directors of BCM resides in Illinois. *Id.* ¶ 11. BCM does not solicit any business in Illinois, or otherwise seek revenue from the State. *Id.* ¶¶ 14–15.

Despite Plaintiff's single conclusory allegation to the contrary, BCM has never purposefully directed any activities at Illinois and therefore Plaintiff's causes of action do not relate to BCM's (nonexistent) contacts with this State. As a result, this Court cannot exercise specific personal jurisdiction over BCM.

### C. Plaintiff May Not Manufacture Jurisdiction With Unsupported Allegations of Conspiracy, Agency, or Alter Ego.

Plaintiff appears to recognize that the facts alleged do not establish a basis for asserting personal jurisdiction over BCM, as opposed to Binance.US, so the Complaint attempts to invoke

groundless "conspiracy," "agency," and "alter ego" theories of jurisdiction instead.   Plaintiff, however, fails to plead *any* facts that would support these indirect theories of jurisdiction.

For example, the Complaint alleges that BCM, "with assistance and control from or as an alter ego of Binance.US, was the entity that directly collected [Plaintiff's] . . . biometric information and identifiers."  Compl. ¶ 40.  This is the only occasion when the Complaint mentions "alter ego" jurisdiction.  And it does not allege any facts in support of that alter ego theory—it does not allege that BCM "dominate[s] and control[s] Binance.US," that Binance.US is a subsidiary of BCM, that BCM arranged financing for Binance.US, that BCM controls the flow of money between the corporations (or that there *is* a flow of money between them), that BCM treats Binance.US's extra cash as its own, or that BCM exercises complete control over the daily affairs of its subsidiaries.  *See Old Orchard Urban Ltd. P'Ship v. Harry Rosen, Inc.*, 904 N.E.2d 1050, 1061–63 (Ill. Ct. App. 2009) (discussing alter ego theory).

Similarly, the Complaint alleges that "[e]ach defendant acted as a[] . . . co-conspirator of the other defendant, or is obligated by law to be financially responsible for such conduct" and that "each defendant acted as the agent, employee, representative, partner or joint venture of the other defendant in the commission of the acts alleged."  Compl. ¶ 19.  Again, that is the lone paragraph in which the Complaint invokes either the co-conspirator or agency theories in order to support jurisdiction, and it alleges no facts in support of either theory.  Plaintiff has not alleged BCM's "knowing participation" in or agreement to join any conspiracy to not follow the BIPA's statutory requirements, and it is "not enough to simply allege the existence of a conspiracy."  *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1146 (N.D. Ill. 2001); *Real Colors, Inc. v. Patel*, 974 F. Supp. 645, 650–51 (N.D. Ill. 1997); *see also In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 873 (N.D. Ill. 2015) (a general averment of conspiracy is not enough to establish that a defendant purposefully availed itself of the benefit of Illinois' laws or should have expected to be called into Illinois' courts);

*Bittman v. Fox*, 2015 WL 5612061, at *6 (N.D. Ill. Sept. 23, 2015) (holding that conspiracy theory of personal jurisdiction did not apply, because plaintiff did not allege an actual conspiracy, did not supply a single detail of the alleged concerted activity, and only hinted at a conspiracy).

The Complaint likewise does not allege any facts to support an "agency relationship" between BCM and Binance.US, *Madison Miracle Prods., LLC v. MGM Distrb. Co.*, 978 N.E.2d 654, 677 (Ill. Ct. App. 2012), such as when a subsidiary corporation conducts the parent corporation's business rather than its own, *Old Orchard Urban*, 904 N.E.2d at 1058–59.[2]

As a result, the Complaint's wholly conclusory invocation of the "conspiracy," "agency," and "alter ego" theories is not sufficient to withstand dismissal on jurisdictional grounds. *Shanahan v. Nat'l Auto Prot. Corp.*, 2020 WL 3058088, at *6 (N.D. Ill. June 9, 2020) (plaintiff failed to sufficiently allege a plausible agency relationship and thus did not make out a prima facie case of personal jurisdiction over defendants); *Pena v. Gray Line Corp.*, 2018 WL 2388411, at *3 (N.D. Ill. May 25, 2018) (conclusory allegations that defendants conduct business, advertise, and own property in the State without details as to the nature of that activity is insufficient to establish personal jurisdiction in Illinois).

Even if Plaintiff's conspiracy allegation were factually supported (it is not), that allegation still could not serve as a basis for asserting personal jurisdiction, because the "conspiracy jurisdiction" theory is not recognized under Illinois law. As courts in this district have recognized, the theory of conspiracy jurisdiction "has been heavily criticized by a number of courts in Illinois due to concern regarding viability of the theory as a basis for personal jurisdiction, while still complying

---

[2]   The suggestion that Binance.US is both a co-conspirator and agent of BCM is particularly nonsensical—"[b]y alleging a conspiracy . . . [a] plaintiff effectively rules out any agency relationship," because the "acts of an agent are considered in law to be the acts of the principal" and there "can be no conspiracy between a principal and an agent." *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 659 (Ill. Ct. App. 2007) (citation omitted).

with the Due Process Clause." *Cebulske v. Johnson & Johnson*, No. 14–cv–627–DRH–SCW, 2015 WL 1403148, at *2–4 (S.D. Ill. Mar. 25, 2015) (noting the "strong trend that something more than an attenuated link is necessary to establish a defendant's personal jurisdiction" and dismissing for lack of personal jurisdiction based on a conspiracy theory); *see also Heartland Barge*, 2020 WL 6544775, at *2 (jurisdiction proper only when the contacts at issue "result from actions by the *defendant himself* that create a 'substantial connection' with the forum" (emphasis added)).

The Seventh Circuit has likewise suggested that Illinois does not authorize conspiracy jurisdiction.   The Seventh Circuit recognized the "problem with [the conspiracy jurisdiction] argument is that the theory may not be valid in Illinois," because the Illinois Supreme Court "'effectively scuttl[ed] the theory.'"  *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 F. App'x 582, 585 (7th Cir. 2010) (quoting *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 666 (Ill. 2007)); *see Ritchie Capital Mgmt. LLC v. Costco Wholesale Corp.*, 2018 WL 1565593, at *6 (N.D. Ill. Mar. 30, 2018) ("Illinois courts do not recognize conspiracy participation as a basis for long-arm jurisdiction, and the Seventh Circuit has 'dashed cold water on the prospect.'" (citation omitted)); *Page v. Democratic Nat'l Comm.*, 2020 WL 8125551, at *3 (N.D. Ill. Aug. 17, 2020) ("Conspiracy theories of jurisdiction are not viable under Seventh Circuit and Illinois law."), *aff'd*, 2 F.4th 630 (7th Cir. 2021).

And in the wake of the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), conspiracy jurisdiction clearly violates due process and should be rejected "out of hand."  *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *7 (E.D.N.Y. Sept. 20, 2017) (holding it "highly unlikely that any concept of conspiracy jurisdiction survived the Supreme Court's ruling in *Walden*"). Therefore, even when plaintiffs (unlike the Plaintiff here) do adequately plead the existence of a conspiracy encompassing a nonresident defendant, that *does not* justify the exercise of jurisdiction by an Illinois court over a foreign defendant with no direct connections to the State.

Further, even if the Complaint had alleged facts in support of agency or alter ego jurisdiction sufficient to satisfy Plaintiff's prima facie burden (it did not), the evidence shows that BCM and Binance.US are *not* alter egos of each other and have *no* agency relationship. BCM and Binance.US are separate and distinct legal entities. Chan Decl. ¶ 19. Binance.US is not a wholly or partially owned subsidiary of Binance.US, and BCM neither dominates nor controls Binance.US. *Id.* ¶ 18. Binance.US conducts no business operations on behalf of BCM, and BCM exercises no control over the daily operations of Binance.US. *Id.* ¶ 20. BCM neither finances the operations of Binance.US nor treats its cashflow as BCM's own. *Id.* ¶ 21. BCM and Binance.US do not file consolidated tax returns in Illinois or any other jurisdiction. *Id.* ¶ 22. BCM does not pay for any of Binance.US's operating costs. *Id.* ¶ 20. And BCM and Binance.US do not share office space, while each entity maintains its own corporate records. *Id.* ¶ 23. There is no evidence to suggest that Binance.US's alleged actions in Illinois can properly be imputed to BCM.

*     *     *

BCM and Binance.US are "separate legal entities," meaning "the minimum contacts of one [Binance.US] are not the minimum contacts of another [BCM]." *Khan v. Gramercy Advisors, LLC*, 61 N.E.3d 107, 128 (Ill. Ct. App. 2016). Because the contacts of BCM are insufficient to satisfy federal or state due-process standards, there is no personal jurisdiction over it here, and the Complaint against BCM must be dismissed with prejudice.

## II.   Alternatively, the Court Should Dismiss the Complaint Because It Does Not Adequately Plead Any Claims Against BCM.

In addition to the lack of any cognizable jurisdictional basis, Plaintiff's effort to drag BCM into his dispute against Binance.US and Jumio fails for the alternative reason that Plaintiff cannot state any viable legal claim against BCM. Plaintiff cannot credibly allege that BCM violated the Illinois BIPA (Count I) or was unjustly enriched (Count II).

12

The Complaint's allegations as to BCM are nearly nonexistent. Indeed, the Complaint does not allege that BCM earns revenue related to the trading of cryptocurrency, that BCM obtained biometric information from Plaintiff or users of an exchange, or that BCM even had an iPhone application that Plaintiff downloaded. Compl. ¶¶ 5, 14, 24–25, 28, 34–35. None of the Complaint's factual allegations implicates BCM, and BCM does not operate and is not associated with the Binance.US trading platform. Chan Decl. ¶ 16.

The Complaint attempts to skirt that glaring problem in the "Causes of Action" section by repeatedly referring to the actions of "Defendants." Compl. ¶¶ 51–52, 54, 56, 57–59, 61–64. But the "Factual Allegations" section makes clear that Plaintiff's quarrel *actually* concerns the alleged actions or omissions of Binance.US, not BCM. And a complaint may not survive dismissal by simply "lumping all of the defendants together." *Patel v. Fendler*, No. 15-cv-0366-MJR-SCW, 2016 WL 336017, at *3 (S.D. Ill. Jan. 28, 2016); *see also Bank of Am., NA v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (because "[l]iability is personal," the allegation that "the defendants looted the corporation" is insufficient under "normal pleading standards," and a "complaint based on a theory of collective responsibility must be dismissed"); *Eilenfeldt v. United CUSD #304 Bd. of Educ.*, 2013 WL 12248080 (C.D. Ill. Mar. 25, 2013) (noting that by "continually lumping 'the Defendants' together Eilenfeldt violate[d] Rule 8(a)'s requirement that she give the Defendants fair notice of the claims against them" and holding that the "group pleading [was] also problematic because . . . it [was] simply impossible for some of Eilenfeldt's allegations to be brought against all of the Defendants"). In short, the group pleading Plaintiff relies on is plainly impermissible under Rule 8(a).[3]

---

[3]   Even if the Court were to credit these "Defendant" allegations against BCM (it should not), it must still dismiss as to BCM because the allegations would constitute only a "formulaic recitation of the elements" of Plaintiff's causes of action that the Supreme Court has made clear "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Moreover, Plaintiff cannot rope BCM into this litigation by simply saying magic words like "co-conspirator," "agent," and "alter ego."  On a single occasion the Complaint alleges that BCM "directly collected [Plaintiff's] and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of that data," "*as an alter ego of Binance.US*." Compl. ¶ 40 (emphasis added).  As explained above, the conclusory assertion that BCM is the alter ego of Binance.US is insufficient to avoid dismissal.  A court must reject a plaintiff's argument that defendants "each may appropriately be held liable for the acts of the others" based on the notion that they are "mere 'alter egos' of one another," when the complaint fails to "plead sufficient factual material" that "would support a finding of [] liability based on corporate veil piercing."  *Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885 (N.D. Ill. 2008) (granting motion to dismiss).  Likewise, in a single paragraph Plaintiff alleges that each defendant acted as the "agent" and "co-conspirator of the other defendant." Compl. ¶ 19.  For the same reason, the mere invocation of those concepts—without further factual support—is insufficient to survive dismissal.  *See Knight*, 725 F.3d at 818 ("even for allegations of conspiracy . . . it remains essential to show that a particular defendant joined the conspiracy and knew of its scope," and the "complaint does not get even that far"); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 592 (Ill. 1996) ("A complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship.  It is insufficient to merely plead the legal conclusion of agency."); *Shanahan*, 2020 WL 3058088, at *6 (dismissing complaint when plaintiff failed to plausibly allege the agent's authority or principal's ratification in attempting to plead an agency relationship).  The Court should therefore reject Plaintiff's apparent effort to impute the alleged actions of Binance.US to BCM by incanting co-conspirator, agent, and alter ego without *any* support.

Even if Plaintiff had directed his allegations at BCM, his BIPA claim would still fail because BIPA does not apply extraterritorially.  *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1100 (N.D. Ill.

14

2017).  The "majority of circumstances relating to the alleged violation" here are not alleged to have occurred in Illinois.  *Landau v. CNA Fin. Corp.*, 886 N.E.2d 405, 409 (Ill. Ct. App. 2008); *see, e.g.*, Compl. ¶¶ 15–18, 21, 24–25.  As a result, Plaintiff's BIPA claim must be dismissed.  *See McGoveran v. Amazon Web Servs., Inc.*, 2021 WL 4502089, at *4 (D. Del. Sept. 30, 2021) (reasoning that a "plaintiff's residency is not enough to establish an Illinois connection in order to survive a motion to dismiss based on extraterritoriality" and collecting Illinois cases).

Finally, Plaintiff's unjust enrichment claim is insufficient for an additional reason: the Complaint fails to allege Plaintiff would have acted differently if Binance.US had provided the required disclosures or obtained written consent pursuant to the BIPA.  In *Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011), plaintiffs' unjust enrichment theory rested on the contention "that they had a legal right to know about the true nature and hazards of cigarettes" pursuant to Illinois' consumer fraud statute, and that defendants' failure "to disclose the full truth . . . was to the plaintiffs' detriment."  *Id.* at 517.  The *Cleary* plaintiffs, however, did not allege that they suffered harm, relied on the defendants' marketing, or would have acted differently if defendants had made the proper disclosures.  *Id.*  As a result, the court held that defendants' "retention of the cigarette revenue is not a detriment to them," and therefore dismissed the plaintiffs' unjust enrichment claim.  *Id.* at 519–20.  Here, Plaintiff similarly has not alleged that he would not have signed up for or used the Binance.US platform if it had provided different or additional information concerning the collection of biometric data.  As a result, the retention by "Defendants" of fees from sales and transfers—which is unconnected to Plaintiff's provision of biometric information during the account creation process— is in no sense a detriment to Plaintiff.  This is yet another reason why this Court should not let Plaintiff's unjust enrichment claim stand.

Even if this Court could exercise personal jurisdiction against BCM, it would have to dismiss the Complaint against BCM for failure to state any claims.

**CONCLUSION**

Plaintiff's biometric data was allegedly collected on the Binance.US platform without it disclosing certain information or obtaining written consent in violation of Illinois' BIPA.  There are no facts to suggest that BCM was involved in the alleged violation, as BCM does not operate the Binance.US platform.  Plaintiff has therefore failed to state a claim against BCM.

But this Court need not reach that issue, because BCM has no connection to Illinois, and Plaintiff cannot hale it into this Court on the basis of nothing more than conclusory, unsupported allegations that BCM and Binance.US are co-conspirators, agents, or alter egos of one another.  This Court cannot exercise personal jurisdiction over BCM, and should dismiss the Complaint against it with prejudice.

Dated:  January 31, 2022

Respectfully submitted,

/s/  *Jacob L. Kahn*

Alexander H. Southwell*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: 212-351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn, #6296867*
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
Tel: 312-471-8700
jkahn@rshc-law.com

*admitted pro hac vice*

*Counsel for Defendant Binance Capital Management Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on January 31, 2022, which will send notification of such filing to all counsel of record.

/s/   *Jacob L. Kahn*
          Jacob L. Kahn