# Exhibit C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DAVID BARNETT, ETHEL BURR, AND MICHAEL HENDERSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 21 CH 3119 |
| APPLE, INC., | ) ) | |
| Defendant. | ) | |

ENTERED
Judge Neil H. Cohen-2021

JAN 04 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

## CORRECTED MEMORANDUM AND ORDER

Defendant Apple, Inc. has filed a Motion to Dismiss pursuant to 735 ILCS 5/2-615.

## I.  Background

Plaintiffs David Barnett, Ethel Burr, and Michael Henderson, on behalf of themselves and all other persons similarly situated, have filed a Class Action Complaint ("Complaint") for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., against Defendant Apple, Inc. ("Apple").

The alleged BIPA violations are based upon Plaintiffs' use of either Apple's Touch ID or Face ID.  (Compl. ¶¶ 76-99).  Touch ID is a security feature that Apple developed for certain iPhones, iPads (tablets), and MacBooks (notebook computers) to allow users to unlock their devices and perform other functions with the touch of a finger where a password would otherwise be needed.  (Id. at ¶¶ 6, 38-39, 52).  Face ID is another security feature that Apple developed for certain iPhones and iPads to allow users to unlock their devices and perform other functions with a glance rather than entering a password.  (Id. at ¶¶7, 38-39, 65).  The Complaint contains screenshots showing that the setup of these features is optional.  (Id. at ¶¶ 52-53, 65-66).

Plaintiffs set up their respective Apple devices using either Touch ID or Face ID.  (Id. at ¶¶76, 84, 92).  Plaintiffs allege that their respective devices "translated" their "fingerprint" (Touch ID) or "facial geometry" (Face ID) "into a unique mathematical representation" "stored locally" on their devices.  (Id. at ¶¶78, 86, 94).  Plaintiffs further allege that when they use Touch ID or Face ID to unlock their devices, the device generates another such "mathematical representation" that it "compares" against the one "previously stored" on the device during the setup process.  (Id. at ¶¶70, 87, 95).

Plaintiffs allege that when they set up Touch ID or Face ID on their devices: (1) they were not informed of the specific purpose and length of time a user's biometric identifier

1

or information is being collected or stored; and (2) Apple did not obtain a written release from them. (Id. at ¶¶48-49; 61-62). Plaintiffs further allege that Apple failed to make a written retention schedule for destroying a user's biometrics publicly available. (Id. at ¶¶47, 60).

Count I of the Complaint asserts a claim for violation of §15(a) of BIPA, 740 ILCS 14/15(a). Count II asserts a claim for violation of §15(b) of BIPA, 740 ILCS 14/15(b).

## II. Motion to Dismiss

Apple is moving to dismiss the Complaint pursuant to 735 ILCS 5/2-615. "A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. Yoon Ja Kim v. Jh Song, 2016 IL App (1st) 150614-B, ¶41. "Such a motion does not raise affirmative factual defenses but alleges only defects on the face of the complaint." Id. "All well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." Kagan v. Waldheim Cemetery Co., 2016 IL App (1st) 131274, ¶29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations of the complaint in the light most favorable to the plaintiff. Unless it is clearly apparent that the plaintiff could prove no set of facts that would entitle him to relief, a complaint should not be dismissed." Id.

In order to maintain a class action, the representative plaintiffs must be able to state individual causes of action. Landesman v. General Motors, Corp., 72 Ill. 2d 44, 48 (1978); Jensen v. Bayer AG, 371 Ill. App. 3d 682, 693 (1ˢᵗ Dist. 2007).

### A. *BIPA*

In passing BIPA, our general assembly found that "'[b]iometrics *** are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft' and that 'public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.'" Tims v. Black Horse Carriers, Inc., 2021 IL App (1st) 200563, ¶24, quoting, 740 ILCS 14/5(c), (g). As set forth by our supreme court, BIPA:

> imposes numerous restrictions on how private entities collect, retain, disclose, and destroy biometric identifiers, including retina or iris scans, fingerprints, voiceprints, scans of hand or face geometry, or biometric information. Under the Act, any person 'aggrieved' by a violation of its provisions 'shall have a right of action *** against an offending party' and 'may recover for each violation' the greater of liquidated damages or actual damages, reasonable attorney fees and costs, and any other relief, including an injunction, that the court deems appropriate.

Rosenbach v. Six Flags Entertainment Corp., 2019 IL 123186, ¶1.

2

Section 14/15 of BIPA provides in relevant part as follows:

(a) A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. * * *

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(a) and (b).

## B. *Count I - Section 15(a) of BIPA*

Plaintiffs contend that Apple violated §15(a) of BIPA by failing to develop a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. Section 15(a), however, applies only to private entities "in possession" of biometric identifiers or information. 740 ILCS 14/15(a).

BIPA does not define "possession." "[U]ndefined terms in a statute shall be given their ordinary and popularly understood meanings." People v. Ward, 215 Ill. 2d 317, 325 (2005). Where the legislature does not define a term, the court may look to the dictionary definition. Rosenbach, 2019 IL 123186, ¶32. "Possession" is defined as "the condition of having or owning something," "control or occupancy of property without regard to ownership," or "the act of having or taking into control." *Possession*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th Ed. 2009). Additionally, the Illinois Supreme Court has found that "'possession,' as ordinarily understood, occurs when a person has or takes control of the subject property or holds the property at his or her disposal." Ward, 215 Ill. 2d at 325.

3

The Complaint does not allege any facts showing that Apple took control of Plaintiffs' biometric identifiers or information. Rather, Plaintiffs expressly allege that the biometric information at issue is stored locally on Plaintiffs' own devices.

While Plaintiffs argue that Apple "controls" the information because Apple designed the Touch ID and Face ID software and can update the software, Plaintiffs do not allege any facts showing that Apple has accessed and obtained control over their biometric information stored locally on their devices through the software. Plaintiffs allege the conclusion that Apple is "in possession" of their biometric information, but have not alleged any specific facts in support. Illinois is a fact-pleading jurisdiction. Simpkins v. Csx Transp., 2012 IL 110662, ¶26. "A plaintiff may not rely on conclusions of law or fact unsupported by specific factual allegations." Id.

Plaintiffs contend that they have alleged sufficient facts to show that Apple was "in possession" of the biometric information based upon Hazlitt v. Apple, Inc., Case No. 3:20-CV-421-NJR, 2021 U.S. Dist. LEXIS 110556 (S.D. Ill. June 24, 2021),[1] and Zaluda v. Apple, Inc., 2019-CH-11771 (Ill. Cir. Ct. of Cook County, Oct., 29 2020). Even if these cases were binding on this court, which they are not, they are both readily distinguishable.

In Hazlitt, the plaintiffs alleged that:

Apple uses its software to create, gather, and harvest faceprints, which Apple stores in facial recognition databases that Apple provided users no knowledge of or control over, and that Apple alone could access the biometric data or disable its collection. Users also cannot disable the collection of biometric data, cannot limit what information is collected or from whom information is collected, cannot remove the People folder, and cannot delete the database of facial recognition information that Apple creates or any information in that database. Finally, Apple only allows users to use Apple Devices on the condition that it collects biometric data.

Hazlitt, 2021 U.S. LEXIS 110556 at *24.

The Complaint here does not allege that Apple has stored any of Plaintiffs' biometric data in Apple databases. Rather, the Complaint clearly alleges that Plaintiffs' biometric data was voluntarily scanned and stored by Plaintiffs on their own devices. Nor do Plaintiffs allege that they have no control over the data collected and stored on their own devices or that they cannot delete that data. The Complaint is clear that Plaintiffs voluntarily chose to use Face ID and Touch ID and can delete their biometric information from their devices if they choose. Finally, the Complaint does not allege any facts showing that they cannot use their Apple devices unless they use Face ID or Touch ID and the Complaint is clear that they cannot allege such facts. While it may be more convenient to use Face ID or Touch ID, the Complaint is clear that there is no requirement to do so.

---

[1] Plaintiffs cited to an earlier decision in Hazlitt, 500 F. Supp. 3d 738 (S.D. Ill. 2020), which was vacated by the Seventh Circuit, In re Apple Inc., 2021 U.S. App. LEXIS 18151 (7th Cir. Jan. 27, 2021).

In Zaluda, the plaintiffs alleged that their Apple devices generated voiceprints so that Siri could recognize the voiceprints and that these voiceprints were then sent to Apple's servers and third parties in violation of BIPA. The Complaint in this case does not allege that Plaintiffs' biometric information was sent to Apple's servers or any third party server, but expressly alleges that the information is stored locally on Plaintiffs' own devices. Hazlitt and Zaluda offer no support for Plaintiffs' position.

Because the Complaint fails to allege any facts showing that Apple is, or was ever, "in possession" of Plaintiffs' biometric information, Count I does not allege any violation of §15(a) of BIPA. Furthermore, Plaintiffs do not contend that they can allege facts showing that Apple accessed the biometric information stored on Plaintiffs' own devices. Therefore, Count I is dismissed with prejudice.

### C. Count II – Section 15(b)

Plaintiffs contend that Apple violated §15(b) of BIPA by failing to inform Plaintiffs in writing that their information was being collected, failing to inform Plaintiffs of the specific purpose and length of time for which their biometrics were being collected or stored, and failing to obtain an executed written release from Plaintiffs. Section 15(b), however, applies only to private entities who "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(b).

BIPA does not define "collect" or "capture." Merriam-Webster defines "collect" as: "to bring together into one body or place" "to gather or exact from a number of persons or sources." *Collect*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th Ed. 2009). Merriam-Webster defines "capture" as "to record in a permanent file (as in a computer)." *Capture*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th Ed. 2009).

Plaintiffs do not allege that their biometric information has been brought together in one place by Apple or gathered along with that of other Apple users. Nor do Plaintiffs allege that Apple has recorded their information on Apple's servers. The Complaint instead expressly alleges that Plaintiffs' biometric information is captured by Plaintiffs themselves and stored locally on Plaintiffs' devices. Apple's provision of software that others, including Plaintiffs, may use to generate biometric identifiers or information does not constitute the "collection" or "capture" of such identifiers or information under BIPA.

Plaintiffs also rely on Hazlitt and Zaluda in arguing that they have sufficiently alleged that Apple collected their biometric data. As discussed above, Hazlitt and Zaluda offer no support for Plaintiffs' position.

Because the Complaint fails to allege any facts showing that Apple "collected" or "captured" Plaintiffs' biometric information, Count II does not allege any violation of §15(b) of BIPA. Furthermore, Plaintiffs do not contend that they can allege such facts and the Complaint is clear that the biometric information at issue was collected and/or captured by Plaintiffs themselves and stored by Plaintiffs on their own devices. Therefore, Count II is dismissed with prejudice.

5

**D.** *Whether Plaintiffs Have Alleged That They are "Aggrieved"*

Apple also contends that the Complaint should be dismissed because Plaintiffs do not allege they were "aggrieved" as required by §20 of BIPA. 740 ILCS 15/20. To satisfy this requirement, a plaintiff must allege facts showing that "a legal right [has been] invaded" or a "pecuniary interest [] directly affected." Rosenbach, 2019 IL 123186, ¶30 (citation omitted). "[W]hen a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach" and such a person or customer would be "aggrieved" under BIPA. Id. at ¶33.

Here, Plaintiffs have not alleged any violation of §15 of BIPA. Therefore, they have not alleged they are "aggrieved" under §20. This constitutes another basis for dismissal.

**III. Conclusion**

Apple's Motion to Dismiss is granted, with prejudice. This order is final and appealable.

The status date of January 12, 2022 is stricken.

Enter:      1-4-22

Judge Neil H. Cohen



ENTERED
Judge Neil H. Cohen-2021
JAN 04 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK