# EXHIBIT B

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
7/7/2020 8:22 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH15883

9692066

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

# Exhibit 1

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of this 27 day of November, 2019, by Plaintiff Alex Prelipceanu ("**Plaintiff**"), on behalf of himself and the Settlement Class as defined below, on the one hand, and Jumio Corporation ("**Defendant**") on the other. Plaintiff and Defendant are each referred to herein as a **Party**, and collectively, as the **Parties**.

WHEREAS, in December 2018, Plaintiff filed a class action entitled *Prelipceanu v. Jumio Corp.*, Case No. 2018-CH-15883, in the Circuit Court of Cook County, Illinois, Chancery Division before Judge Michael T. Mullen, asserting claims relating to the alleged collection of biometric information by Defendant (the "**Action**"); and

WHEREAS, Defendant has denied and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever that were or could have been asserted in the Action; and

WHEREAS, following arms-length negotiations through multiple sessions with Chief Judge James Holderman of JAMS Chicago, the Parties reached a settlement and agreed to the key terms of a settlement of all claims; and

WHEREAS, the Parties continued negotiations resulting in this Agreement, through which the Parties agree and desire to fully and finally resolve all matters pertaining to, arising from, or associated with the Action, including all claims Plaintiff and Settlement Class Members have or may have had against Defendant and related persons and entities, as set forth herein; and

WHEREAS, while Plaintiff believes the claims in the Action possess merit and while Defendant disputes such claims and does not acknowledge in any way any fault or liability, the Parties have agreed to enter into this Agreement as a compromise of Plaintiff's and the Settlement Class Members' claims in order to resolve all controversy between them and to avoid the uncertainty, risk, expense, and burdens of protracted litigation that would be involved in prosecuting and defending the Action;

NOW, THEREFORE, subject to Court approval and the other conditions set forth herein, it is hereby AGREED by the Parties that, in consideration of the undertakings, promises, and payment set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving the settlement and directing the implementation of the terms and conditions of this Agreement, the Action shall be settled and compromised upon the terms and conditions set forth herein.

## 1.    DEFINITIONS

As used in this Agreement and the attached exhibits, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall be defined as set forth below:

**1.1    "Administrative Expenses"** shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

Settlement Class Members, establishing the Settlement Website, and disbursement of payments to the Settlement Class Members.

1.2      **"Approved Claims"** shall mean complete and timely claims submitted by Settlement Class Members that have been approved for payment by the Settlement Administrator.

1.3      **"Biometrics"** shall mean information of individuals in Illinois that constitutes a biometric identifier or biometric information under BIPA.  The term Biometrics includes only data that are covered by BIPA, and does not include any other data.

1.4      **"BIPA"** shall mean the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq.

1.5      **"Claim Form"** shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement, which shall be substantially in the form attached hereto as Exhibit 1.

1.6      **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted electronically via the Settlement Website or via Electronic Mail to be considered timely, and which shall be a date approximately 90 (ninety) Days after entry of the Preliminary Approval Order. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, the Notice, and the Claim Form.

1.7      **"Class," "Class Member," "Settlement Class"** and **"Settlement Class Member"** shall mean each member of the settlement class, as defined in Section 2.2 of this Agreement, who does not properly execute and submit a timely request for exclusion.

1.8      **"Class Counsel"** shall mean Myles McGuire, Evan M. Meyers, David L. Gerbie and Andrew T. Heldut of McGuire Law P.C.

1.9      **"Class Representative"** or **"Plaintiff"** shall mean Plaintiff Alex Prelipceanu.

1.10     **"Court"** shall mean Judge Michael T. Mullen of the Circuit Court of Cook County, Illinois, Chancery Division, or any other judge who shall have jurisdiction over the pending Action.

1.11     **"Customer"** means a business or other entity that licenses, purchases or resells, either directly or indirectly, the Netverify service from Defendant and/or provides such Netverify service, either directly or indirectly, to individuals in Illinois such as the Settlement Class Members.

1.12     **"Day"** or **"Days"** means calendar days.

1.13     **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

2

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

**1.14**   "**Final Approval Hearing**" means the hearing to be conducted by the Court in connection with the final determination that the Agreement is fair, reasonable, and adequate and in the best interests of the Class as a whole, and which shall be on a date approximately 90 (ninety) Days after entry of the Preliminary Approval Order, or such other date approved by the Court.

**1.15**   "**Final Order and Judgment**" means an order that is entered by the Court and in a form that is mutually agreeable to the Parties and as set forth in Section 13 of this Agreement, and that approves this Agreement as fair, reasonable, and adequate and in the best interests of the Class as a whole, and makes such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement.

**1.16**   "**Incentive Award**" shall have the meaning ascribed to it as set forth in Section 12.4 of this Agreement.

**1.17**   "**Defendant Counsel**" or "**Counsel for Defendant**" shall mean Susan Fahringer, Debra R. Bernard, and Nicola Menaldo of Perkins Coie LLP.

**1.18**   "**Netverify**" means the digital identity verification and related services provided by Defendant, including but not limited to products licensed to customers as Authentication, BAM Checkout, Document Verification, Fastfill, Identity Verification, ID Verification and Screening, and any similar service Defendant offers in the future.

**1.19**   "**Notice**" means the notice of this proposed settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibits 2 and 3, and is consistent with the requirements of due process.

**1.20**   "**Notice Database**" means the database containing potential Settlement Class Members' information, to be provided by Defendant pursuant to Section 5.2 of this Agreement.

**1.21**   "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement submitted by a person within the Settlement Class must be filed with the Court, as set forth in Section 9, and the date by which a request for exclusion submitted by a person within the Settlement Class must be postmarked/submitted, as set forth in Section 8.  The Objection/Exclusion Deadline shall be designated as a date approximately 65 (sixty-five) days after entry of the Preliminary Approval Order, or such other date as ordered by the Court, and shall be expressly set forth in the Preliminary Approval Order and in the Notice.

**1.22**   "**Preliminary Approval Order**" means the Court's Order granting preliminary approval of this Agreement, approving the Notice of Proposed Class Action Settlement and the manner of providing notice to the Class, and setting forth a schedule for briefing regarding the fairness of the settlement, deadlines for submitting exclusion requests and objections, and the date of the Final Approval Hearing, in a form as agreed to by the Parties.

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

**1.24** **"Release"** shall mean the Release set forth in Section 11 of this Agreement.

**1.25** **"Released Parties"** means Defendant and all of its owners, directors, officers, employees, Customers, agents, parents, subsidiaries, contractors, insurers, reinsurers, and affiliates.

**1.26** **"Releasing Parties"** means the Settlement Class Members and their respective heirs, administrators, devisees, predecessors, successors, attorneys, representatives, shareholders, partners, directors, officers, owners, affiliates, and assignees, as well as the Settlement Class Members' respective subrogees and insurers. For clarity and to avoid ambiguity, Releasing Parties does not include any of the Released Parties and it is expressly agreed that the Released Parties do not release, relinquish or in any way waive any claims by or through this Agreement.

**1.27** **"Settled Claims"** means any and all claims, liabilities, rights, demands, suits, matters, obligations, damages, including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind and description, that the Plaintiff and Settlement Class Members, had, have, or may have, against all Released Parties with respect to Defendant's collection, capture, receipt, purchase, storage, dissemination, transfer, use, sale, lease, trade, or profit from biometric information, biometric identifiers, or any data derived from or relating to the images of faces in photographs or videos, including all claims arising from or relating to the subject matter of the Action and all claims that were brought or could have been brought in the Action by the Plaintiff and/or the Settlement Class Members.

**1.28** **"Settlement Administrator"** shall mean KCC, LLC, the third-party entity that is jointly selected by the Parties to administer the settlement, as set forth in Section 5.

**1.29** **"Settlement Date"** means the date on which the Court enters the Final Order and Judgment.

**1.30** **"Settlement Fund"** means the settlement fund in the amount of Seven Million Dollars ($7,000,000.00).

**1.31** **"Settlement Website"** means a website established and administered by the Settlement Administrator, as set forth in Section 6.1(c)(iv).

**1.32** **"Valid Claim Form"** means a timely and complete Claim Form as set forth in Section 7.4.

## 2.   SETTLEMENT PURPOSES ONLY

**2.1** For the purposes of this settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Section 2.2, below; (2) Plaintiff shall represent the Class for settlement purposes and shall be the class representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

**2.2**      Subject to Court approval, the following Class shall be certified for settlement purposes:

> All individuals in Illinois whose Biometrics or photos were collected, captured, purchased, received through trade, otherwise obtained or in the possession of Jumio and/or any of its parents, subsidiaries, or agents, or their technology, at any time between December 21, 2013 and [entry of the Preliminary Approval Order].

**2.3**      Excluded from the Class are: (1) Defendant and any entity in which Defendant has a controlling interest, and their respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

**2.4**      Defendant does not consent to certification of the Class for any purpose other than to effectuate this settlement. If the Court does not enter the Final Order and Judgment or if for any other reason final approval of the settlement does not occur, is successfully objected to, or successfully challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into. In the event that the Final Order and Judgment is not entered or if for any other reason final approval of the settlement does not occur, is successfully objected to, or successfully challenged on appeal: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Class under this Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class. To the fullest extent permitted by law neither the fact of, nor any provision contained in, this Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim or any fact alleged by Plaintiff in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendant or admission by any of the Parties of the validity or lack thereof of any claim, allegation or defense asserted in this Action or in any other action.

**2.5**      Plaintiff and Class Counsel shall use best efforts to obtain agreement to the terms of this Agreement from all affected parties.  To the extent Plaintiff and Class Counsel are unable to obtain such agreement, Plaintiff and Class Counsel will cooperate with Defendant in assuring that duplicative litigation does not interfere with the benefit of this Agreement to the Class and to the Released Parties.

**2.6**      Defendant has provided Counsel for Plaintiff documents and information describing in detail the operation of Jumio's technology and information with respect to Class size. Counsel for Plaintiff have also deposed Jumio regarding multiple topics pursuant to Rule 30(b)(6).  This information is to be used solely for purposes of the Agreement and may not be used for any purpose in the event the Agreement is terminated or if the Court does not enter the Final Order

146007379.2

and Judgment.

**3.      RELIEF**

**3.1      Prospective Relief.**  Defendant agrees to use all commercially reasonable means to comply with BIPA by implementing the following prospective relief, which shall be implemented within a reasonable time not to exceed three (3) months from the date of entry of the Final Approval Order:

> a.      Defendant agrees to obtain through commercially reasonable methods BIPA-compliant consent of individuals in Illinois to collect, capture, or obtain their Biometrics.  Such methods may consist of undertaking commercially reasonable efforts to cause Defendant's Customers that are subject to BIPA to obtain such consent.

> b.      Defendant agrees not to sell, lease, disclose, disseminate or trade the Biometrics of any individual in Illinois to any third-party except as permitted under BIPA.

> c.      Defendant agrees to store, transmit, and protect from disclosure Biometrics, using reasonable security measures that are consistent with BIPA and at least as protective as the manner in which Defendant stores, transmits, and protects other confidential and sensitive information.

> d.      Defendant agrees to require in its standard terms and conditions with Customers that are subject to BIPA serving individuals in Illinois that Defendant's products may be used only in compliance with all applicable laws and regulations.

> e.      Defendant agrees to develop a publicly-available policy establishing a retention schedule and a procedure for permanently destroying Biometrics of individuals in Illinois.

> f.      Defendant may seek the Court's approval to modify these commitments to conform to applicable law.

**3.2      Establishment of Settlement Fund.**

> a.      Defendant agrees to and shall cause itself and/or its insurer to deposit in an interest-bearing bank account established by Defendant the total sum of $7,000,000.00 (Seven Million Dollars). The first $500,000.00 of the Settlement Fund shall be paid within 14 (fourteen) Days following entry of the Preliminary Approval Order and receipt from the Settlement Administrator of detailed wire instructions and a completed W-9 form, and the remaining $6,500,000.00 shall be paid within 30 (thirty) Days of the Settlement Date, with funding occurring prior to the Settlement Date as necessary to pay for Administrative Expenses. The Settlement Fund shall be used to pay (i) Approved Claims; (ii) costs of administration of the

6

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

Agreement to the Settlement Administrator, including without limitation payment of Administrative Expenses; (iii) the Fee Award; and (iv) an Incentive Award. The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement, and Defendant and its insurer shall have no obligation to make any further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the settlement beyond the Settlement Fund.  Under no circumstances will Defendant or its insurer have any liability for taxes or tax expenses under this Agreement.

       b.      The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements.

       c.      If the Final Order and Judgment as defined in this Agreement is not entered, the Settlement Fund will belong to Defendant's insurer, less any administrative expenses incurred to the date of the Final Approval Hearing. Within 30 Days of the Court's action indicating that the Final Order and Judgment as defined in the Agreement will not be entered, the Settlement Administrator shall transfer to Defendant's insurer the Settlement Fund less administrative expenses incurred to the date of the Final Approval Hearing.

**3.3    Distribution of Settlement Fund.**  Each Settlement Class Member may submit a Claim Form. Timely submission of a Valid Claim Form shall entitle the Class Member to receive a cash payment from the Settlement Fund equal to the Class Member's *pro rata* share of the Settlement Fund after Administrative Expenses, the Fee Award, and an Incentive Award have been deducted from the Settlement Fund. Every Settlement Class Member who timely submits a Valid Claim Form shall receive the same benefit, including the same amount of cash from the Settlement Fund, as every other Class Member who timely submits a Valid Claim Form.

**4.      SUBMISSION FOR PRELIMINARY APPROVAL ORDER**

**4.1**    This Agreement shall be subject to approval of the Court. As set forth in Section 14, Defendant shall have the right to terminate the Agreement if the Court does not approve the material aspects of the Agreement.

**4.2**    Plaintiff, through Class Counsel, shall file an unopposed motion for entry of an Order Conditionally Certifying the Settlement Class, granting Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, approving the Class Notice and Claim Form, appointing Class Counsel and Plaintiff as the class representative, and for entry of the Preliminary Approval Order. The Preliminary Approval Order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the notice program set forth in Section 6.

**4.3.**    The Parties shall request that the Final Approval Hearing be scheduled approximately ninety (90) Days after entry of the Preliminary Approval Order and that the Court approve the settlement of the Action as set forth herein.

**4.4.**    At least fourteen (14) Days before the Final Approval Hearing, or by another date if directed by the Court, Plaintiff shall move for (i) final approval of the Settlement; (ii) final

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Approval Order, and file a memorandum in support of the motion for final approval.

## 5.     CLAIMS ADMINISTRATION PROCESS

**5.1     Third-Party Settlement Administrator**.  The Settlement Administrator shall be responsible for all matters relating to the administration of this Agreement as set forth herein. Those responsibilities include, but are not limited to, giving Notice to Settlement Class Members, establishing and maintaining the Settlement Website and a toll-free telephone number for inquiries about the Agreement, fielding inquiries about the Agreement, processing all Claim Forms, determining which Claim Forms are Valid Claim Forms, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form if not properly completed and timely submitted or where there is evidence of fraud, processing and approving requests for exclusion, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.

The Settlement Administrator shall provide weekly updates on the status of claims and requests for exclusion to counsel for all Parties and will provide additional updates as reasonably requested by any Party. Class Counsel shall be responsible for supervising the Settlement Administrator and will use best efforts to ensure that the Settlement Administrator acts in accordance with this Agreement and any orders of the Court.

If any of the terms of this Agreement relating to the Settlement Administrator's services would unreasonably hinder or delay such processes or make them costlier, the Settlement Administrator shall so advise the Parties, and the Parties shall accommodate the Settlement Administrator, to the extent allowed by the terms herein and to the extent necessary to carry out the intent of this Agreement.

**5.2     Notice Database.**  To facilitate the notice and claims administration process, Defendant will provide to the Settlement Administrator, in an electronically searchable and readable format, a Notice Database that includes reasonably available contact information, including names and mailing addresses, for all known Settlement Class Members, to the extent Defendant possesses such information. Defendant shall provide the Notice Database to the Settlement Administrator as soon as practicable and no later than twenty-one (21) Days after the entry of the Preliminary Approval Order.

**5.3     Class Member Information Solely for Purposes of Notice.** Any information relating to Settlement Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to Settlement Class Members and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Settlement Class Members have been made; and shall not be used for any other purpose.

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

## 6.    NOTICES

**6.1    Notice Program**.  The notice program shall be approved by the Court in the Preliminary Approval Order and shall consist of the following:

a.    <u>Timing of Class Notice</u>.  Notice shall be provided as set forth in this Agreement within Thirty-Five (35) Days following entry of the Preliminary Approval Order.

b.    <u>Content of Notice.</u> The Notice shall be substantially in the form of Exhibits 2 and 3 attached hereto. The Notice shall be designed to inform Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement and how they may (a) obtain a copy of the Claim Form and file a claim; (b) protect their rights regarding the settlement; (c) request exclusion from the Settlement Class and the proposed settlement, if desired; (d) object to any aspect of the proposed settlement, if desired; and (e) participate in the Final Approval Hearing, if desired. The Notice shall provide instructions as to how Settlement Class Members may submit Claims Forms and become eligible for a *pro rata* cash payment from the Settlement Fund. The Notice shall make clear that the Agreement shall be binding on all Settlement Class Members, i.e., those who do not timely and properly submit requests for exclusion from the Settlement Class.

c.    <u>Form of Notice.</u>  The Notice shall be presented in multiple forms and presented through multiple media, as set forth below.

i.    <u>Notice by Mail</u>. The Settlement Administrator shall mail via U.S. Mail Notice of the settlement (substantially in the form of Exhibit 3) to all Settlement Class Members as to whom physical addresses are available. The Settlement Administrator shall use its best efforts to determine the last known physical address of every Class Member, as set forth in the Notice Database, by taking at least the following steps: (i) the Settlement Administrator shall check each address supplied in the Notice Database against the United States Post Office National Change of Address Database, (ii) the Settlement Administrator shall update addresses based on any forwarding information received from the United States Post Office, and (iii) the Settlement Administrator shall update addresses based on requests received from persons in the Settlement Class. The Settlement Administrator shall promptly re-mail the Notices to the updated addresses provided under scenarios (ii) and (iii) above. All costs of address confirmation and data trace searches shall be considered Settlement Administration Costs and deducted from the Settlement Fund.

ii.    <u>Notice by Internet Banner</u>.  Defendant shall place a "banner" on a page on Defendant's website, with a hyperlink to the Settlement Website, commencing no later than fourteen (14) Days after entry of the Preliminary Approval Order and continuing until the Settlement Date. In addition, the Settlement Administrator shall design and conduct an internet advertisement publication notice program, which must be approved by the Parties and shall be limited to site visitors located in Illinois. This internet advertisement publication notice shall commence no later

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

than thirty-five (35) Days after entry of the Preliminary Approval Order and shall continue through the Claims Deadline.

iii.    <u>Notice by Publication</u>.  The Settlement Administrator shall arrange for the publication of the Publication Notice in the online and offline versions of three widely-circulated newspapers in the state of Illinois to be displayed for at least three non-consecutive days (not in the same week), beginning no later than fourteen (14) Days after the Preliminary Approval Order is entered. Such publication notice shall use the same font and imagery as Defendant's website.

iv.    <u>Settlement Website</u>.  The Settlement Administrator shall create and maintain a Settlement Website that contains information about the Settlement, including an electronic copy of the Notice by Mail (substantially in the form of Exhibit 3), the Settlement Agreement, and all material Court filings related to the Settlement. Settlement Class Members shall be able to submit Claim Forms via the Settlement Website. The URL of the Settlement Website shall be subject to approval by both Parties and shall be reasonably reflective of the nature of the Action (such as JumioBIPASettlement.com or such other URL as the Parties may subsequently agree).

## 7.    SUBMISSION AND EVALUATION OF CLAIMS

**7.1**    All claims must be submitted to the Settlement Administrator via the Claim Form, and must be submitted by the Claims Deadline, either electronically via the Settlement Website, via Electronic Mail, or by U.S. Mail, postmarked on or before the Claims Deadline.

**7.2**    The Claim Form shall be substantially in the form attached as Exhibit 1 and shall require the person submitting the form to provide:

a.    His or her full name, mailing address, and contact telephone number, as well as an optional email address;

b.    An affirmation that the person is a member of the Settlement Class; and

c.    A signature and affirmation of the truth of the contents of the Claim Form.

**7.3**    The Claim Form shall further state that: (a) each Settlement Class Member may submit only one Claim Form, and (b) each Settlement Class Member who timely submits a Valid Claim Form will be entitled to receive a cash payment in an equal sum to be determined on a *pro rata* basis from the Settlement Fund, following deduction of all applicable expenses, including administration and notice costs and attorneys' fees, and that as a result the amount received by each Class Member will depend on the number of valid claimants.

**7.4**    Every Claim Form that is timely submitted as required by subsection 7.1 and that is fully completed with the information required by paragraph 7.2 shall be considered a Valid Claim Form. Any Claim Form that lacks the requisite information shall be deemed to be incomplete and ineligible for payment. For any partially-completed Claim Form, the Settlement Administrator

shall attempt to contact the Settlement Class Member who submitted the Claim Form at least once by e-mail or, if no email address is available, by regular U.S. mail (i) to inform the Settlement Class Member of any error(s) and/or omission(s) in the Claim Form and (ii) to give the Settlement Class Member one opportunity to cure any errors and/or omissions in the Claim Form. The Settlement Class Member must cure the error(s) and/or omission(s) by the Claims Deadline, or fourteen (14) Days after the Settlement Administrator sends the email or regular mail notice to the Settlement Class Member regarding the deficiencies in the Claim Form, whichever is later. If the Settlement Class Member cures the error(s) and/or omission(s) by the deadline set forth in this subsection, his or her Claim Form will be considered a Valid Claim Form.

**7.5**    A Settlement Class Member is not entitled to any compensation from the Settlement Fund if he or she submits a Claim Form after the Claims Deadline, and/or if the Claim Form contains false information or remains incomplete after the Settlement Class Member was given an opportunity to cure any error(s) and/or omission(s).

**7.6**    Within twenty-one (21) Days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which Claim Forms are Valid Claim Forms and initially approved and which are initially rejected. The Settlement Administrator may accept or reject any Claim Form submitted and may consider any Claim Form a Valid Claim Form in its sole discretion and may request additional information from the person submitting the Claim Form prior to making this determination. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud and shall deny Claim Forms that are materially incomplete and/or where there is evidence of abuse and/or fraud.

**7.7**    Within twenty-one (21) Days after the Claims Deadline, the Settlement Administrator shall submit to Counsel for the Parties a report listing all initially approved Claims ("**Initially Approved Claims List**") and shall include an electronic PDF copy of all such initially approved Claim Forms. Within twenty-one (21) Days after the Claims Deadline, the Settlement Administrator shall also submit to the Parties a report listing all initially rejected claims ("**Initially Rejected Claims List**") and shall include an electronic PDF copy of all such initially rejected Claim Forms.

**7.8**    Counsel for the Parties shall have fourteen (14) Days after the date they receive the Initially Approved Claims List and related Claim Forms to audit and challenge any initially approved claims. Within fourteen (14) Days after Counsel for the Parties receive the Initially Approved Claims List and related Claim Forms, they shall serve opposing counsel via email with a notice of claim challenges identifying by claim number any initially approved claim they wish to challenge and the reasons for the challenge.

**7.9**    Counsel for the Parties may challenge any claim initially rejected by the Settlement Administrator. Counsel for the Parties shall have fourteen (14) Days after the date they receive the Initially Rejected Claims List and related Claim Forms to audit and challenge any initially rejected claims. Within fourteen (14) Days after Counsel for the Parties receive the Initially Rejected Claims List and related Claim Forms, they shall serve opposing counsel via email with

11

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

a Notice of Claim Challenges identifying by claim number any initially rejected claim they wish to challenge and the reasons for the challenge.

**7.10**    Counsel for the Parties shall meet and confer in an effort to resolve any disputes over any challenged claims. If the challenges are not withdrawn or resolved, the decision of the Settlement Administrator will be upheld. The date all claims are finalized without any further dispute shall be referred to as the "**Claims Finalization Date**." If neither Class Counsel nor Counsel for Defendant challenges the initial claims determination reached by the Settlement Administrator, then the Claims Finalization Date shall be the date both Class Counsel and Defendant's Counsel inform each other that the Parties do not have any objection to the claims determination made by the Settlement Administrator or the time for informing each other of such challenges has lapsed.

**7.11**    Within seven (7) Days of the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties a spreadsheet setting forth the claim number, claimant name, claimant address, and the total amount to be paid to each claimant, which shall be an equal amount for each Approved Claim (the "**Final Claims List**"). Within ten (10) Days after the Claims Finalization Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class Member on the Final Claims List.

**7.12**    The Settlement Administrator shall notify the Parties that all Approved Claims have been paid within five (5) business Days of the last such payment.

**7.13**    In the event that checks sent to Settlement Class Members are not cashed within one hundred fifty (150) Days after their date of issuance, those checks will become null and void. Provided that the amount of the uncashed checks after the expiration date, less any funds necessary for settlement administration, would allow a further distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, such amount will be redistributed in equal amounts to the Settlement Class Members who submitted Valid Claim Forms and cashed their checks. In the event that those redistributed checks are not cashed within ninety (90) days of their date of issuance, those checks will become null and void. The amount of the null and void checks will be paid through *cy pres* to one or more recipients selected by the Parties and approved by the Court.

**8.**    **CLASS MEMBERS' RIGHTS TO INCLUSION/EXCLUSION**

**8.1**    Except for those persons who properly request exclusion as described below, all members of the Class will be deemed Settlement Class Members for all purposes under this Agreement.  Any person who properly requests exclusion shall not be entitled to relief or other benefits under this Agreement, shall not be entitled to object to any aspect of this Agreement, and shall not be affected by this Agreement.

**8.2**    A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked, or submitted electronically via the Settlement Website, on or before the Objection/Exclusion Deadline. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

**8.3**     The Parties shall have the right to challenge the timeliness and validity of any exclusion request. Class Counsel shall also have the right to effectuate the withdrawal of any exclusion filed in error and any exclusion that a person wishes to withdraw for purposes of participating in the settlement as set forth in this Agreement. A list reflecting all individuals who timely and validly exclude themselves from the Settlement Class shall be filed with the Court at the time of the motion for final approval of the settlement, and the Court shall determine whether any contested exclusion request is valid.

**8.4**     Within seven (7) Days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide to the Parties a list of all persons who opted out by validly requesting exclusion. In the event that the number of persons who opted out exceeds 100, Defendant may elect to terminate this Agreement on the ground that exclusion at that level threatens to frustrate the essential purpose of this Agreement.  Defendant may exercise its right to terminate this Agreement under this subsection by notifying Class Counsel of its election no later than twenty-one (21) Days after Defendant's receipt of the list of persons who requested exclusion.

## 9.     OBJECTIONS

**9.1**     The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline, the person making an objection shall: (i) file his/her objection with the Clerk of Court; (ii) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (iii) send copies of such papers via United States mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this Settlement.

**9.2**     Any Settlement Class Member who intends to object to the settlement must include in any such objection: (i) his/her full name, address and current telephone number; (ii) the case name and number of this Action; (iii) the Defendant's Customer to whom, or website at which, he/she provided his/her Biometrics; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature. If represented by counsel, the objecting Settlement Class Member's counsel shall identify all objections it has filed to other class action cases in the last five years. If the objecting Settlement Class Member intends to

appear at the Final Approval Hearing, either with or without counsel, he/she must state as much in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

**9.3**      Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement shall not be permitted to object to the approval of the Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the settlement or the terms of the Agreement by appeal or other means.

**9.4**      Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement.  Any Settlement Class Members who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to this Settlement Agreement or any of its terms.  If a Settlement Class Member returns both a Claim Form and a written request for exclusion, the request for exclusion shall deemed void and of no force and effect, and the Claim Form shall be processed under the terms of this Settlement Agreement.

## 10.      EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

**10.1**      This Agreement shall be the sole and exclusive remedy for every Class Member with respect to any and all Settled Claims. Upon entry of the Final Order and Judgment, each member of the Settlement Class shall be barred from initiating, asserting, or prosecuting any claim that is released by operation of this Agreement and the Final Order and Judgment. In the event any member of the Settlement Class attempts to prosecute an action in contravention of the Final Order and Judgment and this Agreement, counsel for any of the Parties may forward this Agreement and the Final Order and Judgment to such Class Member and advise him, her, or it of the releases provided pursuant to this Agreement. If so requested by Defendant or counsel for Defendant, Class Counsel shall provide this information to the Settlement Class Member.

**10.2**      Upon entry of Final Order and Judgment, the Action shall be dismissed with prejudice.  Settlement Class Members may not commence or actively prosecute actions on any Settled Claims against Defendant once the Final Order and Judgment is entered.

**10.3**      The Court will retain exclusive and continuing jurisdiction over the action and all Parties to interpret and enforce the terms, conditions, and obligations of this Agreement.

## 11.      RELEASES

**11.1**      Upon entry and by operation of the Final Order and Judgment, and regardless of whether any Class Member executes and delivers a written release, each and every Releasing Party releases and forever discharges each and every Released Party from any and all Settled Claims.

**11.2**      By operation of the Final Order and Judgment, the Releasing Parties expressly waive the provisions of California Civil Code § 1542 (and all other similar provisions of law) to the full

14

extent that these provisions may be applicable to this Release.  California Civil Code § 1542 provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

By operation of the Final Order and Judgment, the Releasing Parties shall be deemed to assume the risk that facts additional, different, or contrary to the facts which each believes or understands to exist, may now exist or may be discovered after the Release set forth in this Agreement becomes effective, and the Releasing Parties shall, by operation of the Final Order and Judgment, be deemed to have agreed that any such additional, different or contrary facts shall in no way limit, waive or reduce the foregoing Release, which shall remain in full force and effect.

## 12.   CLASS COUNSEL FEES, COSTS AND EXPENSES

**12.1**    At least twenty-one (21) days prior to the Objection/Exclusion Deadline, Class Counsel may move the Court for an award of attorneys' fees in an amount $2,800,000.00 (Two-Million Eight-Hundred Thousand Dollars), exclusive of costs and expenses. Defendant agrees not to oppose an application for attorneys' fees, costs and expenses by Class Counsel in such an amount. Class Counsel, in turn, agrees not to seek from the Court or to accept attorneys' fees in excess of such amount.

**12.2**    The Court's consideration of the Fee Award shall be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

**12.3**    Class Counsel shall provide the Settlement Administrator with a completed W-9 before the payment of the Fee Award is due. Within seven (7) Days after the Settlement Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid by electronic wire transfer to an account designated by Class Counsel.

**12.4**    Prior to or at the same time as Plaintiff seeks Final Approval of the Settlement, Class Counsel shall move the Court for an Incentive Award for the Class Representative in an amount not to exceed $10,000.00 (Ten Thousand Dollars), and Defendant agrees that it will not oppose such a request. The Incentive Award shall be paid solely from the Settlement Fund by check written by the Settlement Administrator within seven (7) Days of the Settlement Date.

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

## 13.    FINAL ORDER AND JUDGMENT

**13.1**    The Parties shall jointly seek entry of Final Order and Judgment that is mutually agreeable to the Parties and is as described in this Section 13.  The dismissal orders, motions or stipulation to implement this Section shall, among other things, provide for a dismissal with prejudice and waiver of any rights of appeal.

**13.2**    The Final Order and Judgment shall:

a.    Give final approval of this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of 735 ILCS 5/2-801 and directing its consummation according to its terms; and

b.    Dismiss, with prejudice, all claims of the Settlement Class against Defendant in the Action, without costs and fees except as explicitly provided for in this Agreement; and

c.    Reserve continuing and exclusive jurisdiction over this Agreement, the Action, the Parties, and the Settlement Class Members for the purposes of administering, consummating, supervising, construing and enforcing the Agreement and the Settlement Fund; and

d.    Approve the Releases provided in Section 10 of this Agreement; and

e.    Order that as of the Settlement Date the Settled Claims will be released as to the Released Parties; and

f.    Find that pursuant to 735 ILCS 5/2-1301, there is no just reason for the delay of entry of final judgment with respect to the foregoing.

## 14.    TERMINATION OF THE AGREEMENT

The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment.  If the Court does not issue the Final Order and Judgment as set forth in this Agreement following conclusion of the Final Approval Hearing, or if Defendant terminates the Agreement as provided in subsection 8.4, the Agreement will be terminated, having no force or effect whatsoever, and shall be null and void and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

## 15.    CONFIDENTIALITY

No Party shall initiate any publicity relating to or make any public comment regarding this settlement until the Court has issued the Preliminary Approval Order. Defendant may, however, disclose information about the settlement to its Customers prior to such time.

16

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

## 16.    MISCELLANEOUS PROVISIONS

**16.1**    This Agreement, including all attached exhibits, shall constitute the entire Agreement between the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties.

**16.2**    This Agreement may not be changed, modified or amended except in writing and signed by both Class Counsel and Defendant's counsel, subject to Court approval if required.

**16.3**    The Parties may agree, subject to approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

**16.4**    Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will.  Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

**16.5**    This Agreement has been negotiated at arms' length by Class Counsel and Defendant's counsel.  In the event of any dispute arising out of this Agreement or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

**16.6**    The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**16.7**    This Agreement shall be binding upon and inure to the benefit of all Settlement Class Members, Defendant, and their respective representatives, heirs, successors and assigns.

**16.8**    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

**16.9**    This Agreement will be construed in accordance with the laws of the state of Illinois.

**16.10**    If any provision, paragraph, section, subsection, or other portion of this Agreement is found to be void (except for Sections 3 & 11), all of the remaining provisions of this Agreement shall remain in full force and effect.

**16.11**    The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand covered by this Agreement.

**16.12**    The signatories to this Agreement represent that they have been duly authorized to execute this Agreement on behalf of the Parties they purport to represent.

**16.13**    This Agreement may be executed by the Parties in one or more counterparts exchanged

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

by hand, messenger, facsimile, or PDF as an electronic mail attachment, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**[Remainder of Page Intentionally Left Blank]**

18

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

The undersigned have caused this Settlement Agreement to be executed as of the dates set forth below:

ALEX PRELIPCEANU, individually and on behalf of the Settlement Class

Date: 11/27/19

MCGUIRE LAW, P.C., as Class Counsel

By:

Print Name: David Gerbie

Date: 11/27/2019

JUMIO CORPORATION

By:

Print Name:_____

Date_____

PERKINS COIE, LLP, as Defendant's Counsel

By:

Print Name:_____

Date:_____

19

146007379.2

FILED DATE: 7/7/2020 8:22 PM   2018CH15883

**The undersigned have caused this Settlement Agreement to be executed as of the dates set forth below:**

**ALEX PRELIPCEANU, individually and on behalf of the Settlement Class**

_____

Date:_____

**MCGUIRE LAW, P.C., as Class Counsel**

By:

Print Name:_____

Date:_____

**JUMIO CORPORATION**

By: _Michael Duignan_

Print Name:__Michael Duignan_____

Date__November 27, 2019_____

**PERKINS COIE, LLP, as Defendant's Counsel**

By: _____

Print Name:__Susan Fahringer_____

Date:_November 27, 2019_____

19

146007379.2