# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US, *and* JUMIO CORPORATION,

      Defendants.

Case No. 3:21-cv-01425-SPM

Hon. Stephen P. McGlynn

 

## BINANCE CAPITAL MANAGEMENT CO., LTD.'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
## AND MEMORANDUM OF LAW IN SUPPORT

Alexander H. Southwell
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jkahn@rshc-law.com

*Counsel for Defendant Binance Capital Management Co., Ltd.*

**TABLE OF CONTENTS**

INTRODUCTION..............................................................................................................1

BACKGROUND...............................................................................................................3

    I.    The Parties ............................................................................................3

    II.   Plaintiff's Allegations ...........................................................................4

ARGUMENT ....................................................................................................................6

    I.    The FAC Must Be Dismissed Because This Court Lacks Personal
        Jurisdiction Over BCM. ........................................................................6

        A.    This Court Does Not Have General Personal Jurisdiction Over BCM. ..........7

        B.    This Court Does Not Have Specific Personal Jurisdiction Over BCM...........8

        C.    Plaintiff May Not Manufacture Jurisdiction With Unsupported
               Allegations of Conspiracy, Agency, or Alter Ego. ........................................9

    II.   Alternatively, the Court Should Dismiss the FAC Because It Does Not
         Adequately Plead Any Claims Against BCM. .........................................13

CONCLUSION .................................................................................................................18

# TABLE OF AUTHORITIES

**CASES**

*Aasen v. DRM, Inc.*,
  2010 WL 2698296 (N.D. Ill. July 8, 2010) ..................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................................15

*Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*,
  90 N.E.3d 440 (Ill. 2017) ............................................................................................6, 7, 9

*Bank of Am., NA v. Knight*,
  725 F.3d 815 (7th Cir. 2013) .......................................................................................14, 16

*Bittman v. Fox*,
  2015 WL 5612061 (N.D. Ill. Sept. 23, 2015) ..................................................................10

*Cebulske v. Johnson & Johnson*,
  No. 14–cv–627–DRH–SCW, 2015 WL 1403148 (S.D. Ill. Mar. 25, 2015) ................11

*Cleary v. Philip Morris Inc.*,
  656 F.3d 511 (7th Cir. 2011) .............................................................................................17

*Connick v. Suzuki Motor Co.*,
  675 N.E.2d 584 (Ill. 1996) ................................................................................................16

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................................7

*In re Dental Supplies Antitrust Litig.*,
  2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) .................................................................12

*Eilenfeldt v. United CUSD #304 Bd. of Educ.*,
  2013 WL 12248080 (C.D. Ill. Mar. 25, 2013) ................................................................15

*Heartland Barge Mgmt., LLC v. Precon Marine, Inc.*,
  No. 20-CV-573-SPM, 2020 WL 6544775 (S.D. Ill. Nov. 6, 2020) ...........................6, 12

*In re Honey Transshipping Litig.*,
  87 F. Supp. 3d 855 (N.D. Ill. 2015) .................................................................................10

*Khan v. Gramercy Advisors, LLC*,
  61 N.E.3d 107 (Ill. Ct. App. 2016) ..................................................................................13

*Landau v. CNA Fin. Corp.*,
  886 N.E.2d 405 (Ill. Ct. App. 2008) ................................................................................16

*Lexington Ins. Co. v. Hotai Ins. Co.*,
   938 F.3d 874 (7th Cir. 2019) .............................................................................8

*Madison Miracle Prods., LLC v. MGM Distrib. Co.*,
   978 N.E.2d 654 (Ill. Ct. App. 2012) ..................................................................11

*McGoveran v. Amazon Web Servs., Inc.*,
   488 F. Supp. 3d 714 (S.D. Ill. 2020) ..................................................................8

*McGoveran v. Amazon Web Servs., Inc.*,
   2021 WL 4502089 (D. Del. Sept. 30, 2021) ......................................................16

*Mohammed v. Uber Techs., Inc.*,
   237 F. Supp. 3d 719 (N.D. Ill. 2017) ..................................................................9

*Monroy v. Shutterfly, Inc.*,
   2017 WL 4099846 (N.D. Ill. Sept. 15, 2017) ....................................................16

*Nance v. NBCUniversal Media, LLC*,
   2018 WL 1762440 (N.D. Ill. Apr. 12, 2018) ......................................................14

*Old Orchard Urban Ltd. P'Ship v. Harry Rosen, Inc.*,
   904 N.E.2d 1050 (Ill. Ct. App. 2009) ...........................................................10, 11

*Page v. Democratic Nat'l Comm.*,
   2020 WL 8125551 (N.D. Ill. Aug. 17, 2020) ....................................................12

*Patel v. Fendler*,
   No. 15-cv-0366-MJR-SCW, 2016 WL 336017 (S.D. Ill. Jan. 28, 2016)..................14

*Pena v. Gray Line Corp.*,
   2018 WL 2388411 (N.D. Ill. May 25, 2018) ......................................................11

*Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*,
   128 F. Supp. 2d 1143 (N.D. Ill. 2001) ................................................................10

*Ploense v. Electrolux Home Prods., Inc.*,
   882 N.E.2d 653 (Ill. Ct. App. 2007)..............................................................11, 12

*Real Colors, Inc. v. Patel*,
   974 F. Supp. 645 (N.D. Ill. 1997) ......................................................................10

*Rios v. Bayer Corp.*,
   178 N.E.3d 1088 (Ill. 2020) ............................................................................6, 8

*Ritchie Capital Mgmt. LLC v. Costco Wholesale Corp.*,
   2018 WL 1565593 (N.D. Ill. Mar. 30, 2018) ....................................................12

iii

*Rivera v. Google Inc.*,
    238 F. Supp. 3d 1088 (N.D. Ill. 2017) ........................................................................16

*Shanahan v. Nat'l Auto Prot. Corp.*,
    2020 WL 3058088 (N.D. Ill. June 9, 2020) ...........................................................11, 16

*Smith v. Jefferson Cnty. Bd. of Educ.*,
    378 F. App'x 582 (7th Cir. 2010) .............................................................................12

*Stone v. Corrigan Bros., Inc.*,
    No. 20-cv-261-SPM, 2020 WL 6889249 (S.D. Ill. Nov. 24, 2020) .............................6

*Stroman Realty, Inc. v. Allison*,
    2017 WL 2589983 (Ill. App. Ct. June 13, 2017) .......................................................16

*Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*,
    571 F. Supp. 2d 882 (N.D. Ill. 2008) ......................................................................15

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...............................................................................................12

*Wiggen v. Wiggen*,
    954 N.E.2d 432 (Ill. Ct. App. 2011) ........................................................................6, 7

**STATUTES**

735 ILCS 5/2-209 .........................................................................................................6

**RULES**

Fed. R. Civ. P. 8 ...........................................................................................................15

Fed. R. Civ. P. 12 ...........................................................................................................3

**INTRODUCTION**

In its original motion to dismiss, Binance Capital Management ("BCM") explained that Plaintiff had offered no basis to hale BCM into this Court, because BCM has no connection to Illinois or the alleged privacy violations at issue. Although Plaintiff had the benefit of BCM's previous motion (and the supporting evidence) demonstrating that BCM has no connections to this State that would support a basis for personal jurisdiction, Plaintiff did not amend his complaint to plead any new jurisdictional facts. Instead, the First Amended Complaint ("FAC") corrected the spelling of Plaintiff's name and added allegations regarding Defendant Jumio's policies concerning biometric data.

In other words, with the (barely) amended allegations, there is *still* no factual basis to assert jurisdiction over BCM or to conclude that BCM played *any* role in the alleged statutory violations.

As BCM explained previously, Plaintiff contends that when he downloaded the BAM Trading Services Inc. ("Binance.US") application—which, again, is entirely unrelated to BCM—he provided biometric data without giving written consent or being provided information purportedly required under Illinois' Biometric Information Privacy Act ("BIPA"). Once again, however, Plaintiff fails to allege, and cannot contend in good faith, that BCM—which does not operate in or have any connections to Illinois—played any role in the alleged statutory violations. Instead, Plaintiff baldly avers that BCM was supposedly involved with Binance.US as a "co-conspirator," "agent," or "alter ego." But Plaintiff does not, and cannot (despite now having had two opportunities), plead facts to support any of those theories.

This Court does not need to reach the merits of the nearly nonexistent allegations against BCM, because there is no basis for asserting personal jurisdiction over it. As the FAC acknowledges, BCM is incorporated in the British Virgin Islands. It lacks *any* contacts with Illinois, let alone sufficient minimum contacts, that would authorize the exercise of personal jurisdiction. It does no

business in Illinois.  It owns no property in Illinois.  It maintains no agent for service of process in Illinois.  It maintains no bank accounts, offices, post office boxes, telephone numbers, or other business facilities in Illinois.  It seeks no revenue here.  Forcing BCM to litigate in Illinois plainly would violate BCM's constitutional rights.

Given the complete absence of any nexus between BCM and Illinois, it comes as no surprise that Plaintiff does not allege any facts to support personal jurisdiction.  Instead, Plaintiff tenuously alleges that BCM and Binance.US are co-conspirators and agents of one another, and that BCM is an alter ego of Binance.US.  But Plaintiff's assertion of jurisdiction on these various bases is vague, conclusory, and unsupported by the facts.  These theories therefore provide no alternative basis for asserting jurisdiction here.  If this Court were to hold otherwise, it would be overruling decades of Supreme Court jurisprudence foreclosing personal jurisdiction in these circumstances.  If proclaiming in rote fashion that there is a conspiracy, that one defendant is an agent of another, or that one defendant is the alter ego of another were sufficient to establish jurisdiction, foreign defendants would lose all due-process protections guaranteed to them under the U.S. Constitution and could theoretically be haled into court in any state.  And Plaintiff was, of course, well aware of these deficiencies because BCM spelled them out in its prior motion.  Yet Plaintiff made no credible effort to fix the jurisdictional shortcomings in his FAC.  He cannot do so.

Moreover, although this Court need not reach the merits, given the FAC's singular focus on the interactions between Plaintiff and the Binance.US platform, Plaintiff has also (unsurprisingly) failed to plead any legally cognizable claims against BCM.  Even if that were not the case, the Illinois BIPA does not apply extraterritorially, so the BIPA claim must be dismissed on that basis as well.  And Plaintiff's wholly derivative, tacked-on "unjust enrichment" claim fails for the added reason that Plaintiff has not alleged that Binance.US's supposed lack of disclosures or failure to obtain written consent was detrimental to him or altered his behavior.

The FAC is Plaintiff's second bite of the apple, one it took *after* seeing BCM's original motion to dismiss. Dkt. 27. Yet with respect to BCM, Plaintiff's allegations are still insufficient to show personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the FAC still alternatively fails to state a claim under Rule 12(b)(6). The FAC therefore must be dismissed as to BCM, with prejudice.

## BACKGROUND

### I. The Parties

**Binance Capital Management Co., Ltd.** was founded in 2019 and organized under the laws of the British Virgin Islands. Declaration of Samantha Chan ("Chan Decl.") ¶ 2; FAC ¶ 17.[1] BCM is an investment holding company. Chan Decl. ¶ 3.

As the FAC alleges, BCM is a "foreign corporation." FAC ¶ 17. BCM does not engage in any business at all in Illinois. Chan Decl. ¶ 5. BCM is not registered to do business in Illinois, and its principal place of business is not in Illinois. *Id.* ¶¶ 5–6. BCM maintains (1) no office or mailing address in Illinois, (2) no books or records in Illinois, and (3) no agent for service of process in Illinois. *Id.* ¶¶ 6, 9, 10, 12. And BCM is not the parent company of any subsidiary in Illinois. *Id.* ¶ 8.

**Other Entity Defendants.** In addition to BCM, the FAC names Binance.US, alleging it is a Delaware corporation headquartered in California. FAC ¶ 18. Binance.US is a cryptocurrency exchange available to users in the United States via website or mobile app. *Id.* ¶ 5. As Plaintiff apparently recognized in filing the FAC, *compare* FAC ¶ 15, *with* Compl. (Dkt. 1-1) ¶ 14, BCM and

---

[1] The Chan Declaration attached to this motion is the same declaration that BCM previously attached to its motion to dismiss the original complaint (*see* Dkts. 27, 27-1).

Binance.US are separate and distinct legal entities, Chan Decl. ¶ 19, that are represented by separate counsel in this action. Binance.US is neither a parent nor a subsidiary of BCM. *Id.* ¶¶ 17–18.

The FAC also names Jumio Corporation, a Delaware corporation headquartered in California, as a defendant. FAC ¶ 19. It alleges that Jumio created the "capture process for biometric identifiers" used by Binance.US. *Id.*

## II. Plaintiff's Allegations

Plaintiff filed this putative class action on October 4, 2021, alleging that (1) all three defendants violated the Illinois BIPA and (2) BCM and Binance.US were unjustly enriched. Compl. ¶¶ 48–64. After all Defendants filed motions to dismiss, Dkts. 27–28, 30, Plaintiff filed his slightly revised (*e.g.*, correcting the spelling of his own name) FAC—which brings the same causes of action against the same Defendants, FAC ¶¶ 54–70—on February 22, 2022.[2]

The FAC alleges that to use "the Binance.US app" users must create an account. FAC ¶ 8. To do so, "the Binance.US website and mobile applications" require potential users to undergo a "personal identity verification process," which asks users to take a "selfie" in order "to capture, analyze and compare biometric data of the user's facial features." *Id.* ¶¶ 9, 24. The purpose of this identity verification process is to avoid fraudulent or unauthorized users from accessing the Binance.US exchange. *Id.* ¶ 10. The FAC alleges that "Binance, Binance.US, and Jumio obtained biometric identifiers and information from users of the Binance.US exchange, including facial geometry data, without first notifying them, without disclosing the length for collection, storage and use of this information and without obtaining proper written consent." *Id.* ¶ 15.

---

[2]  Plaintiff's FAC fails to comply with the Southern District of Illinois' local rule concerning amended pleadings, which requires that "[a]ll new material in an amended pleading must be underlined." L.R. 15.1.

On March 15, 2021, Plaintiff allegedly downloaded the Binance.US iPhone application. FAC ¶ 26. When he created his account, Plaintiff reviewed and accepted a "Self-Directed Custodial Account Agreement," which the FAC alleges did not reference the collection of biometric data. *Id.* ¶ 28. In addition, Plaintiff was allegedly prompted to take a photograph of his face using a camera screen "within the Binance.US application." *Id.* ¶ 30. The FAC alleges that Plaintiff was not given proper notice "from defendants" that the images would be used to capture his personal biometric data and that Plaintiff was not informed that his biometric data would be collected, for what purpose it would be used, or for how long it would be stored "by Binance.US and Jumio." *Id.* ¶¶ 32–34. The FAC further alleges that on May 25, 2021, the Binance.US Android and iOS applications were updated to include a notification asking users to consent to the collection of biometric data. *Id.* ¶¶ 35–36; *see also id.* ¶¶ 40, 43 (alleging that neither Binance.US's "Terms of Use" nor "Privacy Policy" speaks to the collection of biometric data).

The FAC includes scarcely any allegations directed at BCM. It baldly alleges that BCM "with assistance and control from or as an alter ego of Binance.US, collected [Plaintiff's] and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of this biometric data." FAC ¶ 44. *Contra* Compl. ¶ 40 (alleging that BCM "was the entity that directly collected" the biometric information and identifiers from Plaintiff and other users). To circumvent the fact that BCM is not responsible for the operation of the Binance.US platform, the FAC alleges in an entirely conclusory manner that "[e]ach defendant acted as an aider, abettor and co-conspirator of the other defendant, or is obligated by law to be financially responsible for such conduct," because "each defendant acted as the agent, employee, representative, partner or joint venture of the other defendant in the commission of the acts alleged," and "authorized or ratified" the acts of the other defendants. FAC ¶ 20. But there are no factual allegations supporting these conclusory assertions.

5

**ARGUMENT**

I.   **The FAC Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over BCM.**

Plaintiff has not alleged, and cannot in good faith allege, that there is any basis for this Court to assert personal jurisdiction over BCM.

A federal court sitting in diversity has personal jurisdiction over a defendant only if a state court in that same state would have jurisdiction. *Heartland Barge Mgmt., LLC v. Precon Marine, Inc.*, No. 20-CV-573-SPM, 2020 WL 6544775, at *2 (S.D. Ill. Nov. 6, 2020). Illinois' long-arm statute contains a catchall provision (735 ILCS 5/2-209(c)) that collapses the jurisdictional inquiry into the single issue of whether a defendant's in-state contacts are sufficient to satisfy federal and Illinois due process. *Wiggen v. Wiggen*, 954 N.E.2d 432, 437 (Ill. Ct. App. 2011); *see also Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017) (federal due process requires that a defendant have certain minimum contacts with the state so maintenance of the suit does not offend traditional notions of fair play and substantial justice). The Illinois Supreme Court has recognized two categories of personal jurisdiction that are subject to the due-process analysis: "general or all-purpose jurisdiction and specific or case-linked jurisdiction." *Rios v. Bayer Corp.*, 178 N.E.3d 1088, 1094 (Ill. 2020). Neither provides a basis for jurisdiction over BCM.[3]

---

[3]   Even when—unlike here—a complaint's allegations satisfy a plaintiff's prima facie jurisdictional burden, the defendant may challenge those jurisdictional allegations by furnishing the court with an affidavit, and if it does so the "plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Heartland Barge*, 2020 WL 6544775, at *2 (citation omitted); *Stone v. Corrigan Bros., Inc.*, No. 20-cv-261-SPM, 2020 WL 6889249, at *3 (S.D. Ill. Nov. 24, 2020) (while fact questions are usually resolved in a plaintiff's favor, once the defendant raises the issue of jurisdiction, it is "up to plaintiff to produce evidence supporting their position"). As explained herein, Plaintiff cannot provide the necessary evidence with respect to BCM.

**A.    This Court Does Not Have General Personal Jurisdiction Over BCM.**

The standard for establishing general jurisdiction in Illinois is "quite high," requiring that a "foreign defendant has in effect taken up residence" in the State. *Wiggen*, 954 N.E.2d at 438. The United States Supreme Court has held that where a defendant's "slim contacts with the State hardly render it at home there," the "exercise[] of all-purpose jurisdiction" would be "exorbitant" and is thus barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Daimler AG v. Bauman*, 571 U.S. 117, 121–22, 136–39 (2014). In other words, jurisdiction may be found when the foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State," and its operations are carried on "with a fair measure of permanence and continuity." *Id.*; *Wiggen*, 954 N.E.2d at 438. The reverse is true—*i.e.*, general jurisdiction does not exist—when the nonresident defendant conducts business in Illinois only "occasionally or casually" or, as in this case, not at all. *Id.* (citation omitted).

The FAC (like the complaint before it) has not alleged, and Plaintiff cannot credibly assert, that this Court has general personal jurisdiction over BCM. As an initial matter, the "paradigm" forum where an entity is "essentially at home" is its place of incorporation or principal place of business. *Aspen American*, 90 N.E.3d at 445. But BCM is not incorporated in Illinois and does not have its principal place of business here. FAC ¶ 16 (alleging BCM is a foreign corporation registered in the British Virgin Islands); Chan Decl. ¶ 2.

In addition, this is not an "exceptional case" where BCM's business contacts are so continuous and systematic as to suggest it has in effect taken up residence in the State. *Aspen American*, 90 N.E.3d at 445. BCM does not engage in *any* business in Illinois. It is not registered to do business here. Chan Decl. ¶ 5. It maintains no place of business here. *Id.* ¶ 6. It has no subsidiary in the State. *Id.* ¶ 8. It solicits no business here. *Id.* ¶ 14. It does not have property, bank accounts, telephone numbers, books and records, or agents for service of process in Illinois. *Id.* ¶¶ 7, 9, 10, 12.

Plaintiff effectively concedes there is no basis to hold BCM essentially at home in Illinois. FAC ¶¶ 16, 21. This Court plainly does not have general, all-purpose jurisdiction over BCM.

**B.      This Court Does Not Have Specific Personal Jurisdiction Over BCM.**

Unlike general jurisdiction, "specific" personal jurisdiction is claim specific, requiring a showing that the defendant purposefully directed its activities at the forum state and that the cause of action arose out of or relates to the defendant's contacts with that state. *Rios*, 178 N.E.3d at 1094–95. For example, in *McGoveran v. Amazon Web Services, Inc.*, the court held in another BIPA action that there was no specific personal jurisdiction over a foreign voiceprint service provider when there was no indication that it purposefully directed activities at Illinois citizens or that the litigation arose from contacts it created with Illinois, although plaintiffs contended that the foreign defendant "collected, possessed, and used the voiceprints of Illinois citizens who placed calls from within Illinois." 488 F. Supp. 3d 714, 722 (S.D. Ill. 2020). The court reasoned that the defendant applied its voice biometric technology to "every caller," "not just those calls initiated by Illinois residents" (*i.e.*, there was "no indication" defendants "specifically targeted Illinois citizens"). *Id.*; *see also Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878–79 (7th Cir. 2019) (no specific jurisdiction over Taiwanese company that did not purposefully direct its activities at Wisconsin, because "it is a defendant's contacts with the forum state, not with the plaintiff, that count" and "the financial benefit gained from broad geographic insurance coverage does not constitute 'doing business' with the entire covered territory").

For the reasons already discussed, Plaintiff cannot show that BCM purposefully directed any activities at Illinois or that his causes of action relate to BCM's contacts with the State. Instead, Plaintiff merely alleges in the FAC's "Parties, Jurisdiction and Venue" section that "Defendants"— *not BCM specifically*—have "transacted business related to the matters complained of herein and have made or performed related contracts substantially connected with the State of Illinois." FAC

¶ 21. But that sort of conclusory, vague allegation is insufficient to establish a prima facie showing of personal jurisdiction over a nonresident defendant. *Aspen American*, 90 N.E.3d at 444; *Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 735 (N.D. Ill. 2017). Moreover, Plaintiff's own allegations dispel the notion that BCM is one of the "Defendants" that transacts business and enters contracts in Illinois. The FAC alleges that Plaintiff downloaded the Binance.US application, created an account, and submitted personal identifying (including biometric) information to the Binance.US application. FAC ¶¶ 25–26, 29–31. BCM, however, does not operate Binance.US.

It is unsurprising Plaintiff has not specifically alleged that BCM purposely directed its activities at Illinois. As Plaintiff recognizes, BCM is neither incorporated nor registered to do business in Illinois. FAC ¶ 17; Chan Decl. ¶ 5. BCM maintains no place of business or other facility in Illinois. Chan Decl. ¶ 6. BCM does not own, rent, or otherwise use property in Illinois. *Id.* ¶ 7. BCM has no subsidiary in Illinois. *Id.* ¶ 8. BCM maintains no bank accounts, telephone numbers, or books or records in Illinois. *Id.* ¶ 9. BCM has no agent for service of process in Illinois. *Id.* ¶ 12. None of the executives or directors of BCM resides in Illinois. *Id.* ¶ 11. BCM does not solicit any business in Illinois or otherwise seek revenue from the State. *Id.* ¶¶ 14–15.

Despite Plaintiff's single conclusory allegation to the contrary, BCM has never purposefully directed any activities at Illinois and therefore Plaintiff's causes of action do not relate to BCM's (nonexistent) contacts with this State. As a result, this Court cannot exercise specific personal jurisdiction over BCM.

### C.     Plaintiff May Not Manufacture Jurisdiction With Unsupported Allegations of Conspiracy, Agency, or Alter Ego.

Plaintiff appears to recognize that the facts alleged do not establish a basis for asserting personal jurisdiction over BCM, so the FAC attempts to invoke groundless "conspiracy," "agency,"

and "alter ego" theories of jurisdiction instead. Plaintiff, however, fails to plead *any* facts that would support these indirect theories of jurisdiction.

For example, the FAC alleges that BCM, "with assistance and control from or as an alter ego of Binance.US, collected [Plaintiff's] . . . biometric information and identifiers." FAC ¶ 44. This is the only occasion when the FAC mentions "alter ego" jurisdiction. And it does not allege any facts in support of that alter ego theory—it does not allege that BCM "dominate[s] and control[s] Binance.US," that Binance.US is a subsidiary of BCM, that BCM arranged financing for Binance.US, that BCM controls the flow of money between the corporations (or that there *is* a flow of money between them), that BCM treats Binance.US's extra cash as its own, or that BCM exercises complete control over the daily affairs of its subsidiaries. *See Old Orchard Urban Ltd. P'Ship v. Harry Rosen, Inc.*, 904 N.E.2d 1050, 1061–63 (Ill. Ct. App. 2009) (discussing alter ego theory).

Similarly, the FAC alleges that "[e]ach defendant acted as a[] . . . co-conspirator of the other defendant, or is obligated by law to be financially responsible for such conduct" and that "each defendant acted as the agent, employee, representative, partner or joint venture of the other defendant in the commission of the acts alleged." FAC ¶ 20. Again, that is the lone paragraph in which the FAC invokes either the co-conspirator or agency theories in order to support jurisdiction, and it alleges no facts in support of either theory. Plaintiff has not alleged BCM's "knowing participation" in or agreement to join any conspiracy to not follow the BIPA's statutory requirements, and it is "not enough to simply allege the existence of a conspiracy." *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1146 (N.D. Ill. 2001); *Real Colors, Inc. v. Patel*, 974 F. Supp. 645, 650–51 (N.D. Ill. 1997); *see also In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 873 (N.D. Ill. 2015) (a general averment of conspiracy is not enough to establish that a defendant purposefully availed itself of the benefit of Illinois' laws or should have expected to be called into Illinois' courts); *Bittman v. Fox*, 2015 WL 5612061, at *6 (N.D. Ill. Sept. 23, 2015) (holding that the conspiracy theory

of personal jurisdiction did not apply, because plaintiff did not allege an actual conspiracy, did not supply a single detail of the alleged concerted activity, and only hinted at a conspiracy).

The FAC likewise does not allege any facts to support an "agency relationship" between BCM and Binance.US, *Madison Miracle Prods., LLC v. MGM Distrib. Co.*, 978 N.E.2d 654, 677 (Ill. Ct. App. 2012), such as when a subsidiary corporation conducts the parent corporation's business rather than its own, *Old Orchard Urban*, 904 N.E.2d at 1058–59.[4]

As a result, the FAC's wholly conclusory invocation of the "conspiracy," "agency," and "alter ego" theories is not sufficient to withstand dismissal on jurisdictional grounds. *Shanahan v. Nat'l Auto Prot. Corp.*, 2020 WL 3058088, at *6 (N.D. Ill. June 9, 2020) (plaintiff failed to sufficiently allege a plausible agency relationship and thus did not make out a prima facie case of personal jurisdiction over defendants); *Pena v. Gray Line Corp.*, 2018 WL 2388411, at *3 (N.D. Ill. May 25, 2018) (conclusory allegations that defendants conduct business, advertise, and own property in the State without details as to the nature of that activity are insufficient to establish personal jurisdiction in Illinois).

Even if Plaintiff's conspiracy allegation were factually supported (it is not), that allegation still could not serve as a basis for asserting personal jurisdiction, because the "conspiracy jurisdiction" theory is not recognized under Illinois law. As courts in this district have recognized, the theory of conspiracy jurisdiction "has been heavily criticized by a number of courts in Illinois due to concern regarding viability of the theory as a basis for personal jurisdiction, while still complying with the Due Process Clause." *Cebulske v. Johnson & Johnson*, No. 14–cv–627–DRH–SCW, 2015

---

[4]    The suggestion that Binance.US is both a co-conspirator and agent of BCM is particularly nonsensical—"[b]y alleging a conspiracy . . . [a] plaintiff effectively rules out any agency relationship," because the "acts of an agent are considered in law to be the acts of the principal" and there "can be no conspiracy between a principal and an agent." *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 659 (Ill. Ct. App. 2007) (citation omitted).

WL 1403148, at \*2–4 (S.D. Ill. Mar. 25, 2015) (noting the "strong trend that something more than an attenuated link is necessary to establish a defendant's personal jurisdiction" and dismissing for lack of personal jurisdiction based on a conspiracy theory); *see also Heartland Barge*, 2020 WL 6544775, at \*2 (jurisdiction proper only when the contacts at issue "result from actions by the *defendant himself* that create a 'substantial connection' with the forum" (emphasis added)).

The Seventh Circuit has likewise suggested that Illinois does not authorize conspiracy jurisdiction. The Seventh Circuit recognized that the "problem with [the conspiracy jurisdiction] argument is that the theory may not be valid in Illinois," because the Illinois Supreme Court "'effectively scuttl[ed] the theory.'" *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 F. App'x 582, 585 (7th Cir. 2010) (quoting *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 666 (Ill. Ct. App. 2007)); *see Ritchie Capital Mgmt. LLC v. Costco Wholesale Corp.*, 2018 WL 1565593, at \*6 (N.D. Ill. Mar. 30, 2018) ("Illinois courts do not recognize conspiracy participation as a basis for long-arm jurisdiction, and the Seventh Circuit has 'dashed cold water on the prospect.'" (citation omitted)); *Page v. Democratic Nat'l Comm.*, 2020 WL 8125551, at \*3 (N.D. Ill. Aug. 17, 2020) ("Conspiracy theories of jurisdiction are not viable under Seventh Circuit and Illinois law."), *aff'd*, 2 F.4th 630 (7th Cir. 2021).

And in the wake of the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), conspiracy jurisdiction clearly violates due process and should be rejected "out of hand." *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at \*7 (E.D.N.Y. Sept. 20, 2017) (holding it "highly unlikely that any concept of conspiracy jurisdiction survived the Supreme Court's ruling in *Walden*"). Therefore, even when plaintiffs (unlike the Plaintiff here) do adequately plead the existence of a conspiracy encompassing a nonresident defendant, that *does not* justify the exercise of jurisdiction by an Illinois court over a foreign defendant with no direct connections to the State.

Further, even if the FAC had alleged facts in support of agency or alter ego jurisdiction sufficient to satisfy Plaintiff's prima facie burden (it did not), the evidence shows that BCM and Binance.US are *not* alter egos of each other and have *no* agency relationship. BCM and Binance.US are separate and distinct legal entities. Chan Decl. ¶ 19. Binance.US is not a wholly or partially owned subsidiary of BCM, and BCM neither dominates nor controls Binance.US. *Id.* ¶ 18. Binance.US conducts no business operations on behalf of BCM, and BCM exercises no control over the daily operations of Binance.US. *Id.* ¶ 20. BCM neither finances the operations of Binance.US nor treats its cash flow as BCM's own. *Id.* ¶ 21. BCM and Binance.US do not file consolidated tax returns in Illinois or any other jurisdiction. *Id.* ¶ 22. BCM does not pay for any of Binance.US's operating costs. *Id.* ¶ 20. And BCM and Binance.US do not share office space, and each entity maintains its own corporate records. *Id.* ¶ 23. There is no evidence to suggest that Binance.US's alleged actions in Illinois can properly be imputed to BCM.

\*     \*     \*

BCM and Binance.US are "separate legal entities," meaning "the minimum contacts of one [Binance.US] are not the minimum contacts of another [BCM]." *Khan v. Gramercy Advisors, LLC*, 61 N.E.3d 107, 128 (Ill. Ct. App. 2016). Because the contacts of BCM are insufficient to satisfy federal or state due-process standards, there is no personal jurisdiction over it here, and the FAC—as it relates to BCM—must be dismissed with prejudice.

## II.     Alternatively, the Court Should Dismiss the FAC Because It Does Not Adequately Plead Any Claims Against BCM.

In addition to the lack of any cognizable jurisdictional basis, Plaintiff's effort to drag BCM into his dispute against Binance.US and Jumio fails for the alternative reason that Plaintiff cannot state any viable legal claim against BCM. Plaintiff cannot credibly allege that BCM violated the Illinois BIPA (Count I) or was unjustly enriched (Count II).

The FAC's allegations as to BCM are essentially nonexistent. The FAC alleges that Plaintiff downloaded the *Binance.US* iPhone application and created an account. FAC ¶ 26. The FAC alleges that Plaintiff and other account holders of *Binance.US* had their biometric data collected. *Id.* ¶ 25. The FAC alleges that Plaintiff and other users were prompted to take pictures of their faces using a camera screen within the *Binance.US* application. *Id.* ¶ 30. And the FAC alleges that the *Binance.US* Android and iOS/iPadOS applications were updated in May 2021 to include a biometric data disclaimer. *Id.* ¶¶ 35–36. None of the FAC's "Factual Allegations" implicates BCM, and BCM does not operate and is not associated with the Binance.US trading platform. Chan Decl. ¶ 16.[5]

The FAC attempts to skirt that glaring problem in the "Causes of Action" section by repeatedly referring to the actions of "Defendants." FAC ¶¶ 57–58, 60, 62, 63–65, 69. But the "Factual Allegations" section makes clear that Plaintiff's quarrel actually concerns the alleged actions or omissions of entities *other than* BCM. *See id.* ¶¶ 25–26, 30, 35–36. And a complaint may not survive dismissal by simply "lumping all of the defendants together." *Patel v. Fendler*, No. 15-cv-0366-MJR-SCW, 2016 WL 336017, at *3 (S.D. Ill. Jan. 28, 2016); *see also Bank of Am., NA v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (because "[l]iability is personal," the allegation that "the

---

5    Plaintiff's original complaint alleged that "*Binance.US* collects fees and earns revenue" related to the trading of cryptocurrency and that "*Binance.US* and Jumio obtained biometric identifiers and information from users of *its* exchange." Compl. ¶¶ 5, 14 (emphasis added). The FAC adds "Binance" to each of these allegations, in apparent recognition of the fact that the allegations as to BCM were nearly nonexistent. FAC ¶¶ 6, 15. But those additions cannot salvage Plaintiff's claims against BCM, given that the relevant underlying factual allegations—which relate *only* to Binance.US and Jumio, not BCM—remain unchanged. *Nance v. NBCUniversal Media, LLC*, 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018) (dismissing a count with prejudice because, "[h]aving seen Defendants' Motions, Plaintiff simply change[d] his story," and reasoning that allowing "[s]uch earnest gamesmanship" would "only waste the Court's and the parties' time"); *Aasen v. DRM, Inc.*, 2010 WL 2698296, at *3 (N.D. Ill. July 8, 2010) (granting motion to dismiss when the "revised allegations in the amended complaint reflect[ed] an intentional manipulation to avoid the consequences of defendants' appropriate motion to dismiss").

*(Cont'd on next page)*

defendants looted the corporation" is insufficient under "normal pleading standards," and a "complaint based on a theory of collective responsibility must be dismissed"); *Eilenfeldt v. United CUSD #304 Bd. of Educ.*, 2013 WL 12248080 (C.D. Ill. Mar. 25, 2013) (noting that by "continually lumping 'the Defendants' together Eilenfeldt violate[d] Rule 8(a)'s requirement that she give the Defendants fair notice of the claims against them" and holding that the "group pleading [was] also problematic because . . . it [was] simply impossible for some of Eilenfeldt's allegations to be brought against all of the Defendants"). In short, the group pleading Plaintiff relies on is plainly impermissible under Rule 8(a).[6]

Moreover, Plaintiff cannot rope BCM into this litigation by simply saying magic words like "co-conspirator," "agent," and "alter ego." On a single occasion the FAC alleges that BCM "collected [Plaintiff's] and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of that data," "*as an alter ego of Binance.US*." FAC ¶ 44 (emphasis added). As explained above, the conclusory assertion that BCM is the alter ego of Binance.US is insufficient to avoid dismissal. A court must reject a plaintiff's argument that defendants "each may appropriately be held liable for the acts of the others" based on the notion that they are "mere 'alter egos' of one another," when the complaint fails to "plead sufficient factual material" that "would support a finding of [] liability based on corporate veil piercing." *Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885 (N.D. Ill. 2008) (granting motion to dismiss). Likewise, in a single paragraph Plaintiff alleges that each defendant acted as the "agent" and "co-conspirator of the other defendant." FAC ¶ 20. For the same reason,

---

6   Even if the Court were to credit these "Defendant" allegations against BCM (it should not), it must still dismiss as to BCM because the allegations would constitute only a "formulaic recitation of the elements" of Plaintiff's causes of action that the Supreme Court has made clear "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

the mere invocation of those concepts—without further factual support—is insufficient to survive dismissal. *See Knight*, 725 F.3d at 818 ("even for allegations of conspiracy . . . it remains essential to show that a particular defendant joined the conspiracy and knew of its scope," and the "complaint does not get even that far"); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 592 (Ill. 1996) ("A complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship. It is insufficient to merely plead the legal conclusion of agency."); *Shanahan*, 2020 WL 3058088, at *6 (dismissing complaint when plaintiff failed to plausibly allege the agent's authority or principal's ratification in attempting to plead an agency relationship). The Court should therefore reject Plaintiff's apparent effort to impute the alleged actions of Binance.US to BCM by incanting co-conspirator, agent, and alter ego without *any* support.

Even if Plaintiff had directed his allegations at BCM, his BIPA claim would still fail because BIPA does not apply extraterritorially. *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1100 (N.D. Ill. 2017); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *5 (N.D. Ill. Sept. 15, 2017) ("BIPA does not apply extraterritorially."). The "majority of circumstances relating to the alleged violation" here are not alleged to have occurred in Illinois. *Landau v. CNA Fin. Corp.*, 886 N.E.2d 405, 409 (Ill. Ct. App. 2008); *see, e.g.*, FAC ¶¶ 17–19 (alleging *all* of the defendants are foreign corporations). Indeed, as explained above, BCM has *no connection* to this State. Chan Decl. ¶¶ 5–23. And Plaintiff's Illinois residency and allegation that he downloaded the Binance.US application when he was in Cook County (FAC ¶¶ 16, 26) are insufficient to show the required Illinois connection. *See McGoveran v. Amazon Web Servs., Inc.*, 2021 WL 4502089, at *4 (D. Del. Sept. 30, 2021) (reasoning that a "plaintiff's residency is not enough to establish an Illinois connection in order to survive a motion to dismiss based on extraterritoriality" and collecting Illinois cases); *see also Stroman Realty, Inc. v. Allison*, 2017 WL 2589983, at *7 (Ill. App. Ct. June 13, 2017). As a result, Plaintiff's BIPA claim must be dismissed on this basis as well.

Finally, Plaintiff's unjust enrichment claim is also insufficiently pleaded. As an initial matter, the claim is completely derivative of the BIPA claim, and must therefore be dismissed as to BCM for the same reasons. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

In addition, the unjust enrichment claim cannot stand because the FAC fails to allege that Plaintiff would have acted differently if Binance.US had provided the required disclosures or obtained written consent pursuant to the BIPA. In *Cleary*, the plaintiffs' unjust enrichment theory rested on the contention "that they had a legal right to know about the true nature and hazards of cigarettes" pursuant to Illinois' consumer fraud statute, and that defendants' failure "to disclose the full truth . . . was to the plaintiffs' detriment." *Id.* The *Cleary* plaintiffs, however, did not allege that they suffered harm, relied on the defendants' marketing, or would have acted differently if defendants had made the proper disclosures. *Id.* As a result, the court held that defendants' "retention of the cigarette revenue is not a detriment to them," and therefore dismissed the plaintiffs' unjust enrichment claim. *Id.* at 519–20. Here, Plaintiff similarly has not alleged that he would not have signed up for or used the Binance.US platform if it had provided different or additional information concerning the collection of biometric data. As a result, the retention by "Defendants" of fees from sales and transfers—which is unconnected to Plaintiff's provision of biometric information during the account creation process—is in no sense a detriment to Plaintiff or unjust. This is yet another reason why this Court should not let Plaintiff's unjust enrichment claim stand.

Even if this Court could exercise personal jurisdiction over BCM, it would have to dismiss the FAC against BCM for failure to state any claims.

**CONCLUSION**

Although Plaintiff had the benefit of seeing BCM's prior motion to dismiss, the FAC's allegations come no closer to showing that this Court may constitutionally exercise jurisdiction over BCM or that BCM was at all involved in the alleged BIPA violations.

BCM has no connection to Illinois, and Plaintiff cannot hale it into this Court on the basis of nothing more than conclusory, unsupported allegations that BCM and Binance.US are purportedly co-conspirators, agents, or alter egos of one another. And that aside, it is still true that Plaintiff's biometric data was allegedly collected on the Binance.US platform, with which BCM has no connection.

This Court should therefore dismiss the FAC as to BCM with prejudice.

Dated: March 15, 2022

Respectfully submitted,

/s/  *Jacob L. Kahn*

Alexander H. Southwell*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: 212-351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn, #6296867*
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
Tel: 312-471-8700
jkahn@rshc-law.com

*admitted pro hac vice*

*Counsel for Defendant Binance Capital Management Co., Ltd.*

19

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on March 15, 2022, which will send notification of such filing to all counsel of record.

/s/ *Jacob L. Kahn*
Jacob L. Kahn