IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US, *and* JUMIO CORPORATION,<br><br>    Defendants. | Case No. 3:21-cv-01425-SPM<br><br>Hon. Stephen P. McGlynn |

**BINANCE CAPITAL MANAGEMENT CO., LTD.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Alexander H. Southwell
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
jkahn@rshc-law.com

*Counsel for Defendant Binance Capital Management Co., Ltd.*

This action seeks to hale a foreign corporation with no connections to this forum into this dispute involving scantily pleaded BIPA allegations. The opposition confirms there is no factual basis to assert jurisdiction over BCM or to conclude BCM played *any* role in the alleged violations. This reply is warranted by exceptional circumstances, because accepting Plaintiff's threadbare alter ego allegation and extraneous articles as the sole basis for asserting personal jurisdiction would dramatically and improperly extend the reach of state long-arm statutes beyond constitutional bounds. This Court should reject Plaintiff's position, and dismiss the claims against BCM with prejudice.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over BCM.

Plaintiff has not alleged in the FAC or demonstrated in opposition that there is any constitutional basis to assert personal jurisdiction over BCM. Plaintiff rightly does not even attempt to argue he can satisfy Illinois's high standard for establishing *general* personal jurisdiction. Nor does Plaintiff argue this Court may exercise *specific* personal jurisdiction based on BCM's own contacts with Illinois. And Plaintiff abandons his allegations that there is personal jurisdiction on the theory that BCM is a "co-conspirator" of or has an "agency" relationship with Binance.US (a completely separate Delaware corporation that offers a cryptocurrency exchange available to U.S. customers and that does not have a parent or subsidiary relationship with BCM). *Contra* FAC ¶ 20.

Instead, Plaintiff argues this Court may exercise jurisdiction because Binance.US is the "alter ego" of BCM. His only support for this theory is (1) the FAC's lone, conclusory "alter ego" allegation devoid of any factual support and (2) two unverified, hearsay articles. Opp. at 1, 4–5.

As to the first basis, the FAC's sole "alter ego" allegation is that "Binance"—Plaintiff's term for BCM—"with assistance and control from or as an alter ego of Binance.US, collected Kamil's and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of this biometric data." FAC ¶ 44. There are no *facts* offered in support of that theory.

1

Plaintiff does not allege any facts because he cannot. The unrefuted evidence shows BCM and Binance.US are *not* alter egos; they are separate legal entities. Chan Decl. ¶ 19. Binance.US is not a BCM subsidiary, and BCM neither dominates nor controls Binance.US. *Id.* ¶ 18. Binance.US conducts no business for BCM, and BCM does not control Binance.US's daily operations. *Id.* ¶ 20. BCM does not finance Binance.US operations or treat its cash flow as BCM's own. *Id.* ¶ 21. The separate companies do not file consolidated tax returns. *Id.* ¶ 22. And they maintain their own corporate records. *Id.* ¶ 23. Plaintiff's insufficient allegation is entirely conclusory and fundamentally baseless.

For his second attempt to justify an "alter ego" theory, Plaintiff points to two unverified, unsubstantiated articles concerning the creation of and fundraising for Binance.US. Dkts. 63-1–2. When a defendant challenges jurisdiction via a motion to dismiss supported with affidavits, a plaintiff "must sustain its burden of proof in establishing jurisdictional facts *through sworn affidavits or other competent evidence*." *Printing Equip. Specialists, Inc. v. Graphic Advert., Inc.*, 1989 WL 68488, at *2 (N.D. Ill. June 16, 1989) (emphasis added) (citation omitted); *Stone v. Corrigan Bros., Inc.*, 2020 WL 6889249, at *2 (S.D. Ill. Nov. 24, 2020). Here, Plaintiff has not submitted a sworn affidavit. And unverified, unsubstantiated third-party articles are not competent evidence to serve as the sole basis for personal jurisdiction. *Philpot v. Dot Com Plus, LLC*, 2015 WL 4742099, at *5 (S.D. Ind. Aug. 11, 2015) (unverified assertions not based on personal knowledge and unauthenticated exhibits insufficient to support jurisdiction); *Weisler v. Cmty. Health Sys., Inc.*, 2012 WL 4498919, at *6 (D.N.M. Sept. 27, 2012) (unverified article quoting parent company CEO inadequate to establish purposeful availment or contacts with forum state for jurisdiction).

Even if this Court were to consider this "evidence," it cannot sustain Plaintiff's burden. Glaringly, neither article *mentions* BCM, let alone discloses any basis for jurisdiction. *Poulsen Roser A/S v. Jackson & Perkins Wholesale, Inc.*, 2010 WL 3419460, at *4 (N.D. Ill. Aug. 26, 2010) (no

2

prima facie case of alter ego jurisdiction when evidence was "almost entirely devoid of reference[s]" to defendant). One online article refers to Binance Holdings Limited, Dkt. 63-1 at 565, while the other concerns Binance.com, a cryptocurrency exchange, Dkt. 63-2 at 574. But the uncontroverted evidence demonstrates BCM (the Defendant) is an investment holding company, and thus a separate entity from those referenced in the articles. Chan Decl. ¶ 3. Nor does either article suggest Binance Holdings or Binance.com (much less BCM) "dominates" and "controls" Binance.US. Rather, one article focuses on an unconfirmed document containing a *proposed* corporate structure, not an *existing* subsidiary relationship or flow of funds. Dkt. 63-1 at 566–68. The other article is even more bare, providing almost no information concerning the alleged ties between Binance.com (*not* BCM) and Binance.US. Dkt. 63-2. Neither article provides *any* facts suggesting Plaintiff's alter ego theory should be given any credence.

Plaintiff does not cite authority to suggest the creation of an entity to conduct U.S. operations is enough to plead "alter ego" jurisdiction. Plaintiff references *City of Greenville, Illinois v. Syngenta Crop Protection, Inc.*, which noted that one entity's "jurisdictional contacts are not attributable to [another's] simply because of their corporate affiliation." 830 F. Supp. 2d 550, 562–63 (S.D. Ill. 2011). And that court concluded there was a basis for alter ego jurisdiction only because plaintiff presented *significant evidence* that the parent "dominate[d]" the subsidiary, including by "pre-approv[ing]" its actions via integrated reporting chains. *Id.* There is *no* such evidence here.

## II.   The Court Should Reject Plaintiff's Request for Jurisdictional Discovery.

Though Plaintiff requests limited discovery on his "alter ego" theory, Opp. at 6, he has failed to establish the required "colorable or prima facie showing of personal jurisdiction" necessary to justify such discovery. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (affirming denial of discovery where evidence "showed only that [entities] were affiliated" with each other, "without showing that the defendants exercised an

3

unusually high degree of control . . . or that corporate formalities were not substantially observed"). Courts frequently "den[y] discovery on jurisdictional issues where [a] plaintiff" has "failed to make some threshold showing . . . of a plausible basis for exercising jurisdiction." *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (citing numerous cases where plaintiffs were denied discovery based on only "bare allegations" and "bland assertion[s]" in support of jurisdiction). Here, Plaintiff has responded to BCM's "affidavit evidence with mere speculation," and has thus failed to establish a colorable claim of jurisdiction. *Poe v. Babcock Int'l, plc*, 662 F. Supp. 4, 7 (M.D. Pa. 1985).

Plaintiff's cases do *not* justify discovery. The *Taube v. Hartford Financial Services Group Inc.* court permitted discovery on plaintiff's alter ego theory only after plaintiff presented credible evidence—*e.g.*, insurance policy language, LinkedIn pages from relevant corporate officers, emails, and letters—suggesting defendant may be the policy provider's alter ego. 2021 WL 633010, at *5 (S.D. Ill. Feb. 18, 2021). Plaintiff here has provided *no* such evidence. Plaintiff also relies on *Rual Trade Ltd. v. Viva Trade LLC*, where the court ordered discovery because the parties' evidence was "contradictory," and plaintiff's "evidence raise[d] a significant possibility that one or more of the Lithuanian defendants [] treated Viva as an alter ego." 549 F. Supp. 2d 1067, 1075 (E.D. Wis. 2008). But Plaintiff raises no such possibility—his "evidence" is not *at all* "contradictory" because it does not even concern BCM. This Court should reject Plaintiff's jurisdictional discovery request.

**III.    The FAC Does Not Adequately Plead BIPA or Unjust Enrichment Claims Against BCM.**

*No BIPA claim.* Plaintiff does not contest the FAC's allegations are focused almost exclusively on *Binance.US*. Opp. at 7. Nor does he argue BCM has acted as a "conspirator" of Binance.US, or Binance.US has acted as an "agent" of BCM. Instead, Plaintiff again relies on his "alter ego" theory. *Id.* As explained above, however, the FAC's conclusory allegation and reliance on unsubstantiated articles do *not* suggest BCM (or any other entity) is the alter ego of Binance.US.

4

BIPA also does not apply extraterritorially, and the FAC's allegations do not show the "majority of circumstances relating to the alleged violation" occurred in Illinois. *Landau v. CAN Fin. Corp.*, 886 N.E.2d 405, 409 (Ill. Ct. App. 2008). Plaintiff's basic argument is he "uploaded his photo" and "created his [Binance.US] account" "while he was present in Cook County." Opp. at 7 (citing FAC ¶ 26). But that conduct is not enough to establish a connection. *Stroman Realty, Inc. v. Allison*, 2017 WL 2589983, at *7 (Ill. App. Ct. June 13, 2017). Otherwise "BIPA could impose liability on a vast number of corporations who do no business [here] and who lack any other significant [Illinois] connection. There is no basis in the statutory language to find that BIPA stretches so far." *McGoveran v. Amazon Web Servs., Inc.*, 2021 WL 4502089, at *6 (D. Del. Sept. 30, 2021).

***No "unjust enrichment."*** Plaintiff does not contest his unjust enrichment claim is derivative of the BIPA claim, so it must likewise be dismissed. The FAC also fails to allege Plaintiff would have acted differently if Binance.US had provided the required disclosures or obtained written consent. Plaintiff does not argue otherwise. Instead, he argues—*without citation to the FAC*—that "no account would have been created and no fees would have been received" absent the improper submission of biometric data. Opp. at 10. That unsupported assertion is not enough to show the retention of trading fees was to Plaintiff's detriment. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 519–20 (7th Cir. 2011). Moreover, the opposition confirms that Plaintiff's claim relates to Binance.US, not BCM: users had to submit biometric data in order to create a "Binance.US" account, and "BAM was able to collect and retain fees." Opp. at 10. Plaintiff never once mentions BCM.

## CONCLUSION

Plaintiff has twice failed to allege facts sufficient to show this Court may exercise personal jurisdiction over BCM. Plaintiff's effort to remedy that defect by arguing BCM is the alter ego of Binance.US gets him no closer to showing this Court has jurisdiction or that BCM was at all involved in the alleged violations. This Court should dismiss the FAC as to BCM with prejudice.

Dated: May 13, 2022                                   Respectfully submitted,

/s/ *Jacob L. Kahn*

Alexander H. Southwell\*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn, #6296867\*
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, IL 60602
Tel: (312) 471-8700
jkahn@rshc-law.com

\**admitted pro hac vice*

*Counsel for Defendant Binance Capital Management Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on May 13, 2022, which will send notification of such filing to all counsel of record.

/s/   *Jacob L. Kahn*
Jacob L. Kahn