IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAMIL KUKLINSKI,<br>**Plaintiff,**<br><br>vs.<br><br>BINANCE CAPITAL<br>MANAGEMENT CO., LTD., ET AL.,<br>**Defendants.** | **CIVIL NO.** 21-CV-1425-SPM<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:**<br>February 2024<br><br>**JUDGE:** Hon. Stephen P. McGlynn |

### JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on June 2, 2022 with attorneys Joel D. Beckwith, Kyle Shamberg, Alexander Southwell, Jacob Kahn, Daniel P. Roeser, Brendan R. Blake, Megan D. Bettles, Susan Fahringer, and Anna Mouw Thompson participating.

As discussed in more detail in the memorandum that is being submitted by Defendants with this Joint Report, it is Defendants' position that all discovery in this matter should be stayed pending the outcome of Defendants' fully briefed motions to dismiss, which are potentially dispositive of all of Plaintiff's claims. In addition to their memorandum, Defendants are happy to file a motion to stay discovery that briefs the issue further if this Court would like them to do so. It is Plaintiff's position that discovery should not be stayed simply because there are motions to dismiss pending and that Defendants should file a motion to stay discovery with an opportunity for Plaintiff to file an opposition.

In the event that this Court declines to stay discovery, the Parties believe that the following discovery schedule would be appropriate.[1]

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are

---

[1] While Defendant Binance Capital Management Co., Ltd. ("BCM"), participated in the initial conference of the parties as required by the Court's May 31, 2022 Order (Dkt. 70), BCM expressly reserves and does not waive its defenses with respect to the Court's lack of personal jurisdiction. BCM does not consent to the Court's jurisdiction either by submitting this Joint Report or by participating in the scheduling conference scheduled for June 24, 2022.

satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by August 15, 2022.

   Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit) shall provide the limitations on depositions and interrogatories.

3. Plaintiff's depositions shall be taken by November 15, 2022.

4. Defendants' depositions shall be taken by April 3, 2023.

5. Third-party actions must be commenced by September 22, 2022 (which date shall be no later than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   Plaintiff's expert(s): January 9, 2023.

   Defendants' expert(s): March 10, 2023.

7. Depositions of Class Certification expert witnesses must be taken by:

   Plaintiff's expert(s): February 10, 2023.

   Defendants' expert(s): April 10, 2023.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than August 15, 2022. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff and Defendants.)

9. Plaintiff's Motion for Class Certification and Memorandum in Support shall be filed by April 17, 2023 (such date shall be no later than 8 months prior to the first day of the presumptive trial month or the first day of the month of the trial setting)

*Rev 12/19*

      and shall not exceed <u>40</u> pages.

10. Defendants' Memoranda in Opposition to Class Certification shall be filed by <u>June 1, 2023</u> and shall not exceed <u>40</u> pages.

11. Plaintiff's Reply Memorandum, if any, must be filed by <u>June 16, 2023</u> and shall not exceed <u>20</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED: June 17, 2022

*/s/ Joel D. Beckwith* (with consent)

Joel D. Beckwith
Shane M. Moskop
FREEARK, DENNIS, MURPHY & MOSKOP, P.C.
115 W. Washington Street, P.O. Box 546
Belleville, IL 62222-0546
jbeckwith@freeark.com
smoskop@freeark.com
618-233-2686 - 618-233-5677(fax)

Katrina Carroll
Kyle Shamberg (application for admission pending)
LYNCH CARPENTER, LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
katrina@lcllp.com
kyle@lcllp.com
312-750-1265 - 773-598-5609 (fax)

*Attorneys for Plaintiff and the Putative Class*

*/s/ Debra R. Bernard*

Susan D. Fahringer
Nicola C. Menaldo (Pro Hac Vice)
Anna Mouw Thompson (Pro Hac Vice)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SFahringer@Perkisncoie.com
NMenaldo@Perkinscoie.com
AnnaThompson@perkinscoie.com

Debra R. Bernard
PERKINS COIE LLP
110 North Wacker Drive
34th Floor
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

*Attorneys for Defendant Jumio Corporation*

/s/ Daniel Roeser

Daniel Roeser (pro hac vice)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
droeser@goodwinlaw.com

Brendan R. Blake (pro hac vice)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570 1000
bblake@goodwinlaw.com

Megan D. Bettles (pro hac vice)
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 733 6000
mbettles@goodwinlaw.com

*Attorneys for Defendant BAM Trading Services Inc.*


/s/ Jacob L. Kahn

Alexander H. Southwell (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3981
asouthwell@gibsondunn.com

Jacob L. Kahn, #6296867 (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
jkahn@rshc-law.com

*Attorneys for Defendant Binance Capital Management Co., Ltd.*

*Rev 12/19*