# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| KAMIL KUKLINSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD., ET AL.,<br><br>    Defendants. | **CIVIL NO.** 21-CV-01425-SPM<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** February 2024<br><br>**JUDGE:** Hon. Stephan P. McGlynn |

## DEFENDANTS' MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Southern District of Illinois Local Rule 7.1, Defendants BAM Trading Services Inc. ("BAM"), Jumio Corporation ("Jumio"), and Binance Capital Management Co., Ltd. ("BCM") respectfully submit this motion to stay discovery pending the Court's decision on their motions to dismiss Plaintiff Kamil Kuklinski's claims (Dkt. 53, 54 & 55) and the following memorandum of law in support thereof.[1]

## PRELIMINARY STATEMENT

This Court should stay discovery pending its decision on Defendants' motions to dismiss Plaintiff's putative class action. Plaintiff Kamil Kuklinski asserts violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq. BAM and Jumio have moved to dismiss Plaintiff's claims because (among other grounds) they are exempt from BIPA; and BCM has moved to dismiss Plaintiff's claims because this Court lacks personal jurisdiction over it. Defendants' motions present precisely the sort of threshold and jurisdictional issues that warrant a stay of discovery because they may be efficiently resolved prior to expensive discovery – not simply arguments that are true of every defendant that files a motion to dismiss. As one Court in this Circuit has explained in another case involving a BIPA claim: "Stays are often deemed appropriate where the motion to dismiss can resolve the case – at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." In re Clearview AI, Inc. Consumer Priv. Litig., No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021).

For these reasons and those that follow, this Court should stay discovery pending its decision on Defendants' motions to dismiss.

---

[1] Defendants jointly submit this motion in the interest of judicial efficiency and due to the straightforward and common issue presented. BCM expressly reserves, and does not waive, its defenses with respect to this Court's lack of personal jurisdiction. Pursuant to Southern District of Illinois Local Rule 23.1(b), Defendants previously submitted a memorandum to this Court on June 17 in support of their proposal that discovery be stayed. Defendants have now filed this motion at the Court's request. (See Dkt. 73.)

1

## BACKGROUND

Plaintiff alleges that Jumio offers software to businesses, including BAM, to help them verify the identities of their customers. Plaintiff alleges that he used BAM's mobile application (the "App") to create an account to trade digital currency in March 2021. Plaintiff alleges that, when he did so, the App verified his identity by comparing a photograph of his face taken through his mobile device to a photograph of his driver's license. Plaintiff asserts that, in connection with this process, Jumio and BAM – together with a third, foreign entity, BCM – violated Sections 14/15(a) and 14/15(b) of BIPA.

All Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and BCM also has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendants' motions to dismiss were fully briefed as of May 13, 2022, and should fully and finally dispose of all of Plaintiff's claims.

## ARGUMENT

### I. THIS COURT SHOULD STAY DISCOVERY UNTIL IT RESOLVES DEFENDANTS' PENDING MOTIONS TO DISMISS.

District courts have "extremely broad discretion in controlling discovery." <u>Jones v. City of Elkhart, Ind.</u>, 737 F.3d 1107, 1115 (7th Cir. 2013). The power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Morrison v. YTB Int'l, Inc.</u>, No. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (citations omitted). This Court has discretion to grant a stay "subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy." <u>Id.</u>

"Typically, an appropriate exercise of a court's discretion to enter a stay is a situation in which a ruling dispositive of a case is pending." <u>Id.</u> "Courts have recognized the appropriateness of a stay where a motion to dismiss can resolve the case." <u>Hardimon v. SCF</u>

Lewis and Clark Fleeting LLC, No. 21-cv-298-RJD, 2022 WL 1104738, at *3 (S.D. Ill. April 13, 2022). Indeed, that is especially true where, as here, Defendants present arguments that are dispositive of the entire case on grounds that Defendants are exempted from the applicable statute or this Court lacks personal jurisdiction. See, e.g., Liggins v. Reicks, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) (immunity); Sterigenics U.S., LLC v. Kim, No. 19 C 1219, 2019 WL 10449289, at *2 (N.D. Ill. Mar. 8, 2019) (lack of subject matter jurisdiction); Alexander v. Take-Two Interactive Software, Inc., No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at *1 (S.D. Ill. May 20, 2019) (lack of personal jurisdiction).

"In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." Liggins, 2021 WL 2853359, at *1. Each factor weighs in favor of a stay of discovery pending this Court's decision on Defendants' motions to dismiss.

### A. A Stay of Discovery Will Not Prejudice Plaintiff.

Courts in this Circuit have repeatedly found that plaintiffs are not prejudiced by a stay of discovery pending decision on motions to dismiss. In the words of one Court considering a BIPA claim, a "temporary stay of discovery will not unduly prejudice any party and has the potential to streamline the issues and reduce the burden of litigation on the parties and the Court." Clearview, 2021 WL 5862495, at *2; see also Chandler v. Zinus, Inc., No. 20-CV-265-RJD, 2020 WL 12846610, at *2 (S.D. Ill. Sept. 10, 2020) ("[T]he Court finds that Plaintiffs will not suffer considerable prejudice if discovery is stayed."). This case is no different. Plaintiff cannot articulate any prejudice from a stay of discovery at this early stage of the case.[2]

---

[2] While Plaintiff suggested in its prior submission to this Court that evidence might be "lost, misplaced, or destroyed" if discovery were stayed (Pl.'s Opp. to Defs.' Memo. ISO Proposed Scheduling and Discovery Order at 4), that assertion is completely unsupported by facts and should be rejected out of hand.

3

### B. A Stay of Discovery Will Simplify the Issues in the Case.

Courts in this Circuit have repeatedly held that threshold and jurisdictional issues warrant a stay of discovery because they may be efficiently resolved, and fully and finally dispose of claims, prior to expensive discovery. "A stay of discovery may also be appropriate in order to resolve certain threshold or jurisdictional issues before expensive discovery ensues." Alexander, 2019 WL 2176321, at *1; see also Sterigenics, 2019 WL 10449289, at *2 ("A district court, however, may stay or limit discovery while a motion to dismiss is pending if the motion raises a potentially dispositive issue such as lack of subject-matter jurisdiction."). Defendants' motions to dismiss present precisely such threshold and jurisdictional issues and should fully and finally dispose of all of Plaintiff's claims.

BAM and Jumio have moved to dismiss Plaintiff's claims because (among other grounds) both Defendants are exempt from BIPA. Plaintiff's BIPA claims against BAM and Jumio should be dismissed because Section 14/25(c) of BIPA expressly bars such claims. (Dkt. 53 at 4-8; Dkt. 55 at 3-8; Dkt. 65 at 1-3; Dkt. 66 at 1-4.) Section 14/25(c) provides that BIPA does not apply "in any manner" to financial institutions that are subject to the Gramm-Leach-Bliley Act of 1999 (the "GLBA"). See 740 ILCS 14/25(c). **First**, BIPA does not apply to BAM. BAM is a financial institution subject to the GLBA for at least two reasons: (1) BAM is engaged in activities that are "financial in nature," including the exchanging, transferring, and safeguarding of money (i.e., fiat currency), see 12 U.S.C. § 1843(k)(4), and (2) BAM is a money transmitter that provides its users with domestic money transmission services, which is an activity that the Federal Reserve Board has determined is closely related to banking, see 12 U.S.C. § 1843(k)(4)(F). **Second**, BIPA does not apply to Jumio. Plaintiff alleges that Jumio's technology is built into the App and that Jumio must provide users of the App with BIPA-compliant notice and obtain BIPA-compliant consent, but requiring Jumio to provide such notice and obtain such consent would require this Court to apply BIPA "in any manner" to BAM. That is expressly prohibited by Section 14/25(c).

4

BCM has moved to dismiss Plaintiff's claims because (among other grounds) this Court lacks personal jurisdiction over BCM.  This Court does not have general or specific personal jurisdiction over BCM because BCM is a foreign corporation, does not engage in any business in Illinois, and did not purposefully direct any activities to Illinois.  (Dkt. 54 at 6-13; Dkt. 64 at 1-3.)  Moreover, Plaintiff's lone, conclusory, and baseless "alter ego" allegation is completely devoid of factual support, and is therefore wholly insufficient to show that this Court has jurisdiction as to BCM.  (Dkt. 64 at 1-3.)[3]

Consequently, a stay of discovery pending this Court's decision on the threshold and jurisdictional issues presented in Defendants' motions to dismiss will simplify, and potentially dispose of, the issues in the case.

### C. A Stay of Discovery Will Reduce the Burden of Litigation.

Courts in this Circuit have repeatedly concluded that a stay of discovery will reduce the burden on the parties where defendants raise arguments that they are outside of the scope of a statute or the jurisdiction of the Court.  "Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases such as this one, discovery may be especially burdensome and costly to the parties." DSM Desotech Inc. v. 3D Sys. Corp., No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); see also Alexander, 2019 WL 2176321, at *2 ("Waiting to first determine whether the Court has jurisdiction over these Defendants will avoid the dedication of time, money, and resources toward merits-based discovery if jurisdiction is ultimately lacking.").  That is exactly the case here.

**First**, BAM and Jumio have moved to dismiss because they are outside of the scope of BIPA due to the statute's express prohibition on applying BIPA "in any manner" to financial institutions subject to the GLBA.  (See supra at 4.)  The broad language of the financial institution exemption bars Plaintiff's BIPA claims against BAM and Jumio and also justifies a

---

[3] BAM, Jumio, and BCM each raise additional grounds for dismissal as well.

stay because subjecting BAM and Jumio to the burdens of discovery as to Plaintiff's BIPA claims – despite the fact that Plaintiff's own allegations establish that the financial institution exemption applies – would infringe on BAM's and Jumio's right to immunity from BIPA's application "in any manner." 740 ILCS 14/25(c). The broad language of the financial institution exemption makes clear that the Illinois legislature intended to insulate financial institutions subject to the GLBA <u>fully</u> from BIPA's reach, in much the same way as the defense of qualified immunity, a defense that routinely justifies discovery stays. See <u>Pearson v. Callahan</u>, 555 U.S. 223, 231(2009) ("[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery."). Thus, in this case as in others, "Plaintiff's desire to proceed with discovery . . . does not outweigh the burden on Defendants who have asserted immunity defenses that are potentially dispositive of the entire case." <u>Liggins</u>, 2021 WL 2853359, at *1; see also <u>Clearview</u>, 2021 WL 5862495, at *1; <u>Morrison</u>, 2010 WL 1931127, at *1 (stay appropriate where "discovery may be especially burdensome and costly to the parties").

**Second**, BCM has moved to dismiss because this Court lacks personal jurisdiction over it. A stay is appropriate where a party challenges the Court's personal jurisdiction before "expensive discovery ensues." <u>Alexander</u>, 2019 WL 2176321, at *1. The lack of personal jurisdiction has an impact on both the Court's "power to proceed with an adjudication" and the Court's jurisdiction to order compliance with a discovery request, further complicating any discovery that proceeds while such a motion to dismiss is pending. <u>Id.</u> at *2. As a result, "unless and until the Court is satisfied that it enjoys personal jurisdiction over these Defendants, its discovery orders could lack any true mechanism of enforcement." <u>Id.</u>

Accordingly, a stay of discovery will reduce the burden of litigation while this Court decides whether BAM and Jumio are outside of the scope of BIPA and whether BCM is outside of the jurisdiction of the Court.

## CONCLUSION

For the foregoing reasons, rather than require Defendants to dedicate resources to expensive and time-intensive discovery in this putative class action that may well be dismissed in its entirety with prejudice, this Court should stay discovery in the interests of equity and judicial economy pending its decision on Defendants' motions to dismiss.

Dated: July 11, 2022

Respectfully submitted,

/s/ Daniel Roeser

Daniel Roeser (admitted pro hac vice)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Fax: (212) 355-3333
droeser@goodwinlaw.com

Brendan R. Blake (admitted pro hac vice)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570 1000
Fax: (617) 523 1231
bblake@goodwinlaw.com

Megan D. Bettles (admitted pro hac vice)
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 733 6000
Fax: (415) 677 9041
mbettles@goodwinlaw.com

*Attorneys for Defendant BAM Trading Services Inc.*

/s/ Susan D. Fahringer (with permission)

Susan D. Fahringer
Nicola C. Menaldo (admitted pro hac vice)
Anna Mouw Thompson (admitted pro hac vice)
**PERKINS COIE LLP**

7

>1201 Third Avenue, Suite 4900
>Seattle, WA 98101-3099
>Telephone: (206) 359-8000
>Facsimile: (206) 359-9000
>SFahringer@perkinscoie.com
>NMenaldo@perkinscoie.com
>AnnaThompson@perkinscoie.com
>
>Debra R. Bernard
>**PERKINS COIE LLP**
>110 North Wacker Drive
>34th Floor
>Chicago, IL 60606
>Telephone: (312) 324-8400
>Facsimile: (312) 324-9400
>DBernard@perkinscoie.com
>
>*Attorneys for Defendant Jumio Corporation*
>
>
>  /s/ Alexander H. Southwell (with permission)
>
>Alexander H. Southwell (admitted pro hac vice)
>**GIBSON, DUNN & CRUTCHER LLP**
>200 Park Avenue
>New York, NY 10166
>Telephone: (212) 351-3981
>asouthwell@gibsondunn.com
>
>Jacob L. Kahn, #6296867 (admitted pro hac vice)
>**RILEY SAFER HOLMES & CANCILA LLP**
>70 West Madison Street, Suite 2900
>Chicago, IL 60602
>Telephone: (312) 471-8700
>jkahn@rshc-law.com
>
>*Attorneys for Defendant Binance Capital Management Co., Ltd.*

8

## CERTIFICATE OF SERVICE

  I, Daniel Roeser, an attorney, hereby certify that, on July 11, 2022, I caused the foregoing to be electronically filed via the Court's CM/ECF system, which effected service on all counsel of record.

                      */s/ Daniel Roeser*
                       Daniel Roeser