**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 3:21-cv-01425-SPM |
| BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES, INC. d/b/a BINANCE.US and JUMIO CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

**PRELIMINARY STATEMENT**

On June 24, 2022, the Court adopted the Parties' proposed scheduling and discovery order.  ECF Doc. No. 72.  Defendants, concurrent with that proposal, have filed a joint memorandum asking this Court to stay discovery during the pendency of its motions to dismiss.  Such relief is disfavored and should only be granted when exceptional circumstances warrant.  That is not the case here, where Plaintiff is likely to succeed on the substantive merits of his arguments and where, as to Defendant Binance Capital Management Co., Ltd. ("Binance"), Plaintiff is entitled to discovery on his alter ego theory of liability and personal jurisdiction.  The stay request should be denied and the Parties should proceed with the scheduling and discovery order they have proposed and the Court has accepted.

**ARGUMENT**

**I.   THE COURT SHOULD DENY THE DEFENDANTS' MOTION TO STAY DISCOVERY WHILE THE DEFENDANTS' MOTIONS TO DISMISS ARE PENDING.**

This Court enjoys broad discretion in directing the course of discovery. *See* Fed. R. Civ. P. 26; *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the filing of motions to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). Discovery can be stayed, however, if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery. *See Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"); *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (approving a stay in discovery pending a ruling on qualified immunity). Courts have also ruled

that stays of discovery are disfavored for the reason that "they bring resolution of the dispute to a standstill." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009).

A. **A Stay of Discovery Will Not Simplify the Issues in the Case.**

Defendants' primary argument for a stay is that they have raised potentially case-dispositive arguments which, if granted, would render the discovery that occurred in the interim unnecessary and wasteful. But this is true for every defendant that files more than a partial motion to dismiss: *any* motion to dismiss is potentially case dispositive. Defendants, in order to show good cause for a stay, need more than this. *SK Hand Tool Corp., Inc.*, 852 F.2d at 945.

In fact, Defendants' motions are not likely to succeed for the reasons set forth at length in Plaintiffs' opposition briefs, ECF Doc Nos. 61-63. Their primary arguments that BAM (a/k/a Binance.US) is a financial institution and therefore not subject to BIPA and that BIPA does not apply extraterritorially fail for multiple reasons, as do the remaining arguments specific to each Defendant. *See id.* **First**, as articulated within the Plaintiffs' opposition briefs, no Defendant in this case is a "financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder." 740 ILCS 14/25(c) (West). Rather, cryptocurrency exchanges are virtually unregulated at the present time and have been throughout the duration of the putative class. The Defendants' prior attempts at complying with BIPA also categorically failed. *See* FAC, ¶ 35, 36.

Jumio is also not a financial institution, nor does it argue that it is. Instead, Jumio argues that the exception identified within 740 ILCS 14/25(c) states BIPA doesn't apply "in any manner to a financial institution" and "in any manner" must also exclude their company. This is not persuasive and Jumio has cited no authority supporting this interpretation of the exception found

2

within 740 ILCS 14/25(c). The plain meaning exception within 14/25(c) applies to a "financial institution or an affiliate of a financial institution" and Jumio, a company that collects, analyzes, and stores biometric data for a various applications and companies, cannot argue that they are.

**Second**, the Defendants' argument that Binance Capital Management Co., Ltd. (a/k/a Binance) has alleged a threshold question of personal jurisdiction and therefore a stay is appropriate is also insufficient. Defendants' specific argument that "Plaintiff's lone, conclusory, and baseless 'alter ego' allegation is completely devoid of factual support" could not be more tenuous. At the outset of this case Plaintiffs have pled from credible sources that 1) the founder and CEO of Binance, Changpeng Zhao (CZ), ended Binance for U.S. customers in June 2019, 2) CZ established Binance.US only **three months** later in September 2019, 3) leaked corporate documents suggest that Binance.US was an attempt to avoid U.S. regulations, and 4) that CZ currently owns (or did own) nearly 90% of Binance.US. *See* FAC, ¶ 1-4. Additionally, lack of personal jurisdiction by this Court has been claimed only by Defendant Binance- both BAM and Jumio are domestic defendants and cannot hide behind this allegation.

  **B.**  **A Stay Will Not Reduce the Burden of Litigation and Risks Loss of Evidence by Defendants.**

It is also highly unlikely that the Court will ultimately dismiss all claims against all Defendants with prejudice, further militating against the imposition of a stay. *U.S., ex rel. Tucker v. Nayak*, No. CIV. 06-662-JPG, 2008 WL 80747, at *1 (S.D. Ill. Jan. 8, 2008) ("even if defendant's motion to dismiss is successful and the Court concludes plaintiff has failed to meet the heightened pleading standard for a claim of fraud, dismissal without prejudice, without an opportunity to file an amended complaint, is rare.")

As Magistrate Wilkerson has explained under similar circumstances:

> Defendants' main argument is that they should not be burdened with discovery in a case where "novel" theories of liability will require substantial and expensive discovery and will most likely be dismissed for failure to state a claim. This Court has no knowledge as to the likelihood of dismissal of any of Plaintiff's claims. Neither the novelty of Plaintiff's theories nor the fact that discovery is expensive warrants a stay in this matter. Defendants argue that "hundreds if not thousands of hours" or attorney and client time will be devoted to discovery in addition to time that will be spent litigating the scope of discovery. None of these points are particularly unique to this case. The Court assumes that the parties will work efficiently in seeking discovery and complying with discovery requests and further assumes that attorneys will act reasonably in outlining the scope of discovery. Defendants have not identified any particular discovery requests that would be burdensome. For these reasons, discovery will not be stayed pending resolution of the Motion to Dismiss.

*Fields v. Alcon Lab'ys, Inc.*, No. 3:13-CV-197-DRH-DGW, 2013 WL 12173239, at *1 (S.D. Ill. June 24, 2013). The same outcome is appropriate here.

Defendants cite *Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) for the proposition that "[i]n determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court."

Defendants have not shown that a stay will meet factors (2) and (3), as both presume the merit of Defendants' arguments. Again, any Defendant who has moved to dismiss could argue that factors (2) and (3) are met, but Defendants have made no showing beyond a simple recitation of the standard that the Court's ruling is likely to materially simplify the issues or narrow the appropriate scope of discovery in this case. And while Defendants contend that Plaintiff will not be prejudiced by a stay, this is not so clear. As laid out in Plaintiff's First

4

Amended Complaint and his opposition to Binance's motion to dismiss, Binance's operations in the United States, including the creation of BAM/Binance.US, are designed to elude regulators and other legal authorities. The more time that passes before Plaintiff is able to proceed with discovery, the greater the opportunity that relevant evidence will be lost, misplaced, or destroyed. That is why Plaintiff, in his opposition to Binance's dismissal motion, has requested the opportunity to take jurisdictional discovery from Binance regarding its purported lack of contacts with Illinois, premised on Plaintiff's alter ego theory against Binance. This discovery is necessary, appropriate, and may be compromised as time goes on.

Of course, Plaintiff will proceed in discovery in accordance with the guidance in *Fields* that any discovery will be reasonably outlined and targeted, including limiting discovery directed to Binance, for the time being, to jurisdictional and alter ego issues.

## CONCLUSION

Defendants' request to stay discovery based on the pendency of motions to dismiss that are either unlikely to be granted or, in the case of Binance, warrant additional targeted discovery in and of themselves should be denied.

Dated: July 15, 2022

**FREEARK, DENNIS, MURPHY & MOSKOP, P.C.**

BY: */s/ Joel D. Beckwith*
JOEL D. BECKWITH
SHANE M. MOSKOP
115 W. Washington Street, P.O. Box 546
Belleville, IL 62222-0546
jbeckwith@freeark.com
smoskop@freeark.com
618-233-2686 - 618-233-5677(fax)

**LYNCH CARPENTER, LLP**
KATRINA CARROLL
KYLE SHAMBERG (application for admission pending)
111 W. Washington Street
Suite 1240
Chicago, IL 60602
katrina@lcllp.com
kyle@lcllp.com
312-750-1265 - 773-598-5609 (fax)

*Attorneys for Plaintiff and the Putative Class*

6