IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAMIL KUKLINSKI, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US, and JUMIO CORPORATION,<br><br>Defendants. | Case No. 21-cv-01425-SPM |

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

This matter arises out of Illinois Biometric Information Privacy Act ("BIPA") claims originally brought in the Twentieth Judicial Circuit, St. Clair County, Illinois by plaintiff, Kamil Kuklinski ("Kuklinski") individually and on behalf of a putative class, against defendants, Binance Capital Management Co., Ltd. ("BCM"), BAM Trading Services Inc. d/b/a Binance.US ("BUS"), and Jumio Corporation ("Jumio") (collectively, "defendants") (Doc. 1). All three defendants filed individual motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and BCM also seeks dismissal based upon lack of personal jurisdiction pursuant to Rule 12(b)(2) (Docs. 53, 54 & 55).

At issue before the Court is a motion to stay, which was jointly filed by defendants herein and which seeks to stay discovery while the motions to dismiss are pending (Doc. 74). Specifically, defendants cite to a sister district which has explained, "Stays are often

deemed appropriate where the motion to dismiss can resolve the case – at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *In re Clearview, AI, Inc. Consumer Priv. Litig.,* 2021 WL 5862495 (N.D.Ill. August 31, 2021). Kuklinski counters in his response that the stay should be denied as it is not likely the pending motions to dismiss will dispose of this case in its entirety (Doc. 77). Furthermore, in his response to the pending BCM motion to dismiss, Kuklinski seeks the opportunity to conduct appropriate jurisdictional discovery into the alter ego theory (Doc. 63). For the reasons set forth below, the motion to stay is GRANTED in part and DENIED in part.

## LEGAL STANDARD

District courts have the power to control their own dockets, including the discretion to stay proceedings. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). To determine whether a stay is necessary, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019) (citations omitted). The party seeking the stay bears the burden of proving that the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009).

## ANALYSIS

There is no requirement that discovery cease during the pendency of a motion to dismiss. *See SK Hand Tool Corp. v. Dresser Industries, Inc.,* 852 F.2d 936, 945 (7th Cir. 1988). In accordance with Federal Rule of Civil Procedure 26, a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El,* 523 U.S. 574, 599 (1998).

Defendants argue they have fulfilled their burden in showing that a stay of discovery is warranted until the Court rules on the pending motions to dismiss. Plaintiff counters that the stay should be denied as it will bring the litigation to a standstill, but at a minimum, requests limited discovery to aid in resolution of certain threshold and/or jurisdictional issues.

**1. Simplifying the Issues**

Defendants argue that the Court should stay discovery because the motions to dismiss are potentially dispositive of the entire case as they raise threshold and jurisdictional issues (Doc. 74, pp. 4, 5). However, any discussion into the merits of the case is premature and inappropriate at this stage, and this Court is not inclined to circumvent the procedures for the resolution of the various motions to dismiss. *See Robinson v. Walgreen Co.,* 2021 WL 2453069 (N.D. Ill. June 16, 2021).

It is true that BCM's motion involves a jurisdictional issue, but it is important to note that Kuklinski has requested the opportunity to take jurisdictional discovery from BCM regarding its purported lack of conduct with Illinois and premised upon his alleged alter ego theory of liability (Doc. 77, p. 6). Additionally, within his memorandum in

response to BCM's motion to dismiss, Kuklinski argues, "Absent denial, plaintiff should be afforded the opportunity to conduct appropriate jurisdictional discovery into the alter ego theory." (Doc. 63, p. 10).

### 2. Burden of Litigation

It is true that class actions have the potential to entail costly and burdensome discovery. Defendants argue that a stay of discovery will reduce the burden of litigation on the parties; however, unless all three motions are dismissed with prejudice, this action remains, at least in part if not whole. Indeed, the Court is generally inclined to grant leave to amend after granting a motion to dismiss[1].

### 3. Prejudice or Tactical Disadvantage to Non-Moving Party

Defendants argue that a stay of discovery will not prejudice plaintiff, and plaintiff has not articulated any potential prejudice or disadvantage in his response. Nevertheless, this Court is inclined to order limited discovery in this case in an attempt to resolve the pending motions, including the jurisdictional questions surrounding BCM, before delving into the cost and burden of full discovery.

## CONCLUSION

In accordance with the foregoing, the Motion to Stay is **GRANTED** in part and **DENIED** in part. All proceedings and deadlines are stayed for 90 days, or until October 27, 2022; however, the parties are **ORDERED** to engage in limited jurisdictional discovery. During this time, the Motions to Dismiss (Docs. 53-55) shall be held in abeyance. Following jurisdictional discovery, the parties are to prepare a joint status

---

[1] Unless it is certain from the face of the complaint that any amendment would be futile or otherwise warranted, the district court should grant leave to amend after granting a motion to dismiss. Fed. R. Civ. P. 15(a)(2).

report at which time plaintiff shall advise the Court of his intent to proceed on the current complaint or whether he seeks leave to file amended complaint.

**IT IS SO ORDERED.**

**DATED: July 29, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**