## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAMIL KUKLINSKI, individually and　　)
on behalf of all others similarly situated,　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No.:  3:21-cv-01425-SPM
　　　　　　　　　　　　　　　　　)
BINANCE CAPITAL MANAGEMENT　)　　Hon.  Stephen P. McGlynn
CO., LTD. d/b/a BINANCE, BAM　　　)
TRADING SERVICES INC. d/b/a　　　)
BINANCE.US and JUMIO　　　　　　)
CORPORATION,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　)

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Plaintiff Kamil Kuklinski, pursuant to Local Rule 7(c) and Fed. R. App. P. 28(j), hereby requests leave of Court to submit a recent decision from the United States District Court for the Northern District of Illinois, *Davis v. Jumio Corporation*, 22-cv-00776 (February 14, 2023) (attached as **Exhibit A**), which is relevant to Defendants' pending motions to dismiss, ECF Doc. Nos. 53-55.

In *Davis*, Judge Wood, relying on binding Seventh Circuit precedent, held that: (1) self-serving statements made by Binance in other proceedings, such as characterizing itself as a "financial institution" to avoid liability under BIPA, need not be accepted as true and do not support taking judicial notice of the contested fact that Binance is, in fact, a financial institution; (2) terms such as "cryptocurrency marketplace" have not acquired such common meaning that the Court can readily determine whether Binance's operations fall within the category of financial institutions exempted from regulation under BIPA; (3) examining the plain language of the phrase "in any manner," it is difficult to see how requiring Jumio to comply with BIPA's notice and

consent provisions leads to BIPA being applied in any manner to Binance; and (4) alleging that the Plaintiff is an Illinois resident, submitted a photo his face and driver's license on the Binance App from Illinois is sufficient at the pleadings stage to allege a BIPA violation occurred in Illinois.

The *Davis* ruling is relevant to Plaintiff's Opposition, ECF Doc. 61 at pp. 3-4 (arguing that Binance.US did not self-proclaim it was a financial institution subject to the GLBA until July 7, 2021); 9 (the plain meaning of the BIPA 25(c) exception which excludes financial institutions […] cannot apply to a cryptocurrency exchange."); and ECF Doc. 62 at pp. 3 (arguing Jumio is neither a "financial institution" nor an "affiliate of a financial institution.").

Judge Wood's reasoning and conclusions regarding both Binance and Jumio align with the arguments made in Plaintiff's oppositions to Defendants' motions.  Ex. A at 8 ("whether Binance qualifies as a financial institution for purposes of BIPA's exemption presents a question of fact that cannot be determined based on the allegations of the Complaint, regardless of whether Binance has called itself financial institution in other proceedings to avoid its own liability under BIPA."); 14 (rejecting extraterritoriality argument, finding that "*McGoveran* [*v. Amazon Web Services., Inc.,* No. 20-1399, 2021 WL 4502089 (D. Del. Sept. 30, 2021)] is arguably distinguishable from the present case because [Plaintiff] alleges that Jumio conducts business transactions in Illinois, suggesting an additional nexus to Illinois beyond [Plaintiff's] residency and the source of his biometric data").  The Court should deny Defendants' motions to the extent they are premised on the GLBA exception (Binance.US and Jumio) and/or the extraterritoriality doctrine (all Defendants) for the same reasons articulated in *Davis*.

Date: February 28, 2023

**FREEARK, DENNIS, MURPHY & MOSKOP, P.C.**

BY:  */s/ Joel D. Beckwith*

JOEL D. BECKWITH
SHANE M. MOSKOP
115 W. Washington Street, P.O. Box 546
Belleville, IL 62222-0546
jbeckwith@freeark.com
smoskop@freeark.com
618-233-2686 - 618-233-5677(fax)


**LYNCH CARPENTER, LLP**
KATRINA CARROLL
KYLE SHAMBERG
111 W. Washington Street
Suite 1240
Chicago, IL 60602
katrina@lcllp.com
kyle@lcllp.com
312-750-1265 - 773-598-5609 (fax)

*Attorneys for Plaintiff and the Putative Class*


## <u>CERTIFICATE OF SERVICE</u>

I, Joel D. Beckwith, hereby certify that on February 28, 2023, a true and correct copy of

the foregoing was served by CM/ECF on all counsel of record.


By: */s/ Joel D. Beckwith*