THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO, LTD. d/b/a BINANCE, BAM TRADING SERVICES d/b/a BINANCE.US and JUMIO CORPORATION,<br><br>Defendants. | Civil Action No. 3:21-cv-01425-SPM<br><br>Judge:    Hon. Stephen P. McGlynn |

**DEFENDANT BAM TRADING SERVICES INC.'S RESPONSE
TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

Defendant BAM Trading Services Inc. ("BAM") respectfully responds to Plaintiff's supplemental authority. (ECF No. 80.) The non-binding decision in Davis v. Jumio Corporation, 22-cv-00776 (N.D. Ill. Feb. 14, 2023) ("Davis"), which was "based on the allegations of the [Davis] Complaint," Davis at 8, is inapposite. BAM is not a defendant in the Davis case; and the sole defendant, Jumio Corporation ("Jumio"), did not make the same arguments as BAM here because the plaintiff did not make the same allegations as Plaintiff here.

Jumio requested judicial notice of facts in BAM's court filings in this case that BAM "qualifies as a financial institution" because those facts were not alleged in Davis. Davis at 7. The court found that such facts were not subject to judicial notice but **did not address the merits of BAM's arguments**. Unlike in Davis, this Court need not take judicial notice of any facts that BAM is a financial institution because the necessary facts are alleged in, or (as Plaintiff does not dispute) incorporated by reference into, Plaintiff's Amended Complaint. (See BAM Mot. 4-7.)

Those facts include that (1) BAM exchanges, transfers, and safeguards "fiat currency" (i.e., money) in connection with operating a "digital asset" (i.e., cryptocurrency) exchange; (2) BAM provides domestic money transmission services to users; and (3) BAM has disclosed that it is subject to the GLBA.  (See id.)[1]

      In Davis, Jumio also argued that the plaintiff's description of BAM as an "online cryptocurrency marketplace" **alone** establishes that BAM is a financial institution.  Davis at 7.  The court disagreed and found that the complaint did not contain the further factual allegations about BAM's financial activities necessary to determine whether BAM fell within BIPA's financial institution exemption.  Id. at 8.  Again, unlike in Davis, the necessary facts are alleged in, or incorporated by reference into, Plaintiff's Amended Complaint.  (See BAM Mot. 4-7.)

---

[1] This Court also need not determine whether BIPA's financial institution exemption is an affirmative defense.  Davis at 4-5.  Plaintiff did not make such an argument.  He has an "obligation to plead around" the exemption; BAM has no "burden to establish it."  Id.

Dated:  March 10, 2023                              Respectfully submitted,

                                                       GOODWIN PROCTER LLP

/s/ *Daniel Roeser*
Daniel Roeser (admitted *pro hac vice*)
*DRoeser@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813-8800
Fax: +1 212 355-3333

Brendan Blake (admitted *pro hac vice*)
*BBlake@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

Megan D. Bettles (admitted *pro hac vice*)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

*Attorneys for Defendant BAM Trading Services Inc.*

**CERTIFICATE OF SERVICE**

      I, Daniel Roeser, an attorney, hereby certify that, on **March 10, 2023,** I caused a true and complete copy of the foregoing to be electronically filed via the Court's ECF system, which effected service on all counsel of record.

                                                        /s/ *Daniel Roeser*
                                                              Daniel Roeser