IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAMIL KUKLINSKI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US and JUMIO CORPORATION,<br><br>Defendants. | Case No. 3:21-cv-01425-SPM<br><br>Hon. Stephan P. McGlynn |

**JUMIO CORPORATION'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Jumio Corporation hereby responds to Plaintiff Kamil Kuklinski's motion for leave to file supplemental authority. *See* ECF No. 80. The recent decision in *Davis v. Jumio Corporation*, 22-cv-00776 (N.D. Ill. Feb. 14, 2023), is not binding on this Court and is also distinguishable in several important ways.

***First,*** unlike the plaintiff in *Davis*, Kuklinski has named BAM Trading Service ("BAM") as a defendant, such that the parties in this case are *not* asking the Court to take judicial notice of BAM's position in a different action. *Cf.* ECF No. 80-1 at 6-7.

***Second,*** the plaintiff in *Davis* said virtually nothing about the entity "Binance" in his complaint, which limited the facts that Judge Wood could consider in determining whether it qualified as a "financial institution." *See* ECF No. 80-1 at 8 (considering whether calling "Binance" a "cryptocurrency marketplace" was sufficient). But here, Kuklinski's complaint names BAM and includes more detailed factual allegations showing that BAM engages in

financial activities like exchanging, transferring, and safeguarding money. *See* ECF Nos. 53 at 4-6; 55 at 3-8; 65 at 1-3; 66 at 1-3 (discussing allegations supporting "financial institution" status).

*Third,* Judge Wood required "further information regarding how the Binance App functions and how Jumio's identity verification software is integrated into the Binance App . . . [to] determine the extent to which requiring Jumio to comply with BIPA would necessitate changes to how Binance does business, such that BIPA might be considered as applying 'in any manner' to Binance." ECF No. 80-1 at 11. But again, Kuklinski's complaint includes detailed allegations about BAM's business practices with respect to Jumio, and those allegations make clear that Jumio would need to give notice and obtain consent *through the BAM application or website* given how Jumio technology is integrated. *See* ECF Nos. 66 at 3; 43 at 7-8. In fact, Kuklinski's complaint acknowledges that BAM's application ultimately *was* updated to give notice and obtain consent to Jumio's collection of biometric data. Compl. ¶ 35. Such changes to BAM's app prove that applying BIPA to Jumio here would indirectly apply it to BAM.

Dated:  March 10, 2023

      Respectfully submitted,
      */s/ Susan D. Fahringer*

      Susan D. Fahringer
      Nicola C. Menaldo (*Pro Hac Vice*)
      Anna Mouw Thompson (*Pro Hac Vice*)
      **PERKINS COIE LLP**
      1201 Third Avenue, Suite 4900
      Seattle, WA  98101-3099
      Telephone: (206) 359-8000
      Facsimile: (206) 359-9000
      SFahringer@Perkisncoie.com
      NMenaldo@Perkinscoie.com
      AnnaThompson@perkinscoie.com

      Debra R. Bernard
      **PERKINS COIE LLP**
      110 North Wacker Drive
      34th Floor
      Chicago, IL 60606
      Telephone: (312) 324-8400
      Facsimile: (312) 324-9400
      DBernard@perkinscoie.com

      *Attorneys for Defendant Jumio Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2023, a copy of the foregoing was filed electronically and sent to all counsel of record by operation of the Court's ECF System.

/s/ Susan D. Fahringer