**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS**

| | |
|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES d/b/a BINANCE.US and JUMIO CORPORATION,<br><br>       Defendants. | Civil Action No. 3:21-cv-01425-SPM<br><br>Judge:    Hon. Stephen P. McGlynn |

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u><br><u>BY DEFENDANT BAM TRADING SERVICES INC.</u>

Defendant BAM Trading Services Inc. ("BAM"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses to the First Amended Complaint, dated February 22, 2022 (Dkt. No. 45) ("FAC"), in the above-captioned matter.

BAM expressly reserves the right to amend and/or supplement this Answer as may be necessary. For the sake of clarity, and unless otherwise expressly stated, BAM herein uses the defined terms and phrases set forth in the FAC. In doing so, however, BAM does not concede that any such definitions are proper. BAM (1) denies all of the FAC's allegations unless expressly admitted herein and (2) denies any averments in the headings and subheadings of the FAC. BAM answers the specific allegations in the like-numbered paragraphs, subparagraphs, and associated footnotes of the FAC as follows:

To the extent that the allegations in the FAC relate to claims against Binance Capital Management Co., Ltd., which the Court dismissed with prejudice in its April 4, 2023 Order (Dkt.

No. 84) (the "Dismissed Defendant" or "Binance"), no response is required.  To the extent that

the allegations in the unnumbered paragraph on page 1 of the FAC contain characterizations of

the law and legal conclusions, no response is required. To the extent that the allegations in the

unnumbered paragraph on page 1 of the FAC contain factual allegations to which a response is

required, BAM denies the allegations in the unnumbered paragraph on page 1 of the FAC, except

admits that Plaintiff Kamil Kuklinski ("Plaintiff") filed the above-captioned matter through his

attorneys.

<u>**INTRODUCTION AND BACKGROUND**</u>

1.      To the extent that the allegations in Paragraph 1 of the FAC relate to the

Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 1

of the FAC contain factual allegations to which a response is required, BAM denies knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the

FAC.

2.      To the extent that the allegations in Paragraph 2 of the FAC contain

characterizations of the law and legal conclusions, no response is required.  To the extent that the

allegations in Paragraph 2 of the FAC contain factual allegations to which a response is required,

BAM denies the allegations in Paragraph 2 of the FAC.

3.      To the extent that the allegations in Paragraph 3 of the FAC relate to the

Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 3

of the FAC contain factual allegations to which a response is required, BAM denies the

allegations in Paragraph 3 of the FAC, and respectfully refers the Court to the June 13, 2019,

announcement cited in Paragraph 3 of the FAC for the exact content and context thereof.

4.      To the extent that the allegations in Paragraph 4 and footnotes 1 and 2 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 4 and footnotes 1 and 2 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 4 and footnotes 1 and 2 of the FAC, except admits that BAM established the Binance.US platform in September 2019 to serve U.S. consumers, and respectfully refers the Court to the articles cited in footnotes 1 and 2 of the FAC for the exact content and context thereof.

5.      BAM denies the allegations in Paragraph 5 of the FAC, except admits that it operates the Binance.US platform through which U.S. consumers may (among other things) purchase digital assets.

6.      To the extent that the allegations in Paragraph 6 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 6 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 6 of the FAC, except admits that BAM charges fees in connection with certain transactions made using the Binance.US platform.

7.      BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC, except admits that the Binance.US platform can be accessed through a mobile application or a web browser.

8.      BAM denies the allegations in Paragraph 8 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

9.      BAM denies the allegations in Paragraph 9 of the FAC, except admits that it contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

10.     BAM denies the allegations in Paragraph 10 of the FAC, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

11.     To the extent that the allegations in Paragraph 11 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 11 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 11 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 11 of the FAC for the exact content and context thereof.

12.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC.

13.     To the extent that the allegations in Paragraph 13 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 13 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 13 of the FAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "[t]he State of Illinois takes the privacy of biometric data seriously," and respectfully refers the Court to the statute referenced in Paragraph 13 of the FAC for the exact content and context thereof.

14.     To the extent that the allegations in Paragraph 14 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 14 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 14 of the FAC.

15.     To the extent that the allegations in Paragraph 15 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 15 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 15 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 15 of the FAC.

## INTRODUCTION AND BACKGROUND

16.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC.

17.     To the extent that the allegations in Paragraph 17 and footnote 3 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 17 and footnote 3 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 17 and footnote 3 of the FAC contain factual allegations to which a response is required, BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and footnote 3 of the FAC, and respectfully refers the Court to the article cited in footnote 3 of the FAC for the exact content and context thereof.

18.     BAM denies the allegations in Paragraph 18 of the FAC, except admits that (1) BAM is a Delaware corporation with it principal place of business in Palo Alto, California; (2) the language "powered by matching engine and wallet technologies licensed from the world's

largest cryptocurrency exchange, Binance," appears on BAM's website; and (3) U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to its Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

19.     BAM denies the allegations in Paragraph 19 of the FAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "Jumio Corporation is a foreign corporation headquartered in Palo Alto, California and operates under the laws of the State of Delaware," admits that it contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

20.     To the extent that the allegations in Paragraph 20 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 20 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 20 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 20.

21.     To the extent that the allegations in Paragraph 21 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 21 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 21 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 21.

22.     To the extent that the allegations in Paragraph 22 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 22 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 22 of the FAC contain factual allegations to which a response is required, BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC, except admits that it is a nonresident of the State of Illinois, and respectfully refers the Court to the statute referenced in Paragraph 22 of the FAC for the exact content and context thereof.

## **FACTUAL ALLEGATIONS**

23.     To the extent that the allegations in Paragraph 23 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 23 of the FAC contain factual allegations to which a response is required, BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC.

24.     BAM denies the allegations in Paragraph 24 of the FAC, except admits that it contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited Paragraph in 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

25.     BAM denies the allegations in Paragraph 25 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

26.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the FAC.

27.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the FAC.

28.     BAM denies the allegations in Paragraph 28 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

29.     BAM denies the allegations in Paragraph 29 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

30.     BAM denies the allegations in Paragraph 30 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

31.     BAM denies the allegations in Paragraph 31 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which

are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

32.     To the extent that the allegations in Paragraph 32 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 32 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 32 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 32 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

33.     To the extent that the allegations in Paragraph 33 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 33 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 33 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 33 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

34.     To the extent that the allegations in Paragraph 34 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 34 of the FAC contain factual allegations to which a response is

required, BAM denies the allegations in Paragraph 34 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

35.    BAM denies the allegations in Paragraph 35 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

36.    To the extent that the allegations in Paragraph 36 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 36 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 36 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

37.    BAM denies the allegations in Paragraph 37 of the FAC, except admits that it contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

38.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and footnote 4 of the FAC, and respectfully refers the Court to the video referenced Paragraph 38 and the webpage referenced in footnote 4 of the FAC for the exact content and context thereof.

39.     BAM denies the allegations in Paragraph 39 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process and that BAM contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

40.     To the extent that the allegations in Paragraph 40 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 40 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 40 of the FAC, and respectfully refers the Court to BAM's Terms of Use cited in Paragraph 40 of the FAC for the exact content and context thereof.

41.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the FAC, and respectfully refers the Court to Jumio's Privacy Policy cited in Paragraph 41 of the FAC for the exact content and context thereof.

42.     BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC, and respectfully refers the Court to Jumio's Privacy Policy cited in Paragraph 42 of the FAC for the exact content and context thereof.

43. BAM denies the allegations in Paragraph 43 of the FAC, and respectfully refers the Court to BAM's Privacy Policy cited in Paragraph 43 of the FAC for the exact content and context thereof.

44. To the extent that the allegations in Paragraph 44 of the FAC relate to the Dismissed Defendant, no response is required. To the extent that the allegations in Paragraph 44 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 44 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 44 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

45. To the extent that the allegations in Paragraph 45 of the FAC relate to the Dismissed Defendant, no response is required. To the extent that the allegations in Paragraph 45 of the FAC contain factual allegations to which a response is required, BAM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC, and respectfully refers the Court to the Privacy Policy cited in Paragraph 45 of the FAC for the exact content and context thereof.

46. To the extent that the allegations in Paragraph 46 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 46 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 46 of the FAC, except admits that it contracts

with Jumio to provide identity verification services, and respectfully refers the Court to Jumio's Privacy Policy cited in Paragraph 46 of the FAC for the exact content and context thereof.

47.      To the extent that the allegations in Paragraph 47 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 47 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 47 of the FAC, except admits that it contracts with Jumio to provide identity verification services, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements.

## CLASS ALLEGATIONS

48.      To the extent that the allegations in Paragraph 48 and footnote 5 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 48 and footnote 5 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 48 and footnote 5 of the FAC, except admits that Plaintiff purports to represent the putative class described in Paragraph 48 of the FAC.

49.      To the extent that the allegations in Paragraph 49 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 49 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 49 of the FAC.

50.      To the extent that the allegations in Paragraph 50 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 50 of the FAC contain characterizations of the law and legal conclusions, no response is required.

To the extent that the allegations in Paragraph 50 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 50 of the FAC.

51.     To the extent that the allegations in Paragraph 51 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 51 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 51 of the FAC.

52.     To the extent that the allegations in Paragraph 52 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 52 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 52 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 52 of the FAC.

## CAUSES OF ACTION

53.     To the extent that the allegations in Paragraph 53 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 53 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 53 of the FAC.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
## (DAMAGES)
## (ALL DEFENDANTS)

54.     In response to Paragraph 54 of the FAC, BAM incorporates its previous responses to each and every allegation contained in the unnumbered paragraph on page 1 of the FAC and Paragraphs 1 through 53 and footnotes 1 through 5 of the FAC as if fully set forth herein.

55.     To the extent that the allegations in Paragraph 55 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 55 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 55 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 55 of the FAC for the exact content and context thereof.

56.     To the extent that the allegations in Paragraph 56 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 56 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 56 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 56 of the FAC for the exact content and context thereof.

57.     To the extent that the allegations in Paragraph 57 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 57 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 57 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 57 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements, and also respectfully refers the Court to the statute referenced in Paragraph 57 of the FAC for the exact content and context thereof.

58.     To the extent that the allegations in Paragraph 58 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 58 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 58 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 58 of the FAC, except admits that U.S. consumers who choose to create an account with BAM must provide certain information as part of the account creation process, and respectfully refers the Court to BAM's Terms of Use, which are cited in Paragraph 40 of the FAC and are periodically updated on BAM's website, for a description of BAM's account creation process and requirements, and also respectfully refers the Court to the statute referenced in Paragraph 58 of the FAC for the exact content and context thereof.

59.     To the extent that the allegations in Paragraph 59 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 59 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 59 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 59 of the FAC for the exact content and context thereof.

60.     To the extent that the allegations in Paragraph 60 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 60 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 60 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 60 of the FAC, and respectfully

refers the Court to the statute referenced in Paragraph 60 of the FAC for the exact content and context thereof.

61.     To the extent that the allegations in Paragraph 61 of the FAC contain characterizations of the law and legal conclusions, no response is required.  To the extent that the allegations in Paragraph 61 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 61 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 61 of the FAC for the exact content and context thereof.

62.     To the extent that the allegations in Paragraph 62 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 62 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 62 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 62 of the FAC, and respectfully refers the Court to the statute referenced in Paragraph 62 of the FAC for the exact content and context thereof.

63.     To the extent that the allegations in Paragraph 63 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 63 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 63 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 63 of the FAC.

64.     To the extent that the allegations in Paragraph 64 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 64 of the FAC contain characterizations of the law and legal conclusions, no response is required.

To the extent that the allegations in Paragraph 64 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 64 of the FAC.

65.     To the extent that the allegations in Paragraph 65 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 65 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 65 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 65 of the FAC.

**COUNT II**
**UNJUST ENRICHMENT**
**(BINANCE AND BINANCE.US)**

66.     In response to Paragraph 66 of the FAC, BAM incorporates its previous responses to each and every allegation contained in the unnumbered paragraph on page 1 of the FAC and Paragraphs 1 through 65 and footnotes 1 through 5 of the FAC as if fully set forth herein.

67.     To the extent that the allegations in Paragraph 67 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 67 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 67 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 67 of the FAC, except admits that BAM charges fees in connection with certain transactions made using the Binance.US platform.

68.     To the extent that the allegations in Paragraph 68 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 68 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 68 of the FAC contain factual allegations to which

a response is required, BAM denies the allegations in Paragraph 68 of the FAC, except admits that it operates the Binance.US platform through which U.S. consumers may (among other things) purchase digital assets.

69.     To the extent that the allegations in Paragraph 69 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 69 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 69 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 69 of the FAC.

70.     To the extent that the allegations in Paragraph 70 of the FAC relate to the Dismissed Defendant, no response is required.  To the extent that the allegations in Paragraph 70 of the FAC contain characterizations of the law and legal conclusions, no response is required. To the extent that the allegations in Paragraph 70 of the FAC contain factual allegations to which a response is required, BAM denies the allegations in Paragraph 70 of the FAC, except admits that Plaintiff purports to seek the relief described in Paragraph 70 of the FAC.

## ANSWER TO PRAYER FOR RELIEF

Answering the prayer for relief, BAM denies that Plaintiff or the putative class is entitled to any relief from BAM.

## ANSWER TO DEMAND FOR JURY TRIAL

Answering the demand for a jury trial, BAM denies that Plaintiff has a right to a jury trial, except admits that Plaintiff has asserted a demand for a jury trial.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Derivative Claims)

Count II of the FAC, which is based on the doctrine of unjust enrichment, is derivative of

Count I of the FAC and, thus, is barred for the same reasons that Count I of the FAC is barred.

## THIRD AFFIRMATIVE DEFENSE
### (Financial Institution Exception)

The FAC's claims are barred because BAM is a financial institution subject to Title V of

the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder and, thus, is

exempt from the requirements of the Illinois Biometric Information Privacy Act (see 740 ILCS

§ 14/25(c)).

## FOURTH AFFIRMATIVE DEFENSE
### (Class Action Waiver)

The FAC's putative class allegations and claims are barred because this case is not

appropriate for certification as a class action under Federal Rule of Civil Procedure 23 because

Plaintiff and/or the putative class members whom he purports to represent consented to a valid

class action waiver, pursuant to BAM's Terms of Use.

## FIFTH AFFIRMATIVE DEFENSE
### (Mandatory Arbitration)

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative

class members whom he purports to represent agreed to mandatory arbitration of their claims,

pursuant to BAM's Terms of Use.

## SIXTH AFFIRMATIVE DEFENSE
### (Not Aggrieved)

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative

class members whom he purports to represent are not "aggrieved" within the meaning of BIPA.

Upon information and belief, Plaintiff and the putative class members have suffered and will suffer no actual injuries, injuries in fact, or any other injuries or harms to their distinct and personal legal interests.

### SEVENTH AFFIRMATIVE DEFENSE
**(Non-Culpable Conduct Under BIPA)**

The FAC's claims are barred, in whole or in part, because BAM did not engage in negligent, reckless, or intentional conduct in violation of BIPA.

### EIGHTH AFFIRMATIVE DEFENSE
**(Good Faith)**

The FAC's claims are barred, in whole or in part, by BAM's good faith, and its absence of negligent, intentional, or reckless conduct.  To the extent that BIPA applies to BAM's conduct as alleged in the FAC, BAM is not liable because it relied in good faith upon a reasonable interpretation of BIPA and any alleged violation was not negligent, intentional, or reckless.

### NINTH AFFIRMATIVE DEFENSE
**(Jumio Class Action Settlement)**

The FAC's claims are barred, in whole or in part, because the claims have been released pursuant to the class action settlement that received final approval on July 21, 2020, from the Circuit Court of Cook County, Illinois, in Prelipceanu v. Jumio Corporation, Case. No. 2018-CH-15883.

### TENTH AFFIRMATIVE DEFENSE
**(Choice of Law)**

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative class members whom he purports to represent agreed that the laws of states other than Illinois would govern the claims raised herein, pursuant to BAM's Terms of Use.  Consequently,

Plaintiff and/or the putative class members whom he purports to represent are barred from bringing claims under any Illinois law, including BIPA.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

The FAC's claims are barred, in whole or in part, because to the extent that BIPA applies to the conduct alleged in the FAC (which BAM denies), BAM substantially complied with the requirements of BIPA.  The purposes motivating BIPA's collection, use, and retention requirements are not implicated by BAM's identity verification requirements, and are satisfied by the information that BAM and/or Jumio provided about their technology and the procedures used for obtaining consent from BAM's users.  Upon information and belief, Plaintiff and/or the putative class members whom he purports to represent have suffered and will suffer no prejudice arising out of any alleged lack of strict compliance.

## TWELFTH AFFIRMATIVE DEFENSE
### (Extraterritoriality)

The FAC's claims are barred, in whole or in part, because BIPA does not apply extraterritorially.  Upon information and belief, the conduct alleged in the FAC took place entirely or predominantly outside of Illinois and, thus, is not governed by BIPA.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent)

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative class members whom he purports to represent consented to the conduct alleged to violate BIPA.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

The FAC's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, ratification, acquiescence, unclean hands, and/or in pari delicto.  Upon

information and belief, Plaintiff and/or the putative class members whom he purports to represent approved and, in some cases, participated in the conduct of which they now complain – specifically, by scanning their faces with a webcam or mobile device and uploading the scans. As a result, they are barred from bringing their claims under the doctrines of laches, estoppel, waiver, ratification, acquiescence, unclean hands, and/or in pari delicto.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Photograph Exception)**

The FAC's claims are barred, in whole or in part, because the conduct alleged in the FAC falls within BIPA's photograph exception.  The definition of "biometric identifiers" in BIPA excludes "photographs" and the definition of "biometric information" in BIPA excludes "information derived from items or procedures excluded under the definition of biometric identifiers."  740 ILCS 14/10.  Since Plaintiff's claims are based, in whole or in part, on the alleged collection of biometric data from photographs uploaded by Plaintiff and/or the putative class members whom he purports to represent, BIPA does not apply.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Limitation of Liability)**

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative class members whom he purports to represent agreed to limitations of BAM's liability for the claims asserted herein, pursuant to BAM's Terms of Use.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Discretionary Damages)**

The FAC's claims are barred, in whole or in part, because BIPA's statutory damages provisions are discretionary, rather than mandatory, and the allegations in the FAC provide no basis for the award of statutory damages.  Upon information and belief, Plaintiff and/or the

putative class members whom he purports to represent have not suffered any injury or damage

due to BAM's alleged conduct, and awarding statutory damages under such circumstances would

be inappropriate and unjust.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Unconstitutionality)**

The FAC's claims are barred, in whole or in part, to the extent that BIPA as applied to the

allegations in the FAC violates the United States Constitution and/or the Illinois Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Dormant Commerce Clause)**

The FAC's claims are barred, in whole or in part, by the Dormant Commerce Clause of

the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative

class members whom he purports to represent lack standing under Article III of the United States

Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Special Legislation)**

The FAC's claims are barred, in whole or in part, by the provision of the Illinois

Constitution that prohibits "special legislation."  See Ill. Const., art. IV, § 13.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(First Amendment)**

The FAC's claims are barred, in whole or in part, by the First Amendment of the United

States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Vagueness)**

The FAC's claims are barred, in whole or in part, because BIPA's provisions and definitions are vague in violation of the United States Constitution and the Illinois Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Due Process)**

The FAC's claims are barred, in whole or in part, by the Due Process Clause of the United States Constitution, including because the disparity between the actual injury allegedly suffered by Plaintiff and/or the putative class members whom he purports to represent, on the one hand, and the potentially exorbitant statutory damages available under BIPA, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of BAM's due process rights.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Retention of Benefit Not Unjust)**

The FAC's claims are barred, in whole or in part, because BAM's retention of any benefit received from Plaintiff and/or the putative class members whom he purports to represent was not unjust.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(No Detriment)**

The FAC's claims are barred, in whole or in part, because Plaintiff and/or the putative class members whom he purports to represent did not suffer any detriment in connection with the allegations in the FAC.

### RESERVATION OF AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

The FAC does not allege sufficient facts to enable BAM to determine all of the defenses that might be available to it.  BAM expressly reserves the right to amend its Answer, including,

but not limited to, by asserting additional affirmative defenses or making claims or counterclaims for further relief, as discovery in this action shall warrant, or in the event of any change in the nature or scope of this lawsuit.

### **PRAYER FOR RELIEF**

WHEREFORE, BAM respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

A.  Enter judgment in favor of BAM on each and every claim asserted against BAM in the FAC;

B.  Award BAM the costs of defending this action, including but not limited to reasonable attorneys' fees, expert fees, and other costs; and

C.  Award BAM such other and further relief as the Court deems just and proper.

//

//

//

//

//

//

//

//

Dated:  April 18, 2023

Respectfully submitted

GOODWIN PROCTER, LLP

*/s/ Daniel Roeser*
Daniel Roeser (admitted *pro hac vice*)
*droeser@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813-8800
Fax: +1 212 355-3333

Brendan Blake (admitted *pro hac vice*)
*BBlake@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

Megan D. Bettles (admitted *pro hac vice*)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

*Attorneys for Defendant BAM Trading Services Inc.*

**CERTIFICATE OF SERVICE**

I, Daniel Roeser, an attorney, hereby certify that, on **April 18, 2023,** I caused a true and complete copy of the foregoing to be electronically filed via the Court's ECF system, which effected service on all counsel of record.


_____
*/s/ Daniel Roeser*
DANIEL ROESER