# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

|  |  |
|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US and JUMIO CORPORATION,<br><br>        Defendants. | Case No. 3:21-cv-01425-SPM<br><br>Hon. Stephan P. McGlynn |

## JUMIO CORPORATION'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Jumio Corporation ("Jumio"), by and through undersigned counsel, hereby answers and sets forth its affirmative defenses to the First Amended Class Action Complaint ("FAC") of Plaintiff Kamil Kuklinski ("Plaintiff"). All facts not specifically admitted are denied. For ease of reference, Jumio uses the section headings in the FAC, but specifically denies any and all allegations and inferences of wrongdoing that may be contained in those section headings.

## [PREAMBLE]

NOW COMES Plaintiff KAMIL KUKLINSKI, individually and on behalf of all others similarly situated, by and through his attorneys, FREEARK, DENNIS, MURPHY & MOSKOP, P.C. and upon personal knowledge as to facts known to Plaintiff and otherwise upon information and belief following investigation of counsel, alleges as follows against Defendants BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US and JUMIO CORPORATION:

**ANSWER:**   Jumio admits that Plaintiff attempts to bring this action individually and on behalf of a class of purportedly similarly-situated individuals, as alleged in Paragraph 48 of the FAC. Jumio denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure ("Rule") 23. Jumio admits that Plaintiff is represented by the aforementioned counsel, and that Plaintiff originally named as defendants the aforementioned entities—though Plaintiff's claims against Binance Capital Management Co., Ltd. were dismissed on April 4, 2023. Except as expressly admitted, Jumio denies the allegations in the preamble paragraph of the FAC.

## INTRODUCTION AND BACKGROUND

1.      Defendant Binance is a digital asset marketplace or cryptocurrency exchange which allows account holders using the company's platform to purchase over 500 different types of cryptocurrency. Binance was founded in 2017 by Changpeng Zhao. Binance is currently considered to be the world's largest cryptocurrency exchange by volume.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 1 and denies them on that basis.

2.      A uniform definition of "cryptocurrency" is lacking, but it is sometimes referred to as "digital assets," "digital tokens" or occasionally just "crypto." Cryptocurrency is not legal tender in the United States. It is not considered "money" or a "security" and the Board of Governors of the Federal Reserve System has not defined the purchase and sale of cryptocurrency as being such a financial activity under the Gramm-Leach-Bliley Act.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 2 and denies them on that basis. The allegations in Paragraph 2 also contain legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 2.

3.      On or about June 2019, and due to increasing U.S. regulatory requirements, Binance began ending trade for U.S. customers. On June 13, 2019, Binance announced a partnership with BAM Trading Services Inc. to launch trading services for users within the United States.

**ANSWER:**    Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 3 and denies them on that basis.

4.      Together Binance and BAM Trading Services Inc. launched "Binance.US" for U.S. citizens in September 2019. Leaked documents reported by news outlets have since suggested that the formulation of Binance.US was an attempt by Changpeng Zhao and Binance to avoid U.S. regulations. [FN 1] It has also been reported that Changpeng Zhao owns nearly 90% of Binance.US. [FN 2]

[FN 1]: Michael del Castillo, *Leaked 'Tai Chi' Document Reveals Binance's Elaborate Scheme to Evade Bitcoin Regulators*, FORBES (October 29, 2020), https://www.forbes.com/sites/michaeldelcastillo/2020/10/29/leaked-tai-chi-document-reveals-binances-elaborate-scheme-to-evade-bitcoin-regulators/?sh=28e9aed22a92 (last visited February 18, 2022).

[FN 2]: Emily Flitter, *The World's Biggest Crypto Exchange Still Lacks U.S. Footing*, THE NEW YORK TIMES (August 19, 2021), https://www.nytimes.com/2021/08/19/business/binance-cryptocurrency-exchange-ipo.html (last visited February 14, 2022).

**ANSWER:**    Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 4 and denies them on that basis. The content of the third-

party websites cited in footnotes 1 and 2 speaks for itself and requires no response.

5.      BAM Trading Services Inc. (hereafter "Binance.US") is a digital asset marketplace or cryptocurrency exchange which allows Illinois account holders using the company's platform to purchase various cryptocurrencies including, but not limited to, Bitcoin, Ethereum, Dogecoin, Chainlink, Cardano and many others.

**ANSWER:**    Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 5 and denies them on that basis.

6.      Binance and Binance.US collect fees and earn revenue for the purchase and sale of cryptocurrency by its account holders.

**ANSWER:**    Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 6 and denies them on that basis.

7.      In order to commence trading on the Binance.US exchange a user will typically download the application or "app" via Apple's App Store for iOS/iPadOS devices or via Google

Play for Android based devices. Users may also simply visit the Binance.US website to sign up with a desktop computer or PC.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 7 and denies them on that basis.

8.      Once the Binance.US app is downloaded or the website is visited, users must then create an account. To create an account, a user must first input personal and private information about their identity. Private information which is requested by Binance.US will typically include items such as the user's full name, address, social security number and birthdate. Only after the user's private information is submitted and the user's identity verified, will an account be created which allows the user to trade and purchase on the Binance.US exchange.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 8 and denies them on that basis.

9.      As part of its personal identity verification process the Binance.US website and mobile applications utilized the Jumio Corporation's (hereafter "Jumio") identity automation process. This process required in part, the taking of images of a user's driver's license or other state and federal photo identification and a "selfie" of the user to capture, analyze and compare biometric data of the user's facial features.

**ANSWER:**   Jumio admits that Binance.US has been a customer of Jumio's identity

verification product. Jumio admits that a customer using Jumio's identity verification product

may require the customer's users to upload a copy of their driver's license or other state and

federal photo identification document and a photo of their face. Paragraph 9 otherwise contains

legal conclusions to which no response is required. To the extent a further response is required,

Jumio denies Plaintiff's allegations in Paragraph 9.

10.     The apparent purpose of the identity verification process is to avoid fraudulent activity or unauthorized users from accessing the Binance.US exchange.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 10 and denies them on that basis.

11.     The collection and processing of a user's biometric data without proper notice and consent as required by the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS § 14/1 *et seq.* is unlawful.

**ANSWER:**     Plaintiff's allegations in Paragraph 11 contain legal conclusions to which

no response is required. The text of the Illinois Biometric Information Privacy Act ("BIPA")

speaks for itself. To the extent a further response is required, Jumio denies Plaintiff's allegations

in Paragraph 11.

12.     Except for surgery, there is no way to reassign someone's personal biometric data. A person can obtain a new social security number, but not new facial features for example, which makes the protection of, and control over, biometric data particularly important. This is especially true considering there is an increasing trend in the use of biometric information to obtain goods and services.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 12 and denies them on that basis.

13.     The State of Illinois takes the privacy of biometric data seriously. Illinois law requires companies such as Binance.US and Jumio to obtain written consent to collect and store biometric identifiers, such as the mapping of an individual's facial features, and the biometric information derived from it. Specifically, when these identifiers include a "scan of hand or face geometry." 740 ILCS 14/10.

**ANSWER:**     The allegations in Paragraph 13 contain legal conclusions to which no

response is required. The text of BIPA speaks for itself. To the extent a further response is

required, Jumio denies Plaintiff's allegations in Paragraph 13.

14.     Illinois law requires Binance.US and Jumio to 1) inform users that a biometric identifier or biometric information is being collected or stored, 2) informs them of the specific purpose and length or term for which a biometric identifier or information is being collected, stored and used, and 3) receives a written release executed by the user or subject of the biometric identifier or information.

**ANSWER:**     Plaintiff's allegations in Paragraph 14 contain legal conclusions to which

no response is required. To the extent a further response is required, Jumio denies the

allegations relating to Jumio in Paragraph 14. Jumio has insufficient knowledge or information

to admit or deny the remaining allegations in Paragraph 14 and denies them on that basis.

15.     Binance, Binance.US, and Jumio obtained biometric identifiers and information from users of the Binance.US exchange, including facial geometry data, without first notifying them, without disclosing the length for collection, storage and use of this information and without obtaining proper written consent- all of which constitute violations of the law under BIPA.

**ANSWER:**     Jumio denies Plaintiff's allegations in Paragraph 15 that relate to Jumio.

Jumio has insufficient knowledge or information to admit or deny the remaining allegations in

Paragraph 15 and denies them on that basis.

### PARTIES, JURISDICTION AND VENUE

16.     Plaintiff Kamil Kuklinski resides in Cook County, Illinois.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 16 and denies them on that basis.

17.     Binance is a foreign corporation which was initially founded in China in 2017, but later the company headquarters were moved to Japan. Due to the increasing regulations in Japan, Binance again relocated the company to Malta. However, Binance CEO Changpeng Zhao has publicly denied that Binance has a headquarters in Malta or the Cayman Islands and that the Binance company operates in a "decentralized manner." [FN 3] Despite these claims, and on information and belief, Binance conducts business operations under Binance Capital Management Co., Ltd. which is a registered entity in the British Virgin Islands.

[FN 3]: Samuel Haig, *Malta Regulator Clarifies Legal Status of Binance*, COIN TELEGRAPH (February 28, 2020), https://cointelegraph.com/news/malta-regulator-clarifies-legal-status-of-binance, (last visited February 18, 2022).

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 17 and denies them on that basis. The content of the third-

party website cited in footnote 3 speaks for itself and requires no response.

18.     BAM Trading Services Inc. d/b/a Binance.US is a foreign corporation headquartered in San Francisco, California and operates under the laws of the State of Delaware. The Binance.US online and/or mobile application is used to create an account for

Illinois residents to trade digital assets on the Binance.US exchange. Binance.US claims that it is "powered by matching engine and wallet technologies licensed from the world's largest cryptocurrency exchange, Binance." The Binance.US application and website prompted users and potential users to input personal information into the application for purposes of identity verification.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 18 and denies them on that basis.

19.   Jumio Corporation is a foreign corporation headquartered in Palo Alto, California and operates under the laws of the State of Delaware. The capture process for biometric identifiers and information integrated within the Binance.US application utilized technology which was leased, owned, issued, created or otherwise implemented by Jumio Corporation which is the subject of this lawsuit. The Binance.US application and/or website displayed "Powered by Jumio" during the identity verification process.

**ANSWER:**   Jumio admits that it is a Delaware corporation. Jumio also admits that it

was previously headquartered in Palo Alto, California and that it is now headquartered in

Sunnyvale, California. Jumio admits that Binance.US has been a customer of Jumio's identity

verification product. The remaining allegations in Paragraph 19 contain legal conclusions to

which no response is required. To the extent a further response is required, Jumio has

insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 19

and denies them on that basis.

20.   Each defendant acted as an aider, abettor and co-conspirator of the other defendant, or is obligated by law to be financially responsible for such conduct. In engaging in the conduct alleged herein, each defendant acted as the agent, employee, representative, partner or joint venture of the other defendant in the commission of the acts alleged herein, and acted within the course and scope of its duty as such agent, employee, representative, partner or joint venturer. The acts of each defendant were authorized or ratified by each other defendant, and together constitute a single and continuing course of conduct.

**ANSWER:**   Paragraph 20 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 20.

21.   Defendants have transacted business related to the matters complained of herein and have made or performed related contracts substantially connected with the State of Illinois.

**ANSWER:**     Paragraph 21 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 21.

22.     Per 735 ILCS 5/2-101, all defendants are nonresidents of the State of Illinois therefore an action may be commenced in any county.

**ANSWER:**     Jumio admits that it is a Delaware corporation. Jumio also admits that it was previously headquartered in Palo Alto, California and that it is now headquartered in Sunnyvale, California. Paragraph 22 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 22.

## FACTUAL ALLEGATIONS

23.     Since at least 2018, Binance has worked in conjunction or partnered with Jumio Corporation to verify the identities of users on its exchange using "Liveness Detection for Web" and other methods.

**ANSWER:**     No response is required because Defendant Binance has been dismissed from this action. To the extent further response is required, Jumio denies that Binance Capital Management Co., Ltd. has been a customer of Jumio, and has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 23 and denies them on that basis.

24.     Jumio also partnered with Binance.US and integrated their technology within the Binance.US mobile application. When creating a new account, users of the application would be prompted to take a photograph of their state or federal identification card followed by an additional prompt to take a unique type of "selfie" using the camera of their mobile, cellular or desktop device. This "selfie" would then be used to collect certain biometric identifiers and geometry of the user's facial features.

**ANSWER:**     Jumio admits that Binance.US has been a customer of Jumio's identity verification product. Jumio admits that a customer using Jumio's identity verification product may require users to upload a copy of their state or federal identification document and a photo

of their face. The remaining allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 24.

25.     The plaintiff Kamil Kuklinski (hereafter Kamil) and other Illinois users and account holders with Binance.US had their biometric data collected, recorded and stored to confirm their identities in order to trade on the cryptocurrency exchange.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 25 and denies them on that basis. Paragraph 25 also contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 25.

26.     On or about March 15, 2021, Kamil downloaded the Binance.US iPhone application and created an account while he was present in Cook County, Illinois.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 26 and denies them on that basis.

27.     During the account creation process, Kamil entered his personal information including his name, birthdate and home address.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 27 and denies them on that basis.

28.     During the account creation process, Kamil and other Class members were prompted to review and accept a "Self-Directed Custodial Account Agreement" for an entity known as Prime Trust, LLC which had no reference to the collection of any biometric data.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 28 and denies them on that basis.

29.     As part of the account creation and flow process, Kamil and other Class members were next prompted to take photographs of their driver's licenses. The user's camera was then activated. The text on the camera screen within the Binance.US application read "Scan Document," "Powered by Jumio," "Scan identity Card Front," and "Scan identity Card Back." Kamil and other Class members then submitted photographs of their driver's licenses.

**ANSWER:**     Jumio admits that a customer using Jumio's identity verification product may require the customer's users to upload a copy of their driver's license. Jumio has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 and denies them on that basis.

30.     After submitting photographs of their driver's licenses, Kamil and other Class members were prompted to take photographs of their face. The text prompts on the camera screen within the Binance.US application stated "Capture your face" and "Center your face in the frame and follow the on-screen instructions." At this time the user was not prompted with an option to return to a previous account creation stage. Once a user's face was close enough and positioned correctly within a provided oval shape, the screen would automatically flash and state "Scanning completed."

**ANSWER:**     Jumio admits that a customer using Jumio's identity verification product may require the customer's users to upload a photo of their face. Jumio has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 and denies them on that basis.

31.     The following screen briefly stated "Analyzing biometric data," "Uploading your documents" and "This should only take a couple of seconds, depending on your network connectivity."

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 31 and denies them on that basis.

32.     During the account creation process Kamil was not given proper notice from defendants that the images being taken with his iPhone would be used to capture and store his personal biometric data including facial geometry.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 32 and denies them on that basis. Paragraph 32 also contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 32.

33.     Prior to providing his facial images, Kamil was not informed in writing by defendants that his biometric data would be collected, or the specific purpose and length of time for which his biometric data was being collected, stored and used by Binance.US and Jumio.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 33 and denies them on that basis. Paragraph 33 also contains

legal conclusions to which no response is required. To the extent a further response is required,

Jumio denies Plaintiff's allegations in Paragraph 33.

34.     Kamil did not sign a proper written release under BIPA, implied or otherwise, regarding the collection of his biometric information by Binance.US and Jumio.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 34 and denies them on that basis. Paragraph 34 contains

legal conclusions to which no response is required. To the extent a further response is required,

Jumio denies Plaintiff's allegations in Paragraph 34.

35.     On or about May 25, 2021, the Binance.US Android and iOS/iPadOS applications were updated to version 2.4.5. These versions of the application included the following notification prior to activating the desktop or mobile camera device:

> **By clicking "Continue" you consent to Jumio collecting and disclosing your biometric data pursuant to its <u>Privacy Policy</u>**

**ANSWER:**     Any language or screenshots from the user flow of an application from a

third party speaks for itself and requires no response. Jumio otherwise has insufficient

knowledge or information to admit or deny the allegations in Paragraph 35 and denies them on

that basis.

36.     Prior versions or iterations of the Binance.US software or applications did not display the aforementioned warning and notice to all prospective Illinois users and/or account holders.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 36 and denies them on that basis.

37.     Jumio was referenced during the account creation and identity verification process with a phrase on the camera screen, written in small transparent font, which ambiguously stated "Powered by Jumio."

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 37 and denies them on that basis.

38.     Jumio describes its own biometric data authentication process in a video on its website:

> "Here's how Jumio authentication works: when a new online account is created, Jumio captures a photo of the user's valid, government-issued ID, and the user takes a quick selfie that Jumio uses to create a baseline, biometric template. Instantly, certified liveness detection analyzes the user's biometric template to prove they are a live person and not a spoof . . . . Now, any time the user needs to be authenticated, they simply take a selfie with the liveness check, generating a new biometric template that Jumio compares to the user's baseline template."[FN 4]

> [FN 4]: https://www.jumio.com/use-case/high-risk-transactions/ (last visited February 15, 2022).

**ANSWER:**     Any statement by Jumio on its website speaks for itself and requires no

response. Jumio otherwise admits that the quoted statement currently appears on its website at

the website provided in footnote 4. To the extent a further response is required, Jumio denies

Plaintiff's allegations in Paragraph 38.

39.     Illinois Binance.US users and account holders were not only made oblivious to how their biometric data was being collected and stored, but that Jumio was, in fact, a company that collected biometric data on behalf of Binance.US.

**ANSWER:**     Paragraph 39 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio has insufficient knowledge or information to

admit or deny Plaintiff's allegations in Paragraph 39 and denies them on that basis.

40.     Binance.US maintains a Terms of Use document on their website with a last known update of January 4, 2022. This Terms of Use document makes no mention of the collection of biometric data by its application or website. And in any event, Kamil and other Class members were not required to scroll through these Terms of Use during the account creation process and proper assent was not otherwise obtained.

**ANSWER:**   Paragraph 40 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 40 and denies them on that basis.

41.   Jumio maintains a Privacy Policy on their own website which makes reference to the collection of biometric data. Included within that policy, Jumio states that "Jumio makes the Services available to third parties for integration into those third parties' websites, applications, and online services."

**ANSWER:**   Any policy from Jumio on its website speaks for itself and requires no response. Jumio admits that it maintains a privacy notice on its website, the language of which has varied over time. Jumio admits that the quoted language appeared in a prior version of its privacy notice, but denies that the quoted language appears in the current version of Jumio's privacy notice, updated April 12, 2023. Paragraph 41 also contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 41.

42.   Jumio's Privacy Policy also states that "*to fully understand how your information will be handled when you use the Services, you must review not just this Policy, but also the privacy policy of the third party with whom you are dealing directly (the "Customer Data Controller").*"

**ANSWER:**   Any policy from Jumio on its website speaks for itself and requires no response. Jumio admits that it maintains a privacy notice on its website, the language of which has varied over time. Jumio admits that the quoted language appeared in a prior version of its privacy notice, but denies that the quoted language appears in the current version of Jumio's privacy notice, updated April 12, 2023.

43.   Binance.US maintains a Privacy Policy on their website with a last known update of July 7, 2021. This Privacy Policy makes no mention of the collection of biometric data by its application or website.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 43 and denies them on that basis.

44.   Binance, with assistance and control from or as an alter ego of Binance.US, collected Kamil's and other Illinois Binance.US users' biometric information and identifiers or is otherwise responsible for the collection of this biometric data.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 44 and denies them on that basis. Paragraph 44 also contains

legal conclusions to which no response is required.

45.   Binance maintains a Privacy Policy on their website with a last known update of December 4, 2020. This Privacy Policy makes only a one sentence reference to biometric data and fails to disclose the purpose or length of term for which the data is being collected, stored, and used.

**ANSWER:**   Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 45 and denies them on that basis. Paragraph 45 also contains

legal conclusions to which no response is required.

46.   Binance.US was a "Customer Data Controller" as identified within Jumio's Privacy Policy who failed to maintain a proper public privacy policy as required under BIPA and Illinois law.

**ANSWER:**   Jumio admits that Binance.US has been a customer of Jumio's identity

verification product. Paragraph 46 otherwise contains legal conclusions to which no response is

required.

47.   Jumio assisted in the capture and collection of the biometric data of Binance.US users and Jumio knew, or should have known, that Binance.US did not have a proper public Privacy Policy under BIPA.

**ANSWER:**   Paragraph 47 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 47.

## CLASS ALLEGATIONS

48.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and the following Illinois class:

> All Illinois users and account holders whose facial and biometric data have been collected by the Binance.US applications, software and website.

To be expressly excluded from the Class, by request or notice, are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action. [FN 5]

> [FN 5]: Plaintiff reserves the right to amend the class definition or allege subclasses.

**ANSWER:**     Jumio admits that Plaintiff attempts to bring this action individually and on behalf of a class of purportedly similarly situated individuals, as alleged in Paragraph 48 of the FAC. Jumio denies that the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, governs whether class certification is appropriate in this action. Jumio denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23. Except as expressly admitted, Jumio denies Plaintiff's allegations in Paragraph 48 and footnote 5.

49.     The Class is so numerous that joinder of all members is impracticable.

**ANSWER:**     Paragraph 49 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio has insufficient knowledge or information to admit or deny Plaintiff's allegations in Paragraph 49 and denies them on that basis. Jumio denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

50.     Questions of fact or law are common to the Class, predominate over any questions affecting only individual members, and frame issues for class-wide adjudication, including, by way of example, as follows:

a) Did Defendants have a practice of collecting or capturing Class members' biometric identifiers or information?

b) Did Defendants provide notice to users of its application and website that biometric identifiers or information was being collected?

c) Did Defendants provide notice to users of its application and website regarding the specific purpose for which biometric identifiers or information was being collected?

d) Did Defendants provide users of its application and website for what length of time their biometric identifier or information would be kept and stored?

e) Did Defendants receive a valid written release from users of the Binance.US application and website prior to obtaining any biometric identifiers or information?

f) Did Defendants share or distribute users' biometric data among themselves or other parties?

g) Did Jumio advise Binance.US to prepare and maintain a proper Privacy Policy under the Illinois Biometric Information Privacy Act?

h) Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(a)?

i) Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)1?

j) Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)2?

k) Did Defendants' conduct violate the Illinois Biometric Information Privacy Act, 740 ILCS § 14/15(b)3?

l) Have Defendants been unjustly enriched by their conduct?

**ANSWER:** Paragraph 50 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 50. Jumio also denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

51. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to said Class members.

**ANSWER:** Paragraph 51 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio has insufficient knowledge or information to

admit or deny Plaintiff's allegations in Paragraph 51 and denies them on that basis. Jumio

denies that any putative class is amenable to class certification or that Plaintiff can satisfy the

requirements of Rule 23.

52.     A class action provides a manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration and many members of the Class cannot feasibly vindicate their rights by individual suit because the monetary value of their recoveries are outweighed by the burden and expense of litigating against corporate Defendants.

**ANSWER:**     Paragraph 52 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 52.

Jumio also denies that any putative class is amenable to class certification or that Plaintiff can

satisfy the requirements of Rule 23.

## CAUSES OF ACTION

53.     The facts and following causes are pleaded individually and on behalf of others similarly situated, and in the alternative to the extent permitted or required by applicable law.

**ANSWER:**     Jumio admits that Plaintiff attempts to bring this action individually and

on behalf of a class of purportedly similarly-situated individuals, as alleged in Paragraph 48 of

the FAC. Jumio denies that any putative class is amenable to class certification or that Plaintiff

can satisfy the requirements of Rule 23. Except as expressly admitted, Jumio denies Plaintiff's

allegations in Paragraph 53.

## COUNT I

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Damages)
### (All Defendants)

54.     Plaintiff repeats and re-alleges the preceding paragraphs 1-53 as though fully set forth herein.

**ANSWER:**   Jumio incorporates its answers to Plaintiff's allegations in Paragraphs 1-53.

55.   The Illinois Biometric Information Privacy Act is a remedial statute designed to protect consumer privacy by requiring consent and disclosures associated with the handling of biometric identifiers and information, and particularly in the context of an individual's facial geometry. 740 ILCS § 14/5(g), 14/10.

**ANSWER:**   The allegations in Paragraph 55 contain legal conclusions to which no response is required. The text of BIPA speaks for itself. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 55.

56.   Codified in the statute is the Illinois Legislature's recognition of the importance of the public policy underpinning its enactment. E.g., 740 ILCS § 14/5(a), (c), (g).

**ANSWER:**   The allegations in Paragraph 56 contain legal conclusions to which no response is required. The text of BIPA speaks for itself. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 56.

57.   Defendants' acts and omissions, at relevant times, have occurred in the course of trade or commerce in the State of Illinois. Defendants are or have been a "private entity" in possession of Kamil's and other Class members' biometric identifiers and information, and they collected and captured the biometric identifiers and information within the meaning of the Act as set forth more fully above.

**ANSWER:**   Paragraph 57 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 57.

58.   As more fully set forth above, at relevant times Defendants recorded, collected, and stored Kamil's and other Class members' "biometric information", based on "biometric identifiers" used to identify them, through the use of facial scanning and mapping and as defined by the Illinois Biometric Information Privacy Act.

**ANSWER:**   Paragraph 58 contains legal conclusions to which no response is required. To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 58.

59.   Section 14/15(a) of the Illinois Biometric Information Privacy Act states:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

**ANSWER:**   The text of BIPA speaks for itself and no response is required.

60.   In violation of Section 14/15(a), Defendants failed to create a sufficient biometric data privacy policy and/or failed to identify its location to provide notice to users of their software and website prior to the collecting of the biometric data, verifying the identification of the user, and prior to the creation of the users' accounts.

**ANSWER:**   Paragraph 60 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 60.

61.   Section 14/15(b) of the Illinois Biometric Information Privacy Act states:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

**ANSWER:**   The text of BIPA speaks for itself and no response is required.

62.   In violation of Section 14/15(b), Defendants have collected, captured, stored or obtained Kamil's and other Class members' biometric identifiers and biometric information, without:

    i.    informing Plaintiff and the Class in writing that the biometric identifiers or biometric information were being collected or stored;

    ii.    informing Plaintiff and the Class in writing of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used;

iii.     receiving a written release executed by Plaintiff and the Class.

**ANSWER:**     Paragraph 62 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 62.

63.     Defendants scanned the facial geometry and facial biometric identifiers of Kamil and other Class members, and knowingly caused their biometric identifiers and information to be collected and stored, without first obtaining the required written consent, without making the required written disclosures, and without revealing or identifying a required policy that explains, for example, a retention schedule and provides guidelines for permanently destroying biometric identifiers and information.

**ANSWER:**     Paragraph 63 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 63.

64.     Defendants' conduct is negligent and reckless.

**ANSWER:**     Paragraph 64 contains legal conclusions to which no response is required.

To the extent a further response is required, Jumio denies Plaintiff's allegations in Paragraph 64.

65.     Defendants' conduct violated Plaintiff and the Class's rights under the Biometric Information Privacy Act, and they are entitled to the maximum applicable statutory damages provided under the Biometric Information Privacy Act.

**ANSWER:**     Jumio denies that Plaintiff and the individuals he purports to represent are

entitled to any relief in law, equity, or otherwise. Paragraph 65 otherwise contains legal

conclusions to which no response is required. To the extent a further response is required, Jumio

denies Plaintiff's allegations in Paragraph 65.

## COUNT II

### UNJUST ENRICHMENT
### (Binance and Binance.US)

66.     Plaintiff repeats and re-alleges the preceding allegations made in paragraphs 1-65 as though fully set forth herein.

**ANSWER:**     Jumio incorporates its answers to Plaintiff's allegations in Paragraphs 1-

65.

67.     Defendants Binance and Binance.US received monetary gain via payment of fees from its users and account holders for the purchase and transfer of digital assets and cryptocurrency.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 67 and denies them on that basis.

68.     Plaintiffs and Class members, to their detriment, have conferred benefits on Defendants Binance and Binance.US by creating accounts and using their software and exchange platform for purchases relating to digital assets.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 68 and denies them on that basis. Paragraph 68 also contains

legal conclusions to which no response is required. To the extent a further response is required,

Jumio denies Plaintiff's allegations in Paragraph 68.

69.     Defendants' retention of fees from sales and transfers to and for Plaintiff and the Class violates fundamental principles of justice, equity, and good conscience.

**ANSWER:**     Jumio has insufficient knowledge or information to admit or deny

Plaintiff's allegations in Paragraph 69 and denies them on that basis. Paragraph 69 also contains

legal conclusions to which no response is required. To the extent a further response is required,

Jumio denies Plaintiff's allegations in Paragraph 69.

70.     Accordingly, Plaintiff and the Class seek restitution of monies that Defendants Binance and Binance.US received from such purchases and transfers.

**ANSWER:**     Jumio admits that Plaintiff seeks the remedies described in Paragraph 70.

Jumio has insufficient knowledge or information to admit or deny that Plaintiff and the

individuals he purports to represent are entitled to any relief in law, equity, or otherwise with

respect to Defendant Binance.US and denies Plaintiff's allegations on that basis. To the extent

that Plaintiff seeks the remedies in Paragraph 70 with respect to Defendant Binance, no

response is required because Defendant Binance has been dismissed from this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a) Certify the Class, and designate Plaintiff as Class Representative and his counsel as Class counsel;

b) Find that Defendants have violated applicable law as set forth above;

c) Award damages to Plaintiff and the Class in the maximum amount allowable under applicable law, including without limitation statutory damages;

d) Award restitution of monies Defendants Binance and Binance.US received from the sales and transfer of digital assets to Plaintiff and Class.

e) Award reasonable attorney's fees and costs.

**ANSWER:**    Answering the prayer, Jumio denies that Plaintiff and the individuals he purports to represent are entitled to any relief in law, equity, or otherwise.

## PLAINTIFFS DEMAND TRIAL BY JURY

**ANSWER:**    Jumio admits that Plaintiff demands a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Jumio further responds to Plaintiff's FAC by alleging the following affirmative defenses.

### First Affirmative Defense
### (GLBA exception)

The claims are barred in whole or in part because Binance.US is a financial institution subject to Title V of the federal Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 *et seq.*, and the rules promulgated thereunder, and because to apply BIPA to Jumio in this case would be to unlawfully apply BIPA "in any manner" to Binance.US in violation of 740 ILCS 14/25(c).

### Second Affirmative Defense
**(Class Action Settlement)**

The claims are barred in whole or in part because they have been released pursuant to the class action settlement that received final approval on July 21, 2020, from the Circuit Court of Cook County, Illinois in *Prelipceanu v. Jumio*, Case. No. 2018-CH-15883.

### Third Affirmative Defense
**(Substantial Compliance)**

The claims are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged in the FAC (which Jumio denies), Jumio substantially complied with the requirements of BIPA. The purposes motivating BIPA's collection, use, and retention requirements are not implicated by Jumio's identity verification product and are satisfied by the information Jumio provides about its technology and the procedures it uses for obtaining consent from its customers' users. Upon information and belief, Plaintiff and the putative class members he purports to represent have suffered and will suffer no prejudice arising out of any alleged lack of strict compliance. Plaintiff and the putative class members he purports to represent accordingly are precluded from recovery based on the conduct alleged in the FAC.

### Fourth Affirmative Defense
**(Estoppel and Waiver)**

The claims are barred in whole or in part by the doctrines of estoppel and/or waiver. Upon information and belief, Plaintiff and the putative class members he purports to represent approved and, in some cases, participated in the conduct of which they now complain, specifically, by scanning their faces with a webcam or mobile device and uploading the scans. As a result, their claims are barred under the doctrines of estoppel and/or waiver.

### Fifth Affirmative Defense
### (Extraterritoriality)

The claims are barred in whole or in part because BIPA does not extend extraterritorially. BIPA does not apply outside Illinois because the Illinois legislature did not clearly state that it intended for BIPA to apply outside Illinois. Upon information and belief, the conduct alleged to violate BIPA in this case took place entirely or predominantly outside Illinois. Thus, the conduct alleged in the FAC is not governed by BIPA.

### Sixth Affirmative Defense
### (Dormant Commerce Clause)

The claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution. If the conduct alleged in the FAC qualifies as a violation of BIPA, then BIPA would have the practical effect of allowing Illinois law to regulate conduct occurring entirely outside of Illinois; BIPA would subject Jumio to inconsistent regulations; and BIPA would usurp the prerogative of other states to make their own policy choices.

### Seventh Affirmative Defense
### (Consent)

The claims are barred in whole or in part because Plaintiff and/or members of the putative class, or representatives with authority to act on their behalf, consented to the conduct alleged to violate BIPA.

Upon information and belief, Plaintiff and/or members of the putative class consented to the conduct alleged to violate BIPA through their conduct or otherwise, including (1) through their respective agreement(s) with Binance.US; and (2) through their conduct in connection with their use of Jumio's identity verification product.

In the alternative, Binance.US acted as Plaintiff's and/or the putative class members' legally authorized representatives and consented to the conduct alleged to violate BIPA.

### Eighth Affirmative Defense
**(Photograph Exception)**

The claims are barred in whole or in part because they fall within BIPA's photograph exception. The definition of "biometric identifiers" in BIPA excludes "photographs" and the definition of "biometric information" in BIPA excludes "information derived from items or procedures excluded under the definition of biometric identifiers." 740 ILCS 14/10. Because the claims are based in whole or in part on the alleged collection of biometric data from photographs uploaded by Plaintiff and members of the putative class, BIPA does not apply and the claims are therefore barred.

### Ninth Affirmative Defense
**(Choice of Law)**

The claims are barred in whole or in part because Plaintiff and/or members of the putative class agreed in their contractual agreements Binance.US or otherwise that the laws of states other than Illinois would govern the claims raised herein. Consequently, Plaintiff and/or putative class members are barred from bringing claims under any Illinois law, including BIPA.

### Tenth Affirmative Defense
**(Arbitration)**

The claims are barred in whole or in part because Plaintiff and/or members of the putative class agreed to arbitrate the claims asserted herein on an individual basis, through their contractual agreements with Binance.US or otherwise.

### Eleventh Affirmative Defense
**(Limitation of Liability)**

The claims are barred in whole or in part because Plaintiff and/or members of the putative class agreed to limitations of Jumio's liability for the claims asserted herein, either in their contractual agreements with Binance.US or otherwise.

**Twelfth Affirmative Defense**
**(Class Action Waiver)**

The claims are barred in whole or in part because Plaintiff and/or members of the putative class agreed to proceed with the claims asserted herein solely on an individual basis and not as a party to any class action or collective action or representative proceeding, either in their contractual agreements with Binance.US or otherwise.

**Thirteenth Affirmative Defense**
**(BIPA Does Not Apply to Service Providers)**

The claims are barred in whole or in part because Jumio is a service provider that collects and processes data on behalf of its customers, and BIPA does not apply to such service providers.

**Fourteenth Affirmative Defense**
**(Good Faith)**

The claims are barred in whole or in part by Jumio's good faith and its absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Jumio's conduct as alleged in the FAC, Jumio is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

**Fifteenth Affirmative Defense**
**(Absence of Standing)**

The claims may be barred in whole or in part because, under Article III of the United States Constitution, if the allegations of injury in the FAC are established to be without basis, Plaintiff and at least some of the putative class members lack standing to bring some or all of the claims asserted in the FAC.

### Sixteenth Affirmative Defense
### (Special Legislation)

BIPA violates the Illinois constitution because it is "special legislation." *See* Ill. Const., art. IV, § 13 (prohibiting a "special or local law when a general law is or can be made applicable"). For example, BIPA exempts contractors, subcontractors, and agents of state and local governments. 740 ILCS § 14/25 (e). It also effectively exempts healthcare providers who collect information "in a health care setting." 740 ILCS § 14/10. But the Illinois legislature is prohibited from designing a law "that discriminates in favor of a select group in an arbitrary manner." *Big Sky Excavating, Inc. v. Illinois Bell Tel. Co.*, 217 Ill. 2d 221, 235 (2005). The BIPA exemptions are arbitrary, and therefore the statute is unconstitutional special legislation.

### Seventeenth Affirmative Defense
### (First Amendment)

The claims are barred in whole or in part by the First Amendment of the United States Constitution. BIPA violates the First Amendment by unconstitutionally prohibiting Jumio from collecting, creating, and sharing information. BIPA is a content-based restriction on speech because it explicitly places restrictions on the collection or creation of some categories of personal information ("biometric identifiers" and "biometric information") that give rise to expression, but not others (e.g., writing samples, photographs, tattoo descriptions). 740 ILCS § 14/10. BIPA is a speaker-based restriction on speech because it burdens the speech of private entities but exempts other types of entities, such as the government and its contractors. *See, e.g.*, 740 ILCS § 14/25. BIPA fails strict scrutiny because it is not narrowly tailored to serve a compelling government interest. BIPA also fails intermediate scrutiny because it burdens the collection and analysis of information without a sufficiently important governmental interest.

### Eighteenth Affirmative Defense
**(Vagueness)**

The claims are barred in whole or in part because BIPA, including but not limited to the statute's definitions of "biometric identifiers," "biometric information," "collect," "obtain," and "possess" are vague in violation of the United States Constitution and the Illinois constitution.

### Nineteenth Affirmative Defense
**(Due Process)**

The claims for damages are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that he and the putative class members whom he purports to represent are each entitled to recover "the maximum applicable in statutory damages"— $1,000 for negligent conduct and $5,000 for reckless or intentional conduct—for each alleged violation of BIPA. 740 ILCS § 14/20 (1), (2). The disparity between the actual injury and damage allegedly suffered by Plaintiff and the putative class members, on one hand, and the potentially exorbitant statutory damages available under BIPA, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of Jumio's due process rights.

### Twentieth Affirmative Defense
**(Discretionary Damages)**

The claims for damages are barred in whole or in part because BIPA's liquidated damages provisions are discretionary, rather than mandatory, and Plaintiff's allegations provide no basis for the award of liquidated damages. Upon information and belief, Plaintiff and the individuals he seeks to represent have not suffered any injury or damage due to Jumio's alleged conduct, and awarding liquidated damages under such circumstances would be inappropriate and unjust.

### Twenty First Affirmative Defense
### (Not Aggrieved)

The claims are barred in whole or in part because Plaintiff and the putative class members are not "aggrieved" within the meaning of 740 ILCS § 14/20. Upon information and belief, Plaintiff and the putative class members have not suffered any actual injuries, injuries in fact, or any other injuries or harms to their distinct and personal legal interests. Accordingly, they are not "aggrieved" within the meaning of BIPA and may not seek relief under the statute.

### Twenty Second Affirmative Defense
### (Adequate Remedy at Law)

Plaintiff's claims for injunctive and equitable relief fail because Plaintiff has an adequate remedy at law.

### Twenty Third Affirmative Defense
### (Ratification and Acquiescence)

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the conduct of which they now complain, including by scanning their faces with a mobile device and uploading the scans, even after they knew or should have known of the conduct alleged in the Complaint. As a result, their claims are barred by the doctrines of ratification and acquiescence.

### RESERVATION OF AFFIRMATIVE DEFENSES

Jumio currently has insufficient knowledge or information upon which to form a belief about whether it may have additional affirmative defenses. Jumio hereby reserves the right to assert any such affirmative defenses.

## JUMIO'S PRAYER FOR RELIEF

WHEREFORE, Jumio prays for the following relief:

1.  That Plaintiff recovers nothing by reason of his First Amended Class Action Complaint, and that judgment be rendered in favor of Jumio;

2.  That Plaintiff be denied class certification;

3.  That Jumio be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

4.  For other such relief as the Court deems proper.

Dated:  April 19, 2023

Respectfully submitted,

**JUMIO CORPORATION**

By:  */s/ Susan D. Fahringer*
Susan D. Fahringer (ARDC No. 6331227)
One of its Attorneys

Susan D. Fahringer
SFahringer@perkinscoie.com
Nicola Menaldo, *admitted pro hac vice*
NMenaldo@perkinscoie.com
Anna M. Thompson, *admitted pro hac vice*
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8687
Facsimile:  206.359.9687

Debra R. Bernard (ARDC No. 6191217)
DBernard@perkinscoie.com
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone:  312.324.8400
Facsimile:  312.324.9400

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a copy of the foregoing was filed electronically and sent to all counsel of record by operation of the Court's ECF System.

_/s/ Susan D. Fahringer_