IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| KAMIL KUKLINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE CAPITAL MANAGEMENT CO., LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US and JUMIO CORPORATION,<br><br>Defendants. | Civil Action No. 3:21-cv-01425-SPM<br><br>Judge: Hon. Stephen P. McGlynn |

## AGREED CONFIDENTIALITY ORDER

Plaintiff Kamil Kuklinski and Defendants BAM Trading Services Inc. and Jumio Corporation (each individually "a Party" and both Plaintiff and Defendants collectively, "the Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Material as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Protected Material.** As used in this Order, "Protected Material" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" by the producing Party. Information or documents that are available to the public may not be designated as Protected Material. A producing Party may designate information as "CONFIDENTIAL" if it falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) medical information concerning any individual; (c) personal identity information; (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (e) personnel or employment records of a person who is not a Party to the case; or (f) information received in confidence from non-parties, or if the producing Party otherwise believes in good faith that the information is entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or applicable caselaw. A producing Party may designate information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it falls within one or more of the following categories: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the Party has maintained as confidential, including but not limited to pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, or employee information; or (c) other non-public information of similar competitive or business sensitivity.

    3.    **Designation**.

        (a)    A Party may designate a document as Protected Material for protection under this Order by placing or affixing the words "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Material. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(b)     Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file name information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material, or by using any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to this Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the native file and including the production number and designation associated with the native file.

(c) The designation of a document as Protected Material is a certification by an attorney or a Party appearing *pro se* that the document contains Protected Material as defined in this order.

4. **Depositions**. Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the following: No later than 30 days after the transcript is delivered to any Party or the witness, or in no event later than 60 days after the testimony was given. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. The court reporter shall be informed of this Order by the producing Party or, if counsel for the producing Party is not present at the deposition, the Party that seeks to use the Protected Material, and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped and a Party has designated testimony from that

deposition under the terms of this Order, the producing Party or, if counsel for the producing Party is not present at the deposition, the Party that seeks to use the Protected Material, shall notify the video technician that the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential/highly confidential – attorneys' eyes only testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Order in this matter or pursuant to written stipulation of the parties." Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to deposition testimony that is designated Protected Material, and thereafter deposition testimony identified in the Notice of Designation shall be protected by the terms of this Order.

    5. **Protection of Protected Material**.

        (a) **General Protections**. Protected Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than for prosecuting, defending,

attempting to settle, or obtaining settlement approval in this litigation, including any appeal thereof. In a putative class action, Protected Material may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) **Limitations**. Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own Protected Material for any purpose. Nothing in this Order shall be construed to prevent counsel for a Party to this action from advising that Party with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order. Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a receiving Party: (i) that is or has become publicly known through no fault of the receiving Party; (ii) that is lawfully acquired by or known to the receiving Party independent of the producing Party; (iii) previously produced, disclosed and/or provided by the producing Party to the receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the producing Party; or (v) pursuant to order of the Court.

(c) **Disclosure of Material Designated as "CONFIDENTIAL."** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Material designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review Protected Material:

1) **Counsel**. Counsel for the Parties and employees of counsel who have responsibility for the action;

2) **Parties**. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the Party's or the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3) **The Court and its personnel**;

4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) **Consultants and Experts**. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound. Witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Mock jurors**. Mock jurors who have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

9) **Mediator**. Any mediator who is assigned to hear this matter, and his or her staff, but only after such persons have completed the

          certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

10) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

11) **Others by Consent**. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(d) **Disclosure of Material Designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Material designed as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Protected Material:

1) **Counsel**. Counsel for the Parties and employees of counsel;

2) **The Court and its personnel**;

3) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

4) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

5) **Consultants and Experts**. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and

        Agreement to be Bound. Witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    7) **Mock jurors**. Mock jurors who have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

    8) **Mediator**. Any mediator who is assigned to hear this matter, and his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

    9) **Others by Consent**. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    (e) **Control of Documents**. Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, and the receiving Party shall exercise due and proper care with respect to the storage, maintenance, custody, use, disclosure, transmission and dissemination of Protected Material, whether in paper or electronic format, so as to limit its use and/or disclosure only to those persons and solely under the circumstances authorized by this Order, to protect the confidentiality of such information and to prevent the unauthorized use and/or disclosure of such information. If the receiving Party becomes aware of any use or disclosure of Protected Material not provided for in this Order, including any breaches or security incidents, the receiving Party must immediately (a) notify in

writing the producing Party of the unauthorized use or disclosure, (b) use its best efforts to mitigate, to the extent practicable, any unauthorized use and/or disclosure, (c) use its best efforts to retrieve all unauthorized copies of the protected material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (e) request that such person or persons execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document. The producing Party must notify all receiving Parties that such Protected Material is protected under one of the categories of this Order within 14 days of the producing Party learning of the inadvertent failure to designate. The producing Party shall reproduce the Protected Material with the correct designation within 7 days after its notification to the receiving Parties. If a Party designates a document as Protected Material after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Material.

7. **Inadvertent Unauthorized Disclosure**. In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use of Protected Material is made. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

8. **Filing of Protected Material**. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with the procedures set forth by the Court, the Local Rules of this District, the Federal Rules of Civil Procedure, and/or any other applicable rules.

9. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Protected Material**. The designation of any material or document as Protected Material is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A Party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the producing Party. In conferring, the challenging Party must explain in writing the basis for its belief that the designation was not proper and must give the producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The producing Party must respond to the challenge within 10 business days.

(b) **Judicial Intervention**. A Party that elects to challenge a designation may file and serve a motion that identifies the challenged Protected Material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the producing Party. Until the Court rules on the challenge, all Parties shall continue to treat the challenged Protected Material as Protected Material under the terms of this Order. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is

valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

11. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated as Protected Material shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Protected Material at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such Protected Material at trial.

13. **Protected Material Subpoenaed or Ordered to Be Produced in Other Litigation**.

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document, material or information designated in this action as Protected Material, the receiving Party must so notify the producing Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

(b) The receiving Party also must immediately inform in writing the party in the other litigation who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other litigation who caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the producing Party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. The producing Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving Party has in its possession, custody or control Protected Material produced by other Parties to this case.

14. **Challenges by Parties or Members of the Public to Sealing Orders**. A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal. The producing Party will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations at the Conclusion of Litigation**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject

to further appeal. The Court shall retain jurisdiction after final determination of this matter to hear and resolve any disputes arising out of this Order.

(b) **Obligations at the Conclusion of Litigation**. Within 90 days after dismissal or entry of final judgment not subject to further appeal, all Protected Material under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

(c) **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (2) documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Discovery from Experts or Consultants**. Consistent with Rule 26(b) of the Federal Rules of Civil Procedure, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable. Drafts, reports and materials exempt from discovery shall be treated as attorney work product for the purposes of this case and Order. Nothing in this Order alters the application of the attorney work product doctrine.

17. **Discovery Rules Remain Unchanged**. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this District, or the Court's own orders.

18. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing.

19. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Protected Material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

**DATED: August 8, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
